**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **PERSONALIZED MEDIA COMMUNICATIONS, LLC,** | |
| **Plaintiff,** | **Civil Action No. 2:19-cv-00090-JRG** |
| **v.** | **JURY TRIAL DEMANDED** |
| **GOOGLE LLC,** | **FILED UNDER SEAL** |
| **Defendant.** | |

## DEFENDANT GOOGLE LLC'S MOTION TO DISMISS FOR IMPROPER VENUE

# TABLE OF CONTENTS

**Page**

I.   STATEMENT OF ISSUES TO BE DECIDED ......................................................................2

II.  PROCEDURAL HISTORY & FACTUAL BACKGROUND.................................................2

III. VENUE IS NOT PROPER IN THIS DISTRICT ...................................................................3

    A.  Google Does Not Maintain a "Regular and Established Place of Business" in This
        District......................................................................................................................4

    B.  Because GGC Servers No Longer Serve Content From Within This District, PMC Also
        Cannot Allege Any Nexus Between the Alleged Acts of Infringement and Any Alleged
        Place of Business ....................................................................................................7

    C.  PMC Does Not Allege, Let Alone Show, That Any Acts of Infringement Occur in This
        District......................................................................................................................7

IV. AS AN ALTERNATIVE TO DISMISSAL, THIS CASE SHOULD BE TRANSFERRED
    TO THE NORTHERN DISTRICT OF CALIFORNIA .......................................................10

V.  CONCLUSION....................................................................................................................10

i

# **TABLE OF AUTHORITIES**

**Page**

## **Cases**

*Blackbird Technology LLC v. Cloudflare, Inc.*,
    No. 17-cv-283, 2017 WL 4543783 (D. Del. Oct. 11, 2017) ............................................... 9

*Herman v. Cataphora, Inc.*,
    730 F.3d 460 (5th Cir. 2013) ........................................................................................... 10

*In re Cray*
    871 F.3d 1355 (Fed. Cir. 2017)......................................................................................... 4

*In re Hoffmann-La Roche Inc.*,
    587 F.3d 1333 (Fed. Cir. 2009)....................................................................................... 10

*In re ZTE (USA) Inc.*,
    890 F.3d 1008 (Fed. Cir. 2018)......................................................................................... 3

*Jeffrey Galion, Inc. v. Joy Mfg. Co.*,
    323 F. Supp. 261 (N.D. W.Va. 1971) ............................................................................... 7

*Moran v. Smith*,
    No. 5:15-cv-1121, 2016 WL 4033268 (W.D. Tex. July 27, 2016)................................... 10

*NTP, Inc. v. Research in Motion, Ltd.*,
    418 F.3d 1282 (Fed. Cir. 2005)......................................................................................... 8

*Personal Audio, LLC v. Google, Inc.*,
    280 F.Supp.3d 922 (E.D. Tex. 2017) ............................................................................. 3, 6

*Roberts Dairy Co. v. United States*,
    530 F.2d 1342 (1976).......................................................................................................... 8

*Scaramucci v. FMC Corp.*,
    258 F. Supp. 598 (W.D. Okla. 1966) ................................................................................. 7

*SEVEN Networks, LLC v. Google LLC*,
    315 F.Supp.3d 933 (E.D. Tex. 2018) ..................................................................... 1, 2, 4, 7

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
    137 S. Ct. 1514 (2017)...................................................................................................... 3

*Uniloc 2017 LLC v. Google LLC*,
    No. 2:18-cv-504, Dkt. 20 (E.D. Tex. Apr. 26, 2019)........................................................ 6

## Statutes

28 U.S.C. § 1400(b) ................................................................................................................ 1, 3

28 U.S.C. § 1404(a) ................................................................................................................... 9

28 U.S.C. § 1406 .................................................................................................................... 2, 10

28 U.S.C. § 1406(a) ................................................................................................................... 10

On March 21, 2019, Plaintiff Personalized Media Communications, LLC ("PMC") filed its Complaint asserting six patents against Google.  PMC contends that venue in this District is proper based solely on its allegation that Google Global Cache (GGC) servers operate in the District, which this Court previously determined meets the requirements for venue under 28 U.S.C. § 1400(b) in *SEVEN Networks, LLC v. Google LLC,* 315 F.Supp.3d 933 (E.D. Tex. 2018).  But all of those GGC servers were taken out of service and ceased serving content on November 23, 2018—nearly four months before the filing of the Complaint.  Therefore, because there were no longer any GGC servers within this District serving content at the time of the Complaint, and because PMC alleges no other potential "regular and established place of business" of Google, the Complaint must be dismissed for improper venue.

However, even if PMC could identify a "regular and established place of business" of Google within this District (and it cannot), PMC also fails to plead facts that would show that any "acts of infringement" occur within this District.  All but four patent claims asserted in the Complaint are method claims that are not performed within this District, even if PMC's infringement allegations are taken as true, which they are not.  As for the four asserted non-method claims, PMC fails to provide any factual allegations of infringement, because it chose to limit its allegations to an asserted method claim from that patent.  Thus, venue is also improper due to a failure to allege any acts of infringement that occur within the District.

Finally, to the extent the Court declines to dismiss the Complaint outright for improper venue, the Court should transfer this case to the Northern District of California because that is a district where Google is properly subject to suit under the patent venue statute and is most likely where the relevant evidence and witnesses are located.

1

## I.      STATEMENT OF ISSUES TO BE DECIDED

1.    Should this case be dismissed due to improper venue, or in the alternative transferred

to the Northern District of California pursuant to 28 U.S.C. § 1406?

## II.     PROCEDURAL HISTORY & FACTUAL BACKGROUND

PMC filed its Complaint against Google on March 21, 2019.  Dkt. 1.  The Complaint
alleges infringement of six patents by YouTube, YouTube Premium, YouTube Movies & Shows,
and YouTube TV.  *Id.* at ¶ 51.  PMC contends that venue is proper in this District because
Google maintains GGC servers within this District that were held in the *SEVEN Networks* case to
satisfy the patent venue statute.  *Id.* at ¶¶ 27-29 (citing *SEVEN Networks, LLC v. Google, LLC*,
Case No. 2:17-cv-00442-JRG (E.D. Tex.) (Jul. 19, 2018)).  Relying on this Court's analysis in
*SEVEN Networks,* PMC alleges that:

- "[T]he GGC server itself and the place of the GGC server, both independently
  and together, meet the statutory requirement of a 'physical place.'"  *Id.* at ¶ 27;

- "GGC servers and their several locations within this District constitute 'regular
  and established places of business' within the meaning of the special patent
  venue statute."  *Id.* at ¶ 28;

- "The GGC servers and their locations within the various ISPs within this District
  are 'places of Google' sufficient to meet the statutory requirement of § 1400(b)."
  *Id.* at ¶ 29.

Aside from the GGC servers, PMC alleges no other "regular and established place of
business" of Google within the District and sets forth no other theory under which venue could
be proper in the Eastern District of Texas.

However, as explained in the attached Declaration of Keith McCallion, a Director in the Network Operations Group of Google LLC, on November 23, 2018, the GGC servers within this District "were 'drained,' which is a process used to take servers out of service.  The GGC servers in the Eastern District of Texas therefore are no longer used to serve Google content." Declaration of Keith McCallion ("McCallion Decl.) at ¶ 13.

Google is a limited liability company organized in Delaware.  Declaration of Patrick Orr ("Orr Decl.") at ¶ 5.  Google's headquarters and principal place of business are located in the Northern District of California.  Orr Decl. at ¶¶ 4, 6.  Google does not own or lease any office space, retail space or other real property in the Eastern District of Texas.  Declaration of Sallie Lim ("Lim Decl.") at ¶ 3.  Nor does Google have any offices or employees at offices in this District.  Orr Decl. at ¶ 7.

## III.     VENUE IS NOT PROPER IN THIS DISTRICT

In patent cases, venue is proper only "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  "[T]he Plaintiff bears the burden of establishing proper venue."  *In re ZTE (USA) Inc*., 890 F.3d 1008, 1013 (Fed. Cir. 2018).  In assessing venue under Section 1400(b), the Court must look to the facts that existed at the time the suit was filed. *Personal Audio, LLC v. Google, Inc.*, 280 F.Supp.3d 922, 932 (E.D. Tex. 2017).  PMC acknowledges that Google is organized in Delaware and has its principal place of business in the Northern District of California.  Dkt. 1 at ¶ 2.  Therefore, under *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1521 (2017), Google does not reside in this District for the purposes of the patent venue statute.  Recognizing this, PMC alleges instead that Google has a "regular and established place of business" and has committed acts of infringement in this

District.  But as demonstrated below, neither allegation is correct at the relevant time of when the Complaint was filed.

**A.    Google Does Not Maintain a "Regular and Established Place of Business" in This District**

Google does not have a "regular and established place of business" in this District because the GGC servers identified in the Complaint as the alleged "place of business" are no longer serving content to users and PMC does not identify any other presence that could be an alleged place of business.  Under the Federal Circuit's holding in *In re Cray*, in order for a defendant to have a regular and established place of business in a district: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant."  871 F.3d 1355, 1360 (Fed. Cir. 2017).

In alleging venue, PMC relies exclusively on this Court's determination in *SEVEN Networks* that GGC servers constitute a "regular and established place of business" for the purposes of the patent venue statute.  *See* Dkt. 1 at ¶¶ 11, 25, 27-29.  In *SEVEN Networks,* the Court determined that GGC servers present within the District constituted "physical places" that were "regular established" and "of Google's" such that venue was proper as to Google.  *SEVEN Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933, 947-966 (E.D. Tex. 2018).  In particular, the Court found that:

> [T]he GGC servers are best characterized as local data warehouses, storing information in local districts to provide Google's users with quick access to the cached data, avoiding the delays associated with distant data retrieval from Google Data Centers. This type of logistical positioning is commonplace for larger corporate interests, especially where prompt delivery is a core aspect of a business strategy. This is the case with Google. Holding that Google's business done at and through the GGC servers faithfully comports with the language of the statute; it is the logical result this Court has reached.

*Id.* at 960-61.

Google respectfully disagrees that GGC servers can be a "regular and established place of business," but, even assuming they can be, the facts underpinning the *SEVEN Networks* decision are no longer true. As set forth in the attached McCallion Declaration, the GGC servers within this District ceased serving content on November 23, 2018. McCallion Decl. at ¶ 13. As these GGC servers no longer serve content to users, and therefore no longer conduct the "business" that formed the basis of the venue ruling in *SEVEN Networks*, those servers can no longer serve as "regular and established place[s] of business" within the District. And because PMC does not identify any other alleged regular and established place of business of Google within the District, venue is improper.

In the Complaint, PMC includes certain allegations that it contends show that GGC servers are operating within the District, but those allegations are irrelevant and prove nothing. For example, PMC provides an ***undated*** image from https://peering.google.com/#/infrastructure that shows GGC locations on a map of Texas. Dkt. 1 at ¶ 18. But whatever information that image in the Complaint might provide regarding the earlier operation of GGC servers, Keith McCallion, a Director in the Network Operations Group of Google, LLC, provides reliable and conclusive testimony that there were no GGC servers operating in the District for several months preceding the March 21, 2019 filing of the Complaint. McCallion Decl. at ¶ 13. Notably, the image at the same URL source now shows zero GGC locations in this District. *See* https://peering.google.com/#/infrastructure (retrieved June 6, 2019).

Likewise, PMC alleges that "Google hosts [] video content on a server named 'r1---sn-n0qqxoapo3-jaal.googlevideo.com.'" Dkt. 1 at ¶ 16. PMC further makes the conclusory, and incorrect, allegation (without citation to any evidence or testimony) that "the physical location

5

associated with that IP address [of that server] is in Tyler, Texas." *Id*. But here too, the declaration of Keith McCallion provides reliable and conclusive testimony that there were no GGC servers serving content in Tyler, Texas (or anywhere else in the District) after November 23, 2018. McCallion Decl. at ¶¶ 13, 15. Moreover, the server referred to as "sn-n0qqxoapo3-jaal" is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Finally, out of an abundance of caution, Google respectfully maintains its objections to the Court's determination in *SEVEN Networks* that GGC servers possessed, at any time, the necessary characteristics to constitute a "regular and established place of business" for the purposes of 28 U.S.C. § 1400(b). Google has consistently shown that the GGC servers (and the racks that hold them) are neither "places of business" nor "physical places" under the test set forth in *In re Cray*. *See e.g., Personal Audio, LLC v. Google Inc.,* 280 F. Supp. 3d 922, 933-35 (E.D. Tex. 2017); *Uniloc 2017 LLC v. Google LLC,* No. 2:18-cv-504, Dkt. 20, at *15-19 (E.D. Tex. Apr. 26, 2019); *see also* McCallion Decl. at ¶¶ 9-13. Nor are the GGC servers "regular and established" given that ISPs have exclusive control over their initial deployment and house only transitory data. *Uniloc 2017,* Dkt. 20, at *19-20; *see also* McCallion Decl. at ¶¶ 5, 9-12. And the GGC servers are also not "places of Google" given that they are housed in ISP facilities to which Google has no access and which Google does not advertise as its place of business. *Personal Audio,* 280 F. Supp. 3d at 934-35; *Uniloc 2017,* Dkt. 20 at *20-21; *see also* McCallion Decl. at ¶¶ 9-12.

**B.     Because GGC Servers No Longer Serve Content From Within This District, PMC Also Cannot Allege Any Nexus Between the Alleged Acts of Infringement and Any Alleged Place of Business**

Additionally, because there are no longer any GGC servers in this District serving content to users, there is no nexus between any regular and established place of business in this District and the alleged acts of infringement.  As other courts have found, in order for venue to be proper under Section 1400(b), "there must be some reasonable or significant relationship between the accused item and any regular and established place of business of the accused in the judicial district." *Scaramucci v. FMC Corp.,* 258 F. Supp. 598, 602 (W.D. Okla. 1966); *see also Jeffrey Galion, Inc. v. Joy Mfg. Co.,* 323 F. Supp. 261, 266-67 (N.D. W.Va. 1971).  But as explained above and in the accompanying McCallion Declaration, there are no GGC servers within this District serving content to users.  Because of this, it is impossible for there to be any relationship between the alleged acts of infringement and any alleged place of business, which constitutes an additional reason for dismissal.[1]

**C.     PMC Does Not Allege, Let Alone Show, That Any Acts of Infringement Occur in This District**

In addition to its failure to show that Google has a regular and established place of business within the District, PMC also does not allege that any acts of infringement have occurred within this District.  *Compare* Dkt. 1 at ¶ 30 (alleging only that "infringement … is substantially related to" Google's alleged "regular and established places of business.")  For example, PMC alleges that Google infringes claim 7 of U.S. Patent No. 7,865,920 ("the '920 patent") which is a method claim requiring "one or more programming origination stations, a

---

[1]   While Google recognizes and acknowledges that the Court previously rejected this argument in *SEVEN Networks*, Google respectfully seeks to preserve it here to avoid any potential waiver dispute.

plurality of intermediate transmission stations, and a plurality of subscriber stations." Dkt. 1 at ¶ 71. While the allegations do not clearly identify how or where the accused steps are allegedly performed, PMC appears to be alleging that the Google's "Core Data Centers and edge node infrastructure" are the accused "programming origination stations," "intermediate transmission stations" and/or "subscriber stations." *Id.* But PMC does not allege that Google maintains any Core Data Centers or Edge Points of Presence in this District, and there are no GGC servers within this District that serve content to users. McCallion Decl. at ¶¶ 3, 4, 13. Thus, because PMC does not allege (and cannot allege) that these elements are performed within the District, it is impossible for PMC to show that any act of infringement occurs within this District. This same problem is present across the remaining asserted patents. *See* Dkt. 1 at ¶¶ 60-61 (alleging infringement of method claim 1 of U.S. Patent No. 7,747,217 without identifying location where steps are performed); 66-67, 76-77, 81-82, 87-88 (allegations for other method claims without identifying location where steps are performed).

Both the Supreme Court and the Federal Circuit have long held that "a patent for a method or process is not infringed unless all steps or stages of the claimed process are utilized." *Roberts Dairy Co. v. United States*, 530 F.2d 1342, 1354 (1976); *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005) (quoting *Roberts Dairy* and holding that prohibition on extraterritoriality barred finding of infringement where certain steps of method claim occurred outside of the United States). Thus, because even based on the allegations set forth in the Complaint, not all steps are performed within this District, it cannot be said that any "acts of infringement" occur within this District.[2]

---

[2]   The only non-method claims asserted in the Complaint are claims 12, 17-19 from the '920 patent, which are device claims. Dkt. 1 at ¶ 71. PMC fails to provide any factual allegations of infringement for these claims, choosing instead to limit its allegations to asserted method claim 7 from that patent. But in any event,  these claims are directed to "an intermediate transmission

Google recognizes and appreciates that this Court rejected a similar argument in *SEVEN Networks*.  However, the Court's order in *SEVEN Networks* relied heavily upon the decision in *Blackbird Technology LLC v. Cloudflare, Inc.*, No. 17-cv-283, 2017 WL 4543783 (D. Del. Oct. 11, 2017), which Google respectfully submits is inapposite.  In *Blackbird*, the plaintiff opposed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) by arguing that the case could not have been filed in the proposed transferee district because the defendant allegedly did not practice the claimed method in the transferee district.  *Blackbird*, 2017 WL 4543783, at *4.  The *Blackbird* court rejected this argument, however, because it held that "not *all* of the alleged infringing activity needs to have occurred within California so long as some act of infringement took place there." *Id.* (emphasis in original).  In particular, the *Blackbird* court noted that "the 'making' of the alleged infringing technology occurred in California" and that this "making" itself constituted an act of infringement that occurred entirely within the proposed transferee district. *Id.*  Google respectfully submits that the *Blackbird* court did not hold that venue would be proper in a district where *no* complete act of infringement occurred—rather the *Blackbird* court simply held that not all acts of infringement need be in the same district.  Put differently, so long as one complete "act of infringement" occurred within the district, the *Blackbird* court found that venue would be proper in that district even if other acts of infringement occurred outside of the district.  For these reasons, Google respectfully submits that the *Blackbird* decision does not foreclose this argument.

---

station" as recited in claim 7.   Dkt. 1-5 & 1-6, Ex. C ('920 Patent) at 289:31-290:44.  Accordingly, to the extent it may be inferred that PMC would identify the above-referenced Google's "Core Data Centers and edge node infrastructure" as the accused devices, PMC does not allege that Google maintains any Core Data Centers or Edge Points of Presence in this District, and again there are no GGC servers within this District that serve content to users.  McCallion Decl. at ¶¶ 3, 4, 13.

Thus, venue is also improper due to a failure to allege any acts of infringement that occur within the District.

## IV.  AS AN ALTERNATIVE TO DISMISSAL, THIS CASE SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA

Where venue is improper, as it is here, 28 U.S.C. § 1406(a) provides that the Court "shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Should the Court determine that it is in the interest of justice to transfer this case rather than dismissing it outright, Google respectfully requests that the Court transfer the case to the Northern District of California "because 'witnesses, evidence, the underlying events, and [the defendant] are based there.'"  *See Moran v. Smith*, No. 5:15-cv-1121, 2016 WL 4033268, at *2 (W.D. Tex. July 27, 2016) (quoting *Herman v. Cataphora, Inc*., 730 F.3d 460, 466 (5th Cir. 2013)).  Specifically, (1) this case could have been brought in the Northern District of California as Google has a "regular and established place of business" in Northern California, where it is headquartered; (2) almost all the relevant evidence and witnesses are in California, including potentially relevant Google employees; and (3) the lawsuit "call[s] into question the work and reputation" of Google and its employees that conduct business in the community, which gives the Northern District of California a unique interest.  *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009).

## V.  CONCLUSION

For at least the foregoing reasons, Google respectfully requests that the Court dismiss the Complaint with prejudice.  Alternatively, Google respectfully requests that the Court transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1406.

Dated: June 6, 2019

Respectfully submitted,

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
David A. Perlson
davidperlson@quinnemanuel.com
Carl G. Anderson
carlanderson@quinnemanuel.com
Felipe Corredor
felipecorredor@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700

Mark Tung
marktung@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel : 650-801-5000
Fax: 650-801-5100

Nima Hefazi (*pro hac vice*)
nimahefazi@quinnemanuel.com
Miles D. Freeman
milesfreeman@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100

James Mark Mann
mark@themannfirm.com
Gregory Blake Thompson
blake@themannfirm.com
MANN TINDEL & THOMPSON
300 W. Main
Henderson, TX 75652
Tel: 903-657-8540
Fax: 903-657-6003

*Attorneys for Google LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via email on June 6, 2019.

<u>*/s/ Charles K. Verhoeven*</u>
Charles K. Verhoeven

## <u>CERTIFICATE OF FILING OF MOTION TO SEAL</u>

The undersigned hereby certifies that pursuant to Local Rule CV-5(a)(7)(A) a motion to seal is being filed concurrently herewith.

<u>*/s/ Charles K. Verhoeven*</u>
Charles K. Verhoeven