# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC, | |
| Plaintiff, | Civil Action No. 2:19-cv-00090-JRG |
| v. | **JURY TRIAL DEMANDED** |
| GOOGLE LLC, | |
| Defendant. | |

## <u>DECLARATION OF KEITH MCCALLION IN SUPPORT OF DEFENDANT GOOGLE LLC'S MOTION TO DISMISS FOR IMPROPER VENUE</u>

I, Keith McCallion, declare and state as follows:

1. I am a Director in the Network Operations group at Google LLC ("Google"). I work at Google's offices in Sunnyvale, California. I have been a Google employee since June 20, 2011.

2. I provide this declaration in support of Google's Motion to Dismiss for Improper Venue. I submit this declaration based on my personal knowledge and current understanding of the facts discussed herein, as informed by my experience in Google's Network Operations group.

3. Google Global Cache ("GGC") servers are part of a tiered network that Google developed to deliver content to Internet users. The core of this tiered network is Google's data centers, which provide computation and backend storage. Google has a handful of data centers in the United States, none of which are in Texas.

4. The next tier of Google's network infrastructure is known as Edge Points of Presence ("PoPs"), which connect Google's network to the rest of the Internet and cache certain Google data. Google has no PoPs in the Eastern District of Texas.

5. The last tier of the network are the GGC servers, which are also sometimes referred to as "edge nodes." GGC servers are used to temporarily cache static data, such as portions of YouTube videos. GGC servers cannot operate independently of a Google data center and GGC servers are not necessary for the delivery of Google content.

6. GGC servers are standard servers manufactured by a third party, which are hosted by Internet Service Providers ("ISPs") in physical locations owned by the ISPs, not by Google. If an ISP chooses to host a GGC server, then a copy of certain digital data that is popular with the ISP's subscribers can be temporarily stored or "cached" on that GGC server. This allows that data to be provided to the ISP's subscribers without the need to fetch the data from outside the ISP's network and use up medium or long-haul network capacity to do so.

1

7.  The GGC servers previously hosted by ISPs in the Eastern District of Texas represented a fraction of one percent of Google's total serving capacity in the U.S.

8.  I am not aware of any Google employees installing, physically maintaining or accessing GGC servers that were in the Eastern District of Texas at any point.

9.  Google's standard process for GGC servers is that the ISPs have control over where to locate the GGC servers, and the ISPs are responsible for physically installing them.  GGC servers are off-the-shelf computers that are manufactured by third party computer manufacturers and are also typically shipped to the ISPs by third parties.  After receiving the GGC servers, the ISP unpacks, locates, installs, and hosts them in its own facility.

10. Google does not own, lease or control the space where the GGC servers are kept.  Google does not have rights to physically access the spaces in which the GGC servers are stored while its service agreements with the ISPs are in force.  No Google employee has ever seen or visited the servers in the Eastern District of Texas.

11. Google has a contractual relationship with the ISPs in connection with the GGC servers, and Google provides remote support for the GGC servers.  Google's remote support is provided from various locations, but none of those locations are within Texas.  The contracts also permit the ISPs to move the servers to different locations, after securing Google's consent, without terminating the agreement.

12. The contracts, which are called Service Agreements, also say that an ISP will "provide" "rack space" for the equipment that is located "in the Host's" facilities, as well as power, network interfaces and IP addresses for the GGC servers.  Google does not have physical access to the rooms holding the racks and servers and does not have a key to the Host's facilities.  The contracts can be terminated "at any time" for the "convenience" of either party. The contracts

only grant Google access to the Host's facilities if the agreement is terminated and the ISP fails to deliver the servers to Google.  In that case, Google may "enter any premises of Host where such equipment is located during normal working hours."

13. On November 23, 2018, the GGC servers located in the Eastern District of Texas were "drained," which is a process used to take servers out of service.  The GGC servers in the Eastern District of Texas therefore are no longer used to serve Google content.  After the GGC servers were drained, there was no interruption in the delivery of Google content to users.  Since November 23, 2018, the GGC servers have not served content to Google's users and have not provided Google's users with access to cached data.

14. I understand that Plaintiff Personalized Media Communications, LLC alleged in its complaint that:

> web traffic analysis indicates that, when streaming certain YouTube video content from the District, Google hosts that video content on a server named "r1---sn-n0qqxoapo3-jaal.googlevideo.com." The IP address associated with that server is 208.180.168.44, and the physical location associated with that IP address is in Tyler, Texas, which is in this District. Indeed, packet tracing software indicates that the client computer requesting the relevant video content is connected to the server described above.

15. While I am unaware of what "web traffic analysis" was performed, or the date(s) on which it was performed, the server referred to as "sn-n0qqxoapo3-jaal" is ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

3

I declare under penalty of perjury that the foregoing is true and correct.  Executed on June  6  , 2019 in Sunnyvale, CA.


Keith McCallion