# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC<br><br>Plaintiff,<br><br>v. | |
| GOOGLE LLC. | Case No. 2:19-cv-90-JRG<br>LEAD CASE |
| AKAMAI TECHNOLOGIES, INC. | Case No. 2:19-cv-89-JRG |
| NETFLIX, INC.<br><br>Defendants. | Case No. 2:19-cv-91-JRG |

## [PROPOSED] PROTECTIVE ORDER

WHEREAS, Plaintiff Personalized Media Communications, LLC ("PMC") and Defendant

Google LLC, Akamai Technologies, Inc., and Netflix, Inc. (each a "Defendant" and collectively

"Defendants") (Plaintiff and each Defendant a "Party" and collectively, the "Parties") believe that

certain information that is or will be encompassed by discovery demands by the Parties involves

the production or disclosure of trade secrets, confidential business information, or other

proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with

Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part,

any document, information or material that constitutes or includes, in whole or in part,

confidential or proprietary information or trade secrets of the Party or a Third Party to whom

the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").   Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL."  The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts and natively produced documents) for which such protection is sought.  For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."   For natively produced Protected Material, the appropriate designation shall be placed in the filename of each such natively produced document.

2. Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.   All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.      A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time.   Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.      "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

(a)      outside counsel of record in this Action[2] for the Parties;

(b)      employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)      up to one in-house counsel for the Parties who is a member in good standing of at least one state bar and has responsibility for making decisions dealing directly with the litigation of this Action;

(d)      outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action;[3] (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.[4] The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;[5]

---

[2] As used herein, "this Action" means Case Nos. 2:19-cv-89-JRG, 2:19-cv-90-JRG, and 2:19-cv-91-JRG.

[3] For avoidance of doubt, an independent expert or consultant retained (as opposed to employed) by a Party on another litigation would not be precluded under this section.

[4] For any such person, the curriculum vitae shall identify his/her (i) current employer(s), (ii) each person or entity from whom s/he has received compensation or funding for work in his or her areas of expertise or to whom the s/he has provided professional services, including in connection with a litigation, at any time during the preceding seven years; (iii) (by name and number of the case, filing date, and location of court) any litigation in connection with which the s/he has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. If such consultant or expert believes any of this information is subject to a confidentiality obligation to a third-party, then the s/he should provide whatever information can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose Protected Material to the consultant or expert shall be available to meet and confer with the designating Party regarding any such engagement.

[5] A party who has not previously objected to disclosure of Protected Material to an expert or whose objection has been resolved with respect to previously produced Protected Material shall not be precluded from raising an objection to an expert at a later time if new information about that expert is disclosed or discovered.

(e)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(f)     the Court and its personnel.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information or material produced in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL (i) shall be used only for prosecuting, defending, or attempting to settle this Action; (ii) shall not be used for any other purpose, in connection with any other legal or administrative proceeding, including but not limited to any proceeding at the U.S. Patent and Trademark Office (or any similar agency of a foreign government), or directly or indirectly for any other purpose whatsoever; and (iii) shall not be  disclosed to any person who is not entitled to receive such Protected Material as herein provided.  All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Material, and any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.    To the extent a producing Party believes in good faith that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED - ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes or substantially reveals computer source code[6] and/or live data (that is, data as it exists residing in a database or databases) , the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE" ("Source Code Material").

9.    For Protected Material designated RESTRICTED - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (d-f).

10.    For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)    Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) in a secured locked room. The stand-alone computer(s) may be connected to a printer. The stand-alone computer(s) may only be located within the United States at the offices of the producing Party's outside counsel. The stand-alone computer(s) shall have disk encryption and be password protected. Except as otherwise provided, use or possession of any input/output device (*e.g.,* USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive,

---

[6] "Source code" means computer code, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs. Source code includes software, source code, executable code, object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code. For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code. All persons entering the locked room containing the stand-alone computer(s) must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the stand-alone computer(s).  The producing Party may periodically "check in" on the activities of the receiving Party's representatives during any stand-alone computer review and may visually monitor the activities of the receiving Party's representatives from outside the room in which the stand-alone computer(s) is located, but only to ensure that no unauthorized electronic records of the Source Code Material and no information concerning the Source Code Material are being created or transmitted in any way. The producing Party may not record (visually, audibly or by other means) the activities of the receiving Party's representatives;

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e)     Access to Source Code Material shall be limited to outside counsel and up to three (4) outside consultants or experts per defendant[7] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above.

(f)     To the extent portions of Source Code Material are quoted in an electronic copy or image of a document which, pursuant to the Court's rules, procedures, or order, must be filed or served ("Source Code Document"), either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted   Source

---

[7] For the purposes of this paragraph, an outside consultant or expert does not include the outside consultant's or expert's direct reports and other support personnel.

Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g)     Except as set forth in this paragraph, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party.  The receiving Party may create an electronic copy or image of limited excerpts of Source Code Material only to the extent necessary to create Source Code Documents, or any drafts of these documents[8].  The receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code Material is used.  Images or copies of Source Code Material shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The receiving Party may create an electronic image of a selected portion of the Source Code Material only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection.  The communication and/or disclosure of electronic files containing any portion of Source Code Material shall at all times be limited to individuals who are authorized to see Source Code Material under the provisions of this Protective Order.  Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE."  If Source Code Documents are filed with the Court, they must be filed under seal in accordance with the Court's rules, procedures and orders;

(h)     No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "RESTRICTED CONFIDENTIAL SOURCE CODE" material, except that the Receiving Party may request paper copies ("Source Code Printouts") of limited portions of the Source Code Material, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. In no event may the receiving Party print more than 40 consecutive pages, or an aggregate total of more than 1000 pages, of source code per defendant during the duration of the case without prior written approval by the producing Party. The receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (a) in the first instance. Within 5 business days or such additional time as necessary due to volume requested, the Producing Party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "RESTRICTED CONFIDENTIAL SOURCE CODE" unless objected to as discussed below.  At the inspecting Party's request, up to two additional sets (or subsets) of printed source code may be requested and provided by the producing Party in a timely fashion. Even if within the limits described, the producing Party may challenge the amount of source code requested in hard copy form or whether the source code requested in hard copy form is reasonably necessary to any case

---

[8] Drafts shall only include those excerpts the Receiving Party believes will be included in the final version.

preparation activity pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 20 whereby the producing Party is the "requesting Party" and the receiving Party is the "designating Party" for purposes of dispute resolution. Contested Source Code Printouts do not need to be produced to the receiving Party until the matter is resolved by the Court;

(i)     If the receiving Party's outside counsel, consultants, or experts obtain printouts of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts to a Court proceeding or deposition);

(j)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code Material may only be transported electronically as is reasonably necessary for filing any Source Code material with the Court. Notwithstanding anything else in this Protective Order, the Parties may make electronic copies, and send by electronic mail, copies of Source Code Documents, and any notes taken during Source Code review pursuant to subparagraph (k) below, as part of their preparation of draft pleadings and/or expert reports in this case, provided that any such documents sent by electronic mail are sent in a password-protect file, with the password sent via separate electronic mail;

(k)     The Receiving Party shall be entitled to take notes (electronic or non-electronic) relating to the Source Code but may not copy the Source Code into such notes. To the extent the Receiving Party desires to take notes electronically, the Producing Party shall provide a note-taking computer (e.g., a computer, which is distinct from the standalone computer, that is not linked to any network, including a local area network ("LAN"), an intranet or the Internet, and has image making functionality of any type disabled, including but not limited to camera or video functionality) ("note-taking computer") with a current, widely used word processing program in the Source Code review room for the Receiving Party's use in taking such notes. The "note-taking computer" shall be used for the sole purpose of note-taking and shall be retained by the Producing Party. Such notes

9

shall be downloaded to a removable disk or drive for the Receiving Party to retain, and the computer cleared of such notes. The laptop computer shall have no features which would hinder the complete clearing of the Receiving Party's notes after such notes have been downloaded. Any such notes shall not include copies or reproductions of portions of the source code; however, the notes may contain filenames, directory names, module names, class names, parameter names, variable names, function names, method names, or procedure names. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.  No notes shall be made or stored on the inspection computer, or left behind at the site where the inspection computer is made available, and any such notes shall be deleted or destroyed by the producing Party, without reviewing the substance of the notes, upon discovery. Notwithstanding the foregoing, any such notes shall be stamped and treated as "RESTRICTED CONFIDENTIAL SOURCE CODE."  The log of such notes need not be produced to any other party absent Court Order (e.g. potentially in connection with a Protective Order violation motion);

(l)      Each Producing Party May designate one individual who is counsel of record for that Producing Party to examine a source code reviewer's notes ("Source Code Notes") at the end of each review day ("Notes Examiner"). The Notes Examiner may not have any other involvement with this matter or any parallel proceedings such as *inter partes* review or post-grant proceedings, and may examine Source Code Notes solely for the purpose of determining compliance with this protective order. The Notes Examiner may not discuss any aspect of the Source Code Notes with the Producing Party, or any affiliate or representative of the Producing Party, save to disclose the Notes Examiner's belief that a violation of the protective order has occurred and the basis for that belief. To the extent the Producing Party claims a violation of the protective order arising from the Notes Examiner's review of Source Code Notes, the Producing Party shall not have an automatic right to production or receipt of Source Code Notes, but may request in camera inspection of the Source Code Notes by the Court for a determination of whether a protective order violation has occurred and for appropriate relief, in the Court's discretion;

(m)     A list of names of persons who will review Source Code Material on the stand-alone computer(s) will be provided to the producing Party in conjunction with any written (including email) notice requesting inspection.  Prior to the first inspection of any Source Code Material on the stand-alone computer(s), the receiving Party shall provide five (5) business days' notice to schedule the initial inspection with the producing Party. The receiving Party shall provide three (3) business days' notice in advance of scheduling any additional inspections. Such notice shall include the names and titles for every individual from the receiving Party who will

attend the inspection. The producing Party may maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart;

(n)     The receiving Party's outside counsel shall maintain a log of all copies of the Source Code Printouts (received from a producing Party) that are delivered by the receiving Party to any person and a log of any electronic images of Source Code Material.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Upon request by the producing Party, the receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the receiving Party and/or person that receives a copy of any portion of the source code; and

(o)     All copies of any portion of the Source Code Printouts in whatever form shall be securely destroyed if they are no longer in use.  Copies of Source Code Printouts that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

11.    Absent written consent from the designating Party, any person associated or affiliated with

PMC and permitted to receive Defendants' DESIGNATED MATERIAL,  who reviews, or

otherwise learns, in whole or in part, Defendants' technical DESIGNATED MATERIAL[9]

under this Order shall not prepare, prosecute, supervise, participate in, or assist in the

preparation or prosecution of any patent application pertaining to (a) media streaming, (b)

any products, services, or systems accused by PMC in this Action, or (c) the patents

asserted in this Action and any patent or application claiming priority to or otherwise

related to the patents asserted in this Action (collectively the "Field of Invention") during

the pendency of this Action and for  (2) years after its conclusion, including any appeals.  For

purposes of this paragraph, "prosecution" includes any activity related to the competitive

business decisions involving (i) the preparation or prosecution (for any person or entity) of

---

[9]   "Technical" DESIGNATED MATERIALS includes, for example, any non-public documents produced by Defendants that refer or relate in anyway to the operation of one or more of their products or services.

patent applications, including among others reexamination and reissue applications or (ii) directly or indirectly participating, drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[10] However, these prohibitions shall not preclude Plaintiff's outside litigation counsel from participating in any *inter partes* review, CBM, or post-grant review proceedings, provided that Plaintiff's outside litigation counsel do not participate in any claim drafting or amendment of claims in such proceedings.

12.   Absent written consent from the Designating Party, any individual affiliated with PMC who obtains, receives, has access to, or otherwise learns, in whole or in part, the Defendants' technical Designated Material under this Order shall not be involved in any activity related to:  the (i) the acquisition of patents or patent applications relating to the Field of Invention or (ii) the advising or counseling clients regarding the same.  This Acquisition Bar shall begin when such Designated Material is first received by the affected individual and shall end three (3) years after the conclusion of this Action, including any appeals.

13.   Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  Each party receiving Protected Material shall comply with all applicable export control statutes and regulations.  See, e.g., 15 CFR 734.2(b).  No Protected Material may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United

---

[10]   Prosecution includes, for example, original prosecution, reissue, and reexamination proceedings.

States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)).  Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form.  The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited.  Notwithstanding this prohibition, Protected Material, exclusive of material designated RESTRICTED CONFIDENTIAL SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. Nothing in this provision shall prevent outside counsel of record from travelling outside the territorial limits of the United States with their personal electronic devices, including laptops and/or cellphones, or reviewing their electronic mail while traveling abroad. The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

14. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  Pursuant to Federal Rule of Evidence 502(d) and (e), if documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity

may obtain the return of such documents, information or other material by notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall (1) gather, destroy, and certify destruction of all copies of such documents, information, or other material to the producing Party; or (2) gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

15. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

16. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) court reporters and videographers; (v) the Court; or (vi) other persons entitled hereunder to access to DESIGNATED MATERIAL.  DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or

from the Court.[11]  Parties shall give the other Parties reasonable notice (a minimum of two business days) if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals are present at those proceedings.  Subject to any challenge to a particular designation under paragraph 20, the Parties will not oppose any reasonable request by the designating Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

17.     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order.  Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.   Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

18.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the

---

[11]   In the event a non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed Undertaking attached as Exhibit A.  In the event such attorney declines to sign the Undertaking prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19.   The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.  Notwithstanding the foregoing, a Party shall provide a minimum of two business days' notice to the Producing Party in the event that a Party intends to use any Protected Information during trial. Subject to any challenges under Section 20, the Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

20.   A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules

of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21.   Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.   A copy of the acknowledgment form is attached as Appendix A.

22.   To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

23.   To the extent that discovery or testimony is taken of Third Parties, the Third Parties or any Party may designate as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties and any Party shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.   Where a Third Party designates any documents, information or other material as provided herein, experts previously disclosed and approved hereunder prior to said Third Party's production of any Protected Material need not be disclosed to said Third Party. Subsequently disclosed experts need not be

disclosed to said Third Party before that Third Party's Protected Material may be disclosed thereto.

24. If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" that Party must:

(a) promptly notify in writing the designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Protected Material may be affected.  If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or

encouraging a receiving Party in this action to disobey a lawful directive from another court.

25.     Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed.  The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. Notwithstanding the foregoing, outside counsel of record shall be entitled to maintain two (2) copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any Protected Material for archival purposes only. Any such archived copies that contain or constitute Protected Information remain subject to this Order and shall be maintained in confidence by outside counsel for the Party retaining the materials.

26.     The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.   The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

27.    Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

28.    Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

29.    Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

30.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

31.    This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC<br><br>     Plaintiff,<br><br>v. | |
| GOOGLE LLC. | Case No. 2:19-cv-90-JRG<br>LEAD CASE |
| AKAMAI TECHNOLOGIES, INC. | Case No. 2:19-cv-89-JRG |
| NETFLIX, INC.<br><br>     Defendants. | Case No. 2:19-cv-91-JRG |

**APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.

My current employer is _____.

My current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and

understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence,

will not disclose to anyone not qualified under the Protective Order, and will use only for

purposes of this action any information designated as "CONFIDENTIAL,"

"RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL

SOURCE CODE" that is disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things

designated as  "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or

"RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and

all documents and things that I have prepared relating thereto, to the outside counsel for

the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____