FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Civil Action No. 2:19-cv-00090-JRG<br><br>JURY TRIAL DEMANDED<br><br>FILED UNDER SEAL |

## DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## TABLE OF CONTENTS

Page

I.   PMC'S ORIGINAL ALLEGATIONS CANNOT SUPPORT VENUE.................................2

   A.  PMC Concedes that its Original Theory of Venue was Factually Incorrect.......................2

   B.  PMC's Attempt to Save its Incorrect Venue Allegations Is Unavailing ...........................3

II.  PMC'S NEW ███████████████ THEORY OF VENUE ALSO FAILS ..................6

   A.  Background on ██████████████████ ...........................................7

   B.  ██████████████████████ Are Not a Place of Business "of Google" ..........9

   C.  ███████████████████ Are Not a "Physical Place" of Business ..................10

III. PMC'S NEW THEORY INVOLVING █████████████████ ALSO
   FAILS TO ESTABLISH VENUE .........................................................................15

IV.  THERE REMAINS NO RELATIONSHIP BETWEEN ANY OF PMC'S VENUE
   THEORIES AND THE ACTS OF INFRINGEMENT PLED IN THE COMPLAINT ..........18

V.   PMC DOES NOT REBUT GOOGLE'S CLAIM THAT PMC HAS FAILED TO ALLEGE
   ACTS OF INFRINGEMENT WITHIN THE DISTRICT ..........................................19

VI.  PMC OFFERS NO CREDIBLE ARGUMENT AS TO WHERE, IF VENUE IS IMPROPER,
   THIS CASE SHOULD BE TRANSFERRED .......................................................19

VII. CONCLUSION.................................................................................20

i

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

*In re Cray*,
    871 F.3d 1355 (Fed. Cir. 2017)................................................................ 5, 9, 10, 12, 13, 14

*Datascope Corp. v. SMEC, Inc.*,
    561 F. Supp. 787 (D.N.J. 1983) ...................................................................................... 5

*Datascope Corp. v. SMEC, Inc.*,
    776 F.2d 320 (Fed. Cir. 1985)......................................................................................... 6

*Dynamic Data Techs., LLC v. Qualcomm Inc.*,
    No. 2:18-cv-470-RWS, Dkt. 52 (E.D. Tex. Aug. 13, 2019) ...................................... 16, 17

*Fractus, S.A. v. ZTE Corp.*,
    No. 2:17-cv-561-JRG, Dkt. 104 at 8 (E.D. Tex. Sept. 28, 2018) ....................... 16, 17, 18

*Genentech, Inc. v. Eli Lilly Co.*,
    No. 18-cv-1518, 2019 WL 1923087 (S.D. Cal. Apr. 29, 2019) ..................................... 6

*Kibler v. Transcontinental & W. Air.*,
    63 F. Supp. 724 (E.D.N.Y. 1945) .............................................................................. 11, 12

*Level Sleep LLC v. Dormeo N. Am., LLC*,
    No. 2:17-cv-120-RWS, 2019 WL 458467 (E.D. Tex. Feb. 1, 2019)........................... 5, 6

*Nutrition Physiology Corp. v. Enviros Ltd.*,
    87 F. Supp. 2d 648 (N.D. Tex. 2000) ............................................................................ 5

*Omega Patents, LLC v. CalAmp Corp.*,
    No. 6:13-cv-1950, 2017 WL 4990654 (M.D. Fla. Sept. 22, 2017)................................. 5

*ParkerVision, Inc. v. Apple Inc.*,
    No. 3:15-cv-1477, 2018 WL 5084731 (M.D. Fla. Jan. 9, 2018) ..................................... 6

*Personal Audio, LLC v. Google, Inc.*,
    280 F. Supp. 3d 922 (E.D. Tex. 2017)............................................................................ 4

*Raytheon Co. v. Cray, Inc.*,
    258 F. Supp. 3d 781 (E.D. Tex. 2017)............................................................................ 5

*San Shoe Trading Corp. v. Converse Inc.*,
    649 F. Supp. 341 (S.D.N.Y. 1986) ................................................................................. 5

*Precision Fabrics Group, Inc. v. Tietex Int'l Ltd.*,
    No. 1:13-cv-645, 2017 WL 5176355 (M.D.N.C. Nov. 7, 2017) ..................................... 5

*Schnell v. Peter Eckrich & Sons, Inc.*,
    365 U.S. 260 (1961)..................................................................................................... 4, 6

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

*SEVEN Networks, LLC v. Google LLC,*
 315 F. Supp. 3d 933 (E.D. Tex. 2018) .................................. 1, 2, 3, 11, 12, 14, 15, 18, 19

*Super Interconnect Technologies LLC v. Google LLC,*
 No. 2:18-cv-463-JRG, 2019 WL 3717683 (E.D. Tex. Aug. 7, 2019) .......... 2, 3, 8, 15, 19

*Virginia Innovation Sciences, Inc. v. Amazon.com, Inc.,*
 No. 4:18-cv-474, 2019 WL 3082314 (E.D. Tex. July 15, 2019) ...................................... 4

*Welch Scientific Co. v. Human Engineering Institute, Inc.,*
 416 F.2d 32 (7th Cir. 1969) ........................................................................................ 5

*Wi-LAN Inc. v. Lenovo (United States), Inc.,* No. 17-cv-365, 2017 WL 3194692, at *3
 (S.D. Cal. July 27, 2017) ........................................................................................... 6

*In re ZTE (USA) Inc.,*
 890 F.3d 1008 (Fed. Cir. 2018) ........................................................................ 2, 4, 6, 16

### Statutory Authorities

28 U.S.C. § 1391 ................................................................................................................. 4

28 U.S.C. § 1400(b) ............................................................................................... 1, 2, 3, 4, 11

28 U.S.C. § 1404 ............................................................................................................... 20

28 U.S.C. § 1406 ............................................................................................................... 20

### Legislative Materials

29 Cong. Rec. 1900 (1897) .............................................................................................. 12

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

PMC's Opposition admits that its originally pled venue allegations were wrong.  The GGC servers that formed the basis of the Court's venue determination in *SEVEN Networks* were drained and ceased serving content in November 2018, nearly four months before PMC filed the present lawsuit.  This fact is undisputed and is sufficient reason to dismiss or transfer this case.  PMC tries to avoid this outcome by arguing that the Court should ignore the facts as they existed when suit was filed and instead base its venue determination on the facts that existed at some indeterminate time in the past when PMC's "cause of action accrued."  But this argument is foreclosed by the plain text of Section 1400(b) and the majority of case law to consider the question, including decisions from this District.  Accordingly, because the operative facts of the *SEVEN Networks* decision no longer existed when PMC filed its Complaint, that venue theory fails.

PMC's new, alternative venue theories likewise fail.  ███████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████  ██████████████████████

████████████████████████████████████████████████

███████████████████████████  ███████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

████████████████████████████████ But as this Court recently recognized, the decision in *SEVEN Networks* "d[id] not intend that venue is proper in any judicial district where a defendant owns, controls, or otherwise has a connection to a piece of property, real or personal, that is related to the defendant's business." *Super Interconnect Techs. LLC v. Google LLC*, No. 2:18-cv-463-JRG, 2019 WL 3717683, at *2 (E.D. Tex. Aug. 7, 2019). PMC's ██████ theory fails to provide a basis for venue under Section 1400(b).

PMC next argues that █████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

PMC fails to show how any of its venue theories bear a nexus to the alleged acts of infringement, and neglects address its failure to allege that any *complete* "acts of infringement" take place within this District given that multiple steps of the asserted method claims occur elsewhere. And PMC fails to rebut Google's argument as to where this case should be transferred if venue is improper. Accordingly, Google respectfully renews its request that this case be dismissed or, in the alternative, transferred to the Northern District of California.

## I.    PMC'S ORIGINAL ALLEGATIONS CANNOT SUPPORT VENUE

### A.    PMC Concedes that its Original Theory of Venue was Factually Incorrect

In its Complaint, PMC premised its venue theory entirely on the presence of allegedly active GGC servers within the District. Dkt. 1. at ¶¶ 8-30. PMC claimed to have performed "web

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

traffic analysis" that indicated a server "with [an] IP address [] in Tyler, Texas" was transmitting YouTube data to Eastern District users. *Id.* at ¶ 16. As Google explained in its Motion—and as PMC now concedes following venue discovery—none of these allegations are true. It is now undisputed that (1) the servers that formed the basis of the Court's ruling in *SEVEN Networks* were drained and ceased serving content roughly four months before the Complaint was filed, and (2) as of the time of the Complaint, no GGC servers within this District served content to users.[1] PMC's contention that even after the GGC servers ceased serving content they "continued to be Google's regular and established place of business" until physically removed, Opp. at 23, is without merit. According to this Court in *Super Interconnect*, the relevance of the GGC servers to the "place of business" analysis centered on their "delivering online content to users" from within the District. 2019 WL 3717683, at *2. Applying this rationale, any such relevance ceased when the servers stopped delivering content.[2]

### B.    PMC's Attempt to Save its Incorrect Venue Allegations Is Unavailing

Recognizing this, PMC now tries to rescue its false venue allegations by asking the Court to look into the past to the facts that might (or might not) have existed when "its cause of action accrued." *See* Opp. at 22-24. PMC's new timing argument fails for multiple reasons.

First, it is wrong as a matter of statutory interpretation. Section 1400(b) states that venue is proper in any district "where the defendant ***has committed*** acts of infringement and ***has*** a regular and established place of business." 28 U.S.C. § 1400(b) (emphasis added). The statute's language thus acknowledges a backwards looking "acts of infringement" analysis because it uses the present

---

[1] PMC also recognized its alleged "web traffic analysis" was meritless and agreed to drop its allegation about a server in Tyler, Texas entirely. Ex. A (7/23/2019 Email from Tamar Lusztig; Ex. B (7/23/2019 PMC Response to Google's 30(b)(6) notice), ¶3.

[2] PMC claims that ████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

3

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

perfect tense ("*has committed*").  By contrast, the statute's discussion of the "regular and established place of business" prong uses the present tense—requiring a defendant currently "*has*" (not "has had") a place of business in the District.  The contrast in tense compels the conclusion that one is backward looking, while the other is not.  *Personal Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 930-31 (E.D. Tex. 2017) (analyzing the language of § 1400(b) and concluding "that venue is determined under § 1400(b) by the facts and situation as of the date suit is filed.").  For this reason alone, the Court should reject PMC's argument.

Second, PMC's argument ignores the statutory scheme that Congress has established for determining venue in federal court.  Congress enacted a general venue statute in 28 U.S.C. § 1391 allowing venue in any district where "a substantial part of the events or omissions giving rise to the claim occurred."  With respect to patent cases, however, Congress narrowed the venue rules by requiring patent infringement cases be brought only where the defendant "has a regular and established place of business" and "has committed acts of infringement."  28 U.S.C. § 1400(b); *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1014 (Fed. Cir. 2018) ("Section 1400(b), like its predecessor statutes, is intended to be restrictive of venue in patent cases compared with the broad general venue provision.").  PMC seeks to effectively broaden the patent venue statute to the standard of Section 1391(b).  But Section 1400(b) is "specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a liberal construction." *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 264 (1961) (internal quotations omitted).

Third, even if PMC could overcome these statutory interpretation issues (and it cannot), PMC also fails to address or distinguish any of the cases that have rejected its argument.  *See e.g., Personal Audio,* 280 F. Supp. 3d at 930-31; *Virginia Innovation Sciences, Inc. v. Amazon.com, Inc.,* No. 4:18-cv-474, 2019 WL 3082314, at *8 (E.D. Tex. July 15, 2019) ("[W]hen determining

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

whether venue is proper, the Court is to look at the time the complaint is filed."); *Level Sleep LLC v. Dormeo N. Am., LLC,* No. 2:17-cv-120-RWS, 2019 WL 458467, at *3 (E.D. Tex. Feb. 1, 2019) ("Plaintiff's factual assertions do not establish that venue was proper in this district for any Defendant as of the date its complaint was filed.");[3] *Nutrition Physiology Corp. v. Enviros Ltd.*, 87 F. Supp. 2d 648, 652 (N.D. Tex. 2000) ("The court is to determine whether venue properly existed at the time the plaintiff's complaint was filed."); *Omega Patents, LLC v. CalAmp Corp.*, No. 6:13-cv-1950, 2017 WL 4990654, at *3 (M.D. Fla. Sept. 22, 2017) ("venue is determined by facts at the time of filing").

Instead, PMC relies primarily on *Raytheon Co. v. Cray, Inc.*, 258 F. Supp. 3d 781 (E.D. Tex. 2017) which, as PMC acknowledges, was vacated on mandamus to the Federal Circuit. *In re Cray*, 871 F.3d 1355, 1367 (Fed. Cir. 2017). PMC also notes that the Court's decision in *Raytheon* relied on the decision in *Welch Scientific Co. v. Human Engineering Institute, Inc.* Opp. at 22. But the *Welch* decision weighs *against* venue here. In *Welch*, the Seventh Circuit held that venue could be proper if "suit is filed within a reasonable time" following the accrual of the cause of action. 416 F.2d 32, 35 (7th Cir. 1969). Here, PMC alleges it had evidence of infringement as of October 2011. Dkt. 1. at 18. PMC cannot contend a delay of over seven years is reasonable.[4]

PMC next cites to *Datascope Corp. v. SMEC, Inc.*, 561 F. Supp. 787 (D.N.J. 1983), but that case is inapposite as the court's decision in that case rested primarily on the fact that the

---

[3] The *Level Sleep* court also found that, even if it looked to pre-filing facts, a four month gap between the closing of the place of business and the filing of suit would be too long to establish venue. 2019 WL 458467, at *3 ("Even applying the *Welch* rule, Plaintiffs have not established that Defendants should be held amenable to suit four months after their lease in this district expired."). Here, PMC similarly filed suit four months after the GGC servers in this District stopped serving content.

[4] The decisions in *San Shoe Trading Corp. v. Converse Inc.* and *Precision Fabrics Group, Inc. v. Tietex Int'l, Ltd.* similarly concern the "reasonable time" following the accrual of the cause of action and thus are unhelpful to PMC. *San Shoe*, 649 F. Supp. 341, 345 (S.D.N.Y. 1986); *Precision Fabrics*, No. 1:13-cv-645, 2017 WL 5176355, at *10 n. 15 (M.D.N.C. Nov. 7, 2017).

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

defendant had waived its objection to venue by filing corporate merger documents with the Secretary of State that required it to consent to service there.  *Id.* at 791.[5]  PMC also cites two decisions from the Southern District of California, but it fails to mention that both orders address only the proper scope of venue *discovery*, not whether venue would be proper based on pre-filing facts or what amount of time would be reasonable.  Opp. at 22 (citing *Genentech, Inc. v. Eli Lilly Co.,* No. 18-cv-1518, 2019 WL 1923087, at *4 n.7 (S.D. Cal. Apr. 29, 2019) & *Wi-LAN Inc. v. Lenovo (United States), Inc.,* No. 17-cv-365, 2017 WL 3194692, at *3 (S.D. Cal. July 27, 2017)).

PMC also relies heavily on the concern expressed in *ParkerVision, Inc. v. Apple Inc.*, No. 3:15-cv-1477, 2018 WL 5084731 (M.D. Fla. Jan. 9, 2018), that venue . . . "would turn on whether ParkerVision had filed its Complaint just two to six weeks earlier," which the court perceived to be unfair.  *Id.*, at *8.  But here, just as in Judge Schroeder's decision in *Level Sleep*, which dismissed for lack of venue, the delay was much longer—four months.  2019 WL 458467, at *3. Further, Google respectfully submits that allowing such delay is contrary to the Supreme Court and Federal Circuit's instruction that the venue statute is "specific and unambiguous . . . and [not] to be given a liberal construction."  *Schnell*, 365 U.S. at 264; *ZTE*, 890 F.3d at 1014.

## II.    PMC'S NEW ███████████████ THEORY OF VENUE ALSO FAILS

Recognizing that its original theory of venue was no longer viable following venue discovery, PMC has added two new theories, the first of which is ████████████████ ██████████████████████████████████████████████████████████

---

[5]  PMC notes that the *Datascope* decision was "aff'd in relevant part," but nothing indicates venue was even raised on appeal, let alone addressed in the Federal Circuit's opinion. *Datascope Corp. v. SMEC, Inc.*, 776 F.2d 320 (Fed. Cir. 1985).

████████████████████████████████████████████████
██████████████████████████████████████

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

A.    **Background on** ███████████████ ████████

███████████████████████████████████████████████████

██████ ███████████████████████████████████ ████████

███████████████████████████████████████████████████

█████████████ ███████████████ █████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████ ██████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████ ████████████████████████

---

[7] In Footnote 1 of its Opposition, PMC complains that Google allegedly did not disclose facts related to these new theories to PMC at the outset of venue discovery. This is specious. At the outset, Google provided fulsome discovery regarding the contested venue allegations of the Complaint. PMC then sought discovery on multiple alternative theories of venue. *See* Ex. C at 5-6 (requesting discovery on "Google Wi-Fi provided at Starbucks," non-existent relationships with various ISPs, and alternate IP addresses). After this strategy went nowhere, PMC turned to its current theories. Most importantly, PMC does not claim (and cannot claim) that Google's venue discovery was inadequate or that PMC was prejudiced by the timing of Google's production.

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████

7

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**B.     ██████████████████████████████ Are Not a Place of Business "of Google"**

Under the Federal Circuit's decision in *Cray*, in order for a location to be a "regular and established place of business," it "must be the place of the defendant." *Cray*, 871 F.3d at 1363. "Relevant considerations include [(1)] whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place . . . [(2)] whether the defendant lists the alleged place of business on a website, or in a telephone or other directory; or places it name on a sign associated with or on the building itself . . . [and (3)] the nature and activity of the alleged place of business of the defendant in the district in comparison with that of other places of business of the defendant in other venues." *Id.* at 1363-64. Here, none of these factors are present.

First, PMC does not argue (because it cannot argue) that Google "list[s] the alleged place of business on a website, or in a telephone or other directory[,] or places it name on a sign associated with or on the building itself." Opp. at 17-18. PMC does not contend that Google websites display ███████████████████████████████████████████ ████████████████████████████████████████████

Second, a comparison ███████████████████████ to Google's actual "places of business" shows that PMC's arguments fall flat. Google maintains dozens of offices all around the world that prominently tout Google's presence. Ex. G (https://careers.google.com/locations/). Google identifies these offices on a map on its website and, each day, thousands of employees gather there to conduct Google's business. *Id.* By contrast, ███████████  ████████████████████████████████████ ██ ██ ██ ██ █ ██ ██ ██

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

███████████████████████ ██████████████████████████████████

███████████████████████████

        ████████████████████████████████████████

██████████████████████████████ █ █████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████

        Thus, no matter what aspect of the "place of the defendant" analysis the Court looks to,

PMC's arguments fail as the record contains no evidence ████████████████████████

████████████████

        **C.**    ████████████████████████    **Are Not a "Physical Place" of Business**

PMC also fails to show that ████████████████████████████████████████

████████████ ████████████████████████████████████████████████

████████████████████████████████████████ PMC is wrong.

---

█ ███████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████████████████
█ ███████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

1.    <u>There Is No Business within the District Conducted by</u> ████████████

███████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████

████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

2.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████ ▪ ▮

3.     ███████████████████████████████████████ are Not "Physical Places" under *Cray*

███████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

---

▪ ██████████████████████████████████████████.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████

As this Court recently recognized in *Super Interconnect*, the Court's ruling in *SEVEN Networks* "d[id] not intend that venue is proper in any judicial district where a defendant owns, controls, or otherwise has a connection to a piece of property, real or personal, that is related to the defendant's business." 2019 WL 3717683, at *2  Rather, the Court held that the "specific and fact-based nature, extent, and type of business will inform whether a particular place in a district qualifies as a 'regular and established place of business' of the defendant." *Id.*  As set forth above, ████████████████████████ does not perform the "business" role identified by the Court in *SEVEN Networks* and its mere existence is not sufficient to show a "physical place" within the District.

## III.    PMC'S NEW THEORY INVOLVING ████████████████████ ALSO FAILS TO ESTABLISH VENUE

PMC further argues that Google maintains a regular and established place of business in the District based on ██████████████████████████████████████████

████████████████████████████████████████████████

████  But this argument is also without merit.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

## IV.   THERE REMAINS NO RELATIONSHIP BETWEEN ANY OF PMC'S VENUE THEORIES AND THE ACTS OF INFRINGEMENT PLED IN THE COMPLAINT

None of the various theories PMC now asserts have any relationship to the acts of infringement that it alleged in the Complaint.[14]  For PMC's theory of venue based on ████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████ █ to PMC's GGC server theory, as Google explained in its Motion, given that those servers have ceased serving content to users, there is no way in which they could have a nexus to any theory of infringement.  *See* Mot. at 7.

---

[14]   As explained in Google's Motion, Google recognizes and acknowledges that the Court previously rejected this argument in *SEVEN Networks* but Google respectfully seeks to preserve it here to avoid any potential waiver dispute.  *See* Mot. at 7 n.1.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

███████████████████████████████████████████████████

████████████████████████████████    ████████████████

████████████████████████████████████████  ██████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████  ████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████  ■ Thus, PMC has shown no nexus between the alleged infringement and any of its claimed "regular and established places of business."

## V.    PMC DOES NOT REBUT GOOGLE'S CLAIM THAT PMC HAS FAILED TO ALLEGE ACTS OF INFRINGEMENT WITHIN THE DISTRICT

In its Motion, Google pointed out that PMC has not alleged that complete acts of infringement occur within the District and therefore has failed to allege that any "acts of infringement" occur here. Mot. at 7-10. PMC argues that users in the District "perform one of the infringing steps of the claimed methods," Opp. at 3, but PMC does not dispute that a patent for a method or process is not infringed unless all steps are utilized. Mot. at 7-9. Further, while PMC asserts its patent claims are infringed by "Core Data Centers and edge node infrastructure," none of these are serving content in this District. Mot. at 7-8 (quoting Dkt. 1 at ¶ 71). Thus, PMC makes no attempt to argue that any complete acts of infringement occur within the District, and Google's Motion should be granted.

## VI.    PMC OFFERS NO CREDIBLE ARGUMENT AS TO WHERE, IF VENUE IS IMPROPER, THIS CASE SHOULD BE TRANSFERRED

■ ███████████████████████████████████████████████

███████████████████████████████████████████

19

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

PMC fails to rebut Google's argument as to where this case should be transferred if venue is improper. PMC argues that the factors considered under 28 U.S.C. § 1404 have no bearing on transfer for improper venue under 28 U.S.C. § 1406. Opp. at 27. But PMC cites nothing in support of this argument. PMC then contradicts itself by arguing that the Court should look to PMC's opposition to Akamai's and Netflix's requests to transfer under 28 U.S.C. § 1404. PMC does not explain why Google's discussion of the Section 1404 factors in this case is irrelevant but PMC's discussion of the factors in other cases is somehow applicable. Moreover, for this Court to consider PMC's arguments made *in separate briefs* would be fundamentally unfair to Google. Google was not served with the sealed venue briefing between Akamai and PMC or Netflix and PMC. Finally, PMC claims that the parties have identified "a substantial number of Texas witnesses" on their Initial Disclosures, but PMC strategically omits that, even if that is true, none of the so-labeled "Texas witnesses" reside within the Eastern District specifically, making them largely irrelevant to the consideration of where this case should be transferred.

## VII.    CONCLUSION

For these reasons, Google respectfully requests that the Court dismiss this case or, in the alternative, transfer it to the Northern District of California.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Dated: August 30, 2019

Respectfully submitted,

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
David A. Perlson
davidperlson@quinnemanuel.com
Carl G. Anderson
carlanderson@quinnemanuel.com
Felipe Corredor
felipecorredor@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700

Mark Tung
marktung@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel : 650-801-5000
Fax: 650-801-5100

Nima Hefazi (*pro hac vice*)
nimahefazi@quinnemanuel.com
Miles D. Freeman
milesfreeman@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100

James Mark Mann
mark@themannfirm.com
Gregory Blake Thompson
blake@themannfirm.com
MANN TINDEL & THOMPSON
300 W. Main
Henderson, TX 75652
Tel: 903-657-8540
Fax: 903-657-6003

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

*Attorneys for Google LLC*

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via email on August 30, 2019.

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven

## CERTIFICATE OF FILING OF MOTION TO SEAL

The undersigned hereby certifies that pursuant to Local Rule CV-5(a)(7)(A) a motion to seal is being filed concurrently herewith.

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven

23