**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC<br><br>Plaintiff,<br><br>v. | |
| GOOGLE LLC. | Case No. 2:19-cv-90-JRG<br>LEAD CASE |
| AKAMAI TECHNOLOGIES, INC. | Case No. 2:19-cv-89-JRG |
| NETFLIX, INC.<br><br>Defendants. | Case No. 2:19-cv-91-JRG |

**PERSONALIZED MEDIA COMMUNICATION'S MOTION TO COMPEL
PRODUCTION OF RELEVANT SOURCE CODE AND A 30(b)(6) WITNESS TO
TESTIFY REGARDING TECHNICAL DOCUMENTS**

# REDACTED

RESTRICTED CONFIDENTIAL SOURCE CODE
FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Netflix refuses to comply with its obligation under the Local Patent Rules to produce documents and source code sufficient to show the operation of its accused instrumentalities. Netflix has produced only a portion of relevant source code and a handful of technical documents that do not cover all aspects of the instrumentalities accused by Personalized Media Communications ("PMC"). To get to the bottom of Netflix's production deficiencies, PMC served a 30(b)(6) deposition notice directed to Netflix's technical documents and document productions.[1] Netflix, however, puts up a brick wall and refuses to provide testimony on almost everything sought by PMC. PMC thus moves the Court to compel production of Netflix's remaining source code and of a corporate witness to testify about the existence and location of technical documents.

**I.     BACKGROUND**

The Docket Control Order (Dkt. No. 77) required Netflix to comply with its L.P.R. 3-4 obligations to produce source code and technical documents by September 13, 2019. As of that deadline, Netflix did nothing—it produced no technical documents or source code, nor did it file a notice of compliance with Rule 3-4. After the deadline came and went without any production, PMC reached out to Netflix on September 16 to ask why Netflix was not complying with the Rule. Following a phone call, Netflix's counsel emailed PMC on September 17 and backfilled, claiming that its code was always available to PMC if PMC had only asked about it: "[M]y understanding of the rule is that the code must be *available* from the date of invalidity contentions and *you* guys provide notice five days before you want to review it. But to the extent there is any ambiguity / for clarity the code is and has been available on five days notice."

PMC's source code review began on September 24. Following multiple requests by PMC that Netflix produce non-code technical documents, Netflix finally provided 61 documents on

---

[1] PMC seeks only to compel testimony on topics related to technical documents and productions.

September 25, and 26 more documents on October 17. Neither these meager document productions nor Netflix's source code production have been sufficient to comply with Local Rule 3-4.

Netflix's production of technical documents has been bare-bones. Many of the documents produced were publicly available Netflix web pages and blog posts, which hardly show the internal, non-public operation of the accused Netflix products. Of the 61 documents in Netflix's September 25 production,[2] 14 were public blog posts and 18 were from Netflix's public Open Connect website—over half the total documents produced. Netflix produced only a small number of non-public specification documents relevant to ███████████████████. Netflix's productions lack critical documents reflecting its internal software architecture and software specifications. Bhatia Decl. ¶¶ 6-10. The lack of these documents impedes PMC's efforts to trace the functionality of Netflix's source code, and leaves PMC guessing as to the existence of many categories of unproduced source code. *Id.* ¶¶ 11-13. In meet and confers, Netflix has asserted that these documents do not exist, because ███████████████████. But ███████████████████, which have not been produced. *Id.* ¶ 18. PMC has repeatedly requested production of these documents, but Netflix has refused. And Netflix continues to insist that PMC identify specific, internal Netflix documents for production—turning on its head the burden that L.P.R. 3-4(a) imposes on defendants to identify and produce relevant documents.

Following a meet and confer on September 23, which included the representation by counsel for Netflix to the effect that ███████████████████, PMC served a notice of 30(b)(6) deposition to determine what technical documents Netflix actually

---

[2] Netflix's second production of 26 documents on October 17 concerned the hardware for its Open Connect Appliances and contained no additional documentation relevant to its source code.

possesses. The notice requested that Netflix designate a witness by October 11 and that the deposition occur on or before October 18. PMC set these proposed dates to give Netflix adequate time to respond while still permitting PMC time to obtain discovery from Netflix before the exchange of proposed claim terms on November 5. Both deadlines passed without Netflix's designating a witness or moving for a protective order. Despite repeated requests, Netflix only responded to the notice on October 30—more than a month after it was served. In its response, Netflix refuses to designate a witness as to 39 of PMC's 44 designated topics, and even those on which Netflix agrees to testify are highly restricted. Netflix entirely refuses to provide testimony as to the location and kinds of documents it possesses, including technical documents.

As to source code, without production of Netflix's technical documents, PMC cannot know the full scope of the source code that Netflix has not produced. As set forth in the declaration of PMC's code review expert, Jay Bhatia, Netflix's produced code is a small subset of the code running on the accused Netflix systems, and there are at least three categories of major deficiencies in Netflix's code production. *Id.* ¶¶ 14, 19. ███████████

███████████
███████████
███████████
███████████
███████████
███████████
███████████
███████████
███████████

RESTRICTED CONFIDENTIAL SOURCE CODE
FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

███ Netflix's selective production of source code obscures the meaning and function of its code. ███

███

███

███ PMC raised these issues with Netflix repeatedly, but Netflix has refused to remedy them.

## II.   ARGUMENT

### A.   Netflix must produce source code sufficient to show the operation of all aspects of the accused instrumentalities.

PMC's infringement contentions identify ███

███ Bhatia Decl. ¶ 19. Netflix has not produced all relevant code, including ███

███

███ *Id.* ¶ 18. The deficiencies in Netflix's production have prevented PMC from analyzing the operation of the accused instrumentalities. Netflix's response has been to place the burden on PMC to identify each component of missing code, while refusing to produce the missing code that PMC has been able to identify. This approach presents at least four problems.

First, Netflix bears the burden to identify all relevant source code, because Netflix is in the best position to do so and should have done so over a month ago, prejudicing PMC by delay. Second, Netflix's approach would require a time- and labor-intensive process of PMC's identifying specific deficiencies, Netflix's (perhaps) agreeing to produce more code, and then further review and negotiation over new dead-ends or further motions to compel. The Local Rules do not envision a game of whack-a-mole, where PMC has to go back to Netflix each time a relevant but unproduced piece of code pops up. Third, Netflix won't even play whack-a-mole when PMC asks to do so. Netflix has not agreed, for example, to produce the specific missing code that PMC

has been able to identify, ███████████████. Fourth, Netflix has deprived PMC of software architecture documents necessary for it to make an informed determination about precisely what code is missing. The Local Patent Rules do not require PMC to continuously haggle with Netflix over bits and pieces of code. Rather, Netflix must produce what is necessary to demonstrate the operation of the accused instrumentalities.

"P.R. 3-4(a) requires [a defendant] to produce more than the bare minimum of what *it* believes is sufficient, including but not limited to any and all source code, specifications, schematics, flow charts, artwork, formulas, or other documentation in its possession." *Edward D. Ioli Trust v. Avigilon Corp.*, 2012 WL 5830711, at *3 (E.D. Tex. Nov. 16, 2012) (Gilstrap, J.). And the burden to identify and produce such materials lies not with plaintiffs, but defendants: "the patent local rules 'are not like other forms of discovery which require a formal request by the opposing party. Rather, it is the responsibility of the party itself to make disclosures that satisfy the Rules." *Id.* A "bare minimum production shirks this responsibility and [a defendant's] attempt to use a grammatically technical reading of P.R. 3-4(a) as a shield to avoid production of its source code offends the discovery principles driving this District's patent rules." *Id.*

Netflix refuses to produce all relevant code as required by the Local Patent Rules despite repeated requests. That failure is unjustifiable, and Netflix's efforts to put the onus on PMC to identify the missing code turn the Local Patent Rules on their head. Indeed, Netflix has never filed a notice of compliance with L.P.R. 3-4(a)—a tacit admission that it has not so complied. The inadequacy of Netflix's production of source code has prejudiced PMC's preparation for *Markman*. Further delay heightens that prejudice. Netflix should be required to meet its obligations under the Local Patent Rules by producing the entirety of both ███████████████ ███████████████████████████████████████.

### B. Netflix must produce a witness designated to testify on the topics noticed in PMC's deposition notice.

"A party served with a Rule 30(b)(6) deposition notice must respond in one of two ways: (1) designate a person to testify at a deposition, or (2) move for a protective order." *Raytheon Co. v. Cray, Inc.*, 2017 WL 2633696, at *2 (E.D. Tex. June 19, 2017) (Payne, Mag. J.). Netflix affirmatively refuses to provide testimony on the vast majority of the topics PMC noticed.

PMC noticed a 30(b)(6) deposition on September 26 to cover topics related to technical documents and Netflix's document productions. PMC sought testimony concerning custodians of documents, the measures taken to locate documents produced to PMC, and the sources of documents possessed by Netflix, especially technical documents on the structure, architecture, and function of the Accused Instrumentalities. Such a deposition is proper. *See Glob. Sessions LP v. Travelocity.com LP*, 2012 WL 1903903, at *10 (E.D. Tex. May 25, 2012); Order, *Intergraph Corp. v. Intel Corp.*, No. 2:01-cv-00160-TJW, Dkt. No. 41 (E.D. Tex. Jan. 10, 2002); Hearing Transcript, *Achates Reference Publ'g v. Microsoft Corp.*, No. 2:07-cv-00245-CE, Dkt. No. 81, at 22:25–23:16 (E.D. Tex. Sept. 12, 2008) (rejecting claim that search methodology for production is privileged).

PMC's deposition notice required Netflix to produce a designee to testify by October 18 and provide a written designation of its witness by October 11. Netflix has never designated a witness nor moved for a protective order. Netflix's objections, not served until October 30, refuse entirely to provide testimony on any topics concerning the kinds of technical documents Netflix possesses, where those documents are located, and steps taken to select documents for production.[3]

---

[3] A few of the thirty-nine noticed topics on which Netflix refuses to designate a witness include:
- ██████████████████████████████████████████████████
  ██████████████████████████████████████████████████

RESTRICTED CONFIDENTIAL SOURCE CODE
FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

"Absent a protective order, the Federal Rules of Civil Procedure do not give a party the right to not respond to a Rule 30(b)(6) notice." *Raytheon Co. v. Cray, Inc.*, 2017 WL 2452740, at *3 (E.D. Tex. June 6, 2017) (Payne, Mag. J.). Netflix's refusal to provide any testimony is improper and Netflix should be compelled to produce a witness to testify as to its search methodology for responsive technical documents and where and what kind of technical documents Netflix possesses. Netflix's delay in producing a designated witness both deprives PMC of proper discovery and prejudices PMC with respect to *Markman* briefing.

## CONCLUSION

As set forth in its proposed order, PMC respectfully asks the Court to compel Netflix to produce all relevant source code and a witness to testify as to PMC's technical document topics.



RESTRICTED CONFIDENTIAL SOURCE CODE
FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Dated: October 31, 2019

Respectfully submitted,

By: _/s Joseph S. Grinstein_____

Arun Subramanian
New York Bar No. 4611869
Tamar Lusztig
New York Bar No. 5125174
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019-6023
Telephone: (212) 471-8346
asubramanian@susmangodfrey.com
tlusztig@susmangodfrey.com

Joseph S. Grinstein
Texas Bar No. 24002188
J. Patrick Redmon
Texas Bar No. 24110258
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 653-7820
jgrinstein@susmangodfrey.com
predmon@susmangodfrey.com

S. Calvin Capshaw
Texas Bar No. 03783900
CAPSHAW DERIEUX LLP
114 E. Commerce Avenue
Gladewater, TX 75647
Telephone: (903) 233-4826
ccapshaw@capshawlaw.com

Dmitry Kheyfits
New York Bar No. 4743795
KHEYFITS BELENKY LLP
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
Telephone: (212) 203-5399
dkheyfits@kblit.com

*Attorneys for Personalized Media Communications, LLC*

RESTRICTED CONFIDENTIAL SOURCE CODE
FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

### Certificate of Service

I certify that on October 31, 2019, I electronically filed the foregoing via the Court's ECF system, which sent notification of this filing to all counsel of record.

*/s/ J. Patrick Redmon*
J. Patrick Redmon

### Certificate of Authorization to File Under Seal

I hereby certify that this document is being filed under seal pursuant to the Court's authorization in the Protective Order entered in this matter.

*/s/ J. Patrick Redmon*
J. Patrick Redmon

### Certificate of Conference

We hereby certify that counsel for PMC and Netflix have complied with the meet and confer requirement of Local Rule CV-7(h) and that this motion is opposed.

*/s/ Joseph S. Grinstein*
Joseph S. Grinstein

*/s/ S. Calvin Capshaw*
S. Calvin Capshaw