IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | |
| GOOGLE LLC, | § § § | CIVIL ACTION NO. 2:19-CV-00090-JRG (Lead Case) |
| NETFLIX, INC. | § § § | CIVIL ACTION NO. 2:19-CV-00091-JRG (Member Case) |
| *Defendants*. | § | |

**ORDER**

The Court issues this Order *sua sponte*. On February 13, 2020, the Court of Appeals for the Federal Circuit issued its opinion in *In re: Google LLC*, Case No. 2019-126 (Fed. Cir. 2020). In view of this decision, the Court hereby **ORDERS** supplemental briefing as follows:

- **On or before February 20, 2020,** Plaintiff Personalized Media Communications, LLC ("PMC");[1] Defendant Netflix, Inc. ("Netflix"), and Defendant Google LLC ("Google") (collectively, "the Parties") shall each file a separate brief, not exceeding fifteen pages each, addressing the impact of *In re Google* on the motions to dismiss or transfer for improper venue which are presently pending before the Court (Dkt. No. 32; Dkt. No. 62).

- **On or before February 27, 2020,** PMC, Netflix, and Google shall each file a separate brief, not exceeding five pages, responding to the other Parties' submissions filed on February 20, 2020.

In their submissions, the Parties shall address at least (but are not limited to) the following questions:

1. What sources of law should the Court consider in determining agency relationships including, without limitation, the federal common law of agency in statutory contexts related to employment, such as the Fair Labor Standards Act, Title VII, or the Fair Housing Act?

2. Whether Netflix and Google have a "regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged place of business"?

---

[1] Given the fact-intensive nature of the venue inquiry, PMC may file one fifteen-page brief with respect to Google, and another with respect to Netflix. PMC may also file a separate five-page brief in response to each of the February 20, 2020 submissions from Google and Netflix, respectively. While the Court is aware that a timely motion for rehearing may be urged in *In re Google*, the Court feels current input in the present case could be beneficial to it.

3. Under what conditions a "a machine could be an agent," and whether any such agent of Netflix or Google exists within the Eastern District of Texas?

**So ORDERED and SIGNED this 13th day of February, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE