**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **PERSONALIZED MEDIA COMMUNICATIONS, LLC,**<br><br>　　　**Plaintiff,**<br><br>　v.<br><br>**GOOGLE LLC,**<br><br>　　　**Defendant.** | **Civil Action No. 2:19-cv-00090-JRG**<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT GOOGLE LLC'S MOTION TO STAY PENDING RESOLUTION OF ITS MOTION TO DISMISS FOR IMPROPER VENUE

Defendant Google LLC ("Google") respectfully requests that the Court enter a brief stay of this action pending resolution of Google's June 2019 Motion to Dismiss for Improper Venue. (Dkt. 32). The parties' briefing on Google's Motion, including supplemental briefing, was completed in February 2020. Dkt. 169. On June 30, 2020, this Court set a hearing for Google's Motion for July 13.

"The District Court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This Court has found on multiple occasions a short stay of proceedings pending resolution of a motion to dismiss (or transfer) to be an appropriate exercise of its inherent discretion. *See, e.g., Secure Axcess, LLC v. Nintendo of Am. Inc., et al.*, No. 2:13-cv-32-JRG, Dkt. 133 (E.D. Tex. Feb. 10, 2014); *Solid State Storage Solutions, Inc. v. STEC, Inc., et al.*, No. 2:11-cv-391-JRG-RSP, Dkt. 292 (E.D. Tex. Jan. 3, 2013).

While Google's Motion to Dismiss is pending, substantive portions of the case continue as does the process of the merits being adjudicated, and trial is scheduled less than four months from now. Under the district court's April 8 docket control order, fact discovery was completed (subject to motions to compel) on May 11, expert disclosures for parties bearing the burden of proof were due May 18, and rebuttal expert disclosures were due June 15. Dkt. 188. The parties met those deadlines, and other critical deadlines are upcoming. In particular, the deadline for completing expert discovery and filing *Daubert* motions and dispositive motions without leave of court is July 8. *Id.* Pretrial disclosure statements are due July 29, motions in limine are due August 19, and the pretrial conference is set for September 16. *Id.* Jury selection and trial are set to begin on October 19. *Id.*

Thus, Google now faces the risk of duplicative merits litigation in this Court and another court if a resolution of its Motion to Dismiss is not decided before further substantive proceedings and rulings occur in this case. This potentially unnecessary work can be avoided by briefly staying the case until the issue of venue is decided. Indeed, the Federal Circuit and the Fifth Circuit have long held that venue issues should be decided at the outset of a case and given top priority. *See e.g., In re Google Inc.*, No. 2015-138, 2015 WL 5294800, at *1 (Fed. Cir. July 16, 2015); *In re EMC Corp.*, 501 Fed. Appx. 973, 975 (Fed. Cir. 2013); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). As the Federal Circuit has stated, the determination of "a proper and convenient venue [should occur] before addressing any substantive portion of the case." *In re Nintendo Co., Ltd*., 544 Fed. Appx. 934, 941 (Fed. Cir. 2013).

Furthermore, a brief stay of the proceedings will not unduly prejudice PMC. The patents asserted in this case began issuing in June 2010 (Dkt. 1-1) and PMC accuses functionality that has existed for the better part of a decade. Yet, PMC waited until just last year to file its patent infringement lawsuit against Google. Moreover, it appears that none of the patents will expire in the near term. PMC and Google are not competitors. Also, notably, on April 16, 2020, PMC jointly moved with Netflix to transfer PMC's then co-pending case against Netflix regarding the same patents at issue here to the Southern District of New York, recognizing that this would result in a new schedule with a new later trial date. Dkt. 192. The Court granted the parties joint motion and the Netflix case has now been transferred there. Dkt. 193. No trial date has been set in the Netflix case. PMC's demonstrated willingness to postpone the case schedule in the similar Netflix matter suggests that there is no urgency for PMC in its case against Google either. In view of this history, a brief delay to determine the threshold issue of venue will not alter any potential relief to which PMC might be entitled if it is successful. And delay alone is not

sufficient to constitute undue prejudice. *See Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*, No. 09-cv-571, 2010 WL 2573925, at *3 (D. Del. June 25, 2010) ("[A] stay may delay resolution of the litigation, but this alone does not warrant a finding that Plaintiffs will be unduly prejudiced."); *see also NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (delay in the vindication of patent rights "is present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion").

Moreover, staying this case before the completion of expert discovery, dispositive motions and trial preparation work would benefit both PMC and Google by preventing the parties from expending potentially unnecessary and/or duplicative resources. And if venue is improper in this judicial district, PMC and Google benefit from having that issue resolved now to avoid duplicative proceedings. Of course, avoiding duplicative proceedings also promotes judicial efficiency.

For the foregoing reasons, Google respectfully requests that the Court enter a brief stay pending the resolution of its Motion to Dismiss.

Dated: July 2, 2020                                          Respectfully submitted,

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
David A. Perlson
davidperlson@quinnemanuel.com
Carl G. Anderson
carlanderson@quinnemanuel.com
Felipe Corredor
felipecorredor@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600

3

Fax: 415-875-6700

Mark Tung
marktung@quinnemanuel.com
Andrew Bramhall (*pro hac vice*)
andrewbramhall@quinnemanuel.com
Olga Slobodyanyuk (*pro hac vice*)
olgaslobodoyanyuk@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel : 650-801-5000
Fax: 650-801-5100

Nima Hefazi (*pro hac vice*)
nimahefazi@quinnemanuel.com
Miles D. Freeman
milesfreeman@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100

James Mark Mann
mark@themannfirm.com
Gregory Blake Thompson
blake@themannfirm.com
MANN TINDEL & THOMPSON
300 W. Main
Henderson, TX 75652
Tel: 903-657-8540
Fax: 903-657-6003

*Attorneys for Google LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via CM/ECF on July 2, 2020.

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), the undersigned hereby certifies that counsel for the parties conducted a meet-and-confer regarding this Motion prior to filing. Specifically, on July 1, 2020 counsel for Google (David Perlson, Carl Anderson, Olga Slobodyanyuk, and Blake Thompson) participated in a telephonic conference with counsel for PMC (Joseph Grinstein and Tamar Lusztig) regarding the issues raised herein but were unable to resolve them. Thus, this Motion is opposed.

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven