**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>GOOGLE LLC,<br><br>       Defendant. | Civil Action No. 2:19-cv-00090-JRG<br><br>**JURY TRIAL DEMANDED**<br><br> |

## DEFENDANT GOOGLE LLC'S MOTION FOR SUMMARY JUDGMENT OF NO DIRECT INFRINGEMENT AND NO INDUCED INFRINGEMENT

**TABLE OF CONTENTS**

**Page**

STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ...............................................2

STATEMENT OF UNDISPUTED MATERIAL FACTS .........................................................2

LEGAL STANDARD..............................................................................................................4

ARGUMENT ..........................................................................................................................5

I.     PMC'S INFRINGEMENT ALLEGATIONS DEMONSTRATE THAT GOOGLE
DOES NOT DIRECTLY INFRINGE ...........................................................................5

     A.     PMC's Infringement Theories, Even If True, Only Demonstrate
Infringement By End Users Or Divided Infringement ............................................5

     B.     Federal Circuit Law Precludes PMC's Argument That Distributing
Software Is An Act Of Direct Infringement Of A Method Claim ..........................8

II.     PMC CANNOT MEET ITS BURDEN TO SHOW THAT GOOGLE INDUCES
OTHERS TO INFRINGE ............................................................................................9

     A.     PMC Cannot Show "Active Inducement" Of The Alleged Direct
Infringement............................................................................................................9

     B.     For All Asserted '241 Patent Claims And Certain Claims Of The '528
Patent, PMC Cannot Show Any Underlying Act Of Direct Infringement
As A Matter Of Law ...............................................................................................11

     C.     For At Least The '528 And '241 Patents, PMC Cannot Show Knowledge
Of The Alleged Infringement Prior To The Filing Of The Complaint ..................13

CONCLUSION.......................................................................................................................14

i

███████████████████████████

# TABLE OF AUTHORITIES

**Page**

## Cases

*Amgen Inc. v. Apotex Inc.*,
712 Fed. Appx. 985 (Fed. Cir. 2017)..................................................................... 4

*Bush Seismic Technologies LLC v. Am. Gem Soc.*,
No. 2:14-cv-1809-JRG, 2016 WL 9115381 (E.D. Tex. Apr. 13, 2016)................... 14

*Commil USA, LLC v. Cisco Systems, Inc.*,
135 S.Ct. 1920 (2015)............................................................................................. 14

*Cywee Grp. Ltd. v. Huawei Device Co. Ltd.*,
No. 2:17-cv-495-WCB, 2018 WL 3819392 (E.D. Tex. Aug. 10, 2018) ................. 14

*DSU Medical Corp. v. JMS Co., Ltd.*,
471 F.3d 1293 (Fed. Cir. 2006) .............................................................................. 14

*Dynacore Holdings Corp. v. U.S. Phillips Corp.*,
363 F.3d 1263 (Fed. Cir. 2004) ................................................................................ 5

*epicRealm Licensing, LLC v. Autoflex Leasing, Inc.*,
492 F.Supp.2d 608 (E.D. Tex. 2007)....................................................................... 10

*Global-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011) ................................................................................................. 9

*HZNP Medicines LLC v. Actavis Laboratories UT, Inc.*,
940 F.3d 680 (Fed. Cir. 2019) ............................................................................. 9, 11

*i4i Ltd. Partnership v. Microsoft Corp.*,
598 F.3d 831 (Fed. Cir. 2010) .................................................................................. 9

*Int'l Bus. Machines Corp. v. Booking Holdings Inc.*,
775 Fed. Appx. 674 (Fed. Cir. 2019)......................................................................... 4

*Intellectual Sci. & Tech., Inc. v. Sony Electronics, Inc.*,
589 F.3d 1179 (Fed. Cir. 2009) .............................................................................. 13

*Koninklijke Philips N.V. v. Zoll Medical Corp.*,
656 Fed. Appx. 504 (Fed. Cir. 2016)..................................................................... 4, 8

*Limelight Networks, Inc. v. Akamai Technologies, Inc.*,
572 U.S. 915 (2014) .............................................................................. 2, 11, 12, 13

*Manville Sales Corp. v. Paramount Systems, Inc.*,
917 F.2d 544 (Fed. Cir. 1990) .................................................................................. 5

*Medgraph, Inc. v. Medtronic, Inc.*,
    843 F.3d 942 (Fed. Cir. 2016) ................................................................. 8

*Mirror Worlds, LLC v. Apple Inc.*,
    692 F.3d 1351 (Fed. Cir. 2012) ........................................................ 1, 4, 5

*PA Advisors, LLC v. Google Inc.*,
    706 F. Supp.2d 739 (E.D. Tex. 2010) ....................................................... 8

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
    843 F.3d 1315 (Fed. Cir. 2016) ........................................................... 1, 5

*Takeda Pharmaceuticals U.S.A., Inc. v. West-Ward Pharmaceutical Corp.*,
    785 F.3d 625 (Fed. Cir. 2015) ........................................................... 9, 11

*Warner-Lambert Co. v. Apotex Corp.*,
    316 F.3d 1348 (Fed. Cir. 2003) .............................................................. 10

## Statutory Authorities

35 U.S.C. § 271(b) ....................................................................... 5, 9

## <u>NOTE ON CITATIONS</u>

- References to exhibits, indicated by the abbreviation "Ex.," followed by the exhibit number, refer to the Declaration of Miles D. Freeman in Support of Defendant Google LLC's Motion for Summary Judgment of No Direct Infringement and No Induced Infringement, filed concurrently herein.  The exhibit number is followed by brackets containing a brief description of the exhibit for the Court's convenience.

- "PMC" refers to Plaintiff Personalized Media Communications, LLC.

- "The '217 patent" refers to U.S. Patent No. 7,747,217, which is attached as Exhibit A to the Complaint.  Dkts. 1-1 & 1-2.

- "The '344 patent" refers to U.S. Patent No. 7,769,344, which is attached as Exhibit B to the Complaint.  Dkts. 1-3 & 1-4.

- "The '528 patent" refers to U.S. Patent No. 8,601,528, which is attached as Exhibit D to the Complaint.  Dkts. 1-7 & 1-8.

- "The '241 patent" refers to U.S. Patent No. 8,739,241, which is attached as Exhibit E to the Complaint.  Dkts. 1-9 & 1-10.

- The '217, '344, '528, and '241 patents are collectively referred to as the "Asserted Patents."

- Claims 1-3, 9, 11, 12, 16-18, and 20-22 of the '217 patent, claims 1 and 2 of the '344 patent, claims 21-27, 32, and 37-39 of the '528 patent, and claims 22, 23, 30, 31, 33, 34, 36, 37, and 39 of the '241 patent are collectively referred to as "the Asserted Claims."

Defendant Google LLC ("Google") hereby moves for summary judgment of no direct and indirect infringement of all Asserted Claims in this case.  Plaintiff PMC cannot raise a genuine issue of material fact as to whether Google directly infringes the Asserted Claims (all of which are method claims) or induces end users of the accused Google services and products to infringe.

"To infringe a method claim, all steps of the claimed method must be performed." *Mirror Worlds, LLC v. Apple Inc.*, 692 F.3d 1351, 1358 (Fed. Cir. 2012).  In order to demonstrate direct infringement, PMC must therefore show that Google performs each step of the asserted method claims.  But PMC's own infringement allegations show that, to the extent the claimed methods are performed at all, many of the method steps are performed by the end users and their personal devices, not by Google.  Because, under PMC's own infringement theories Google does not perform all steps of the claimed methods, the Court should enter summary judgment that Google does not directly infringe the Asserted Claims as a matter of law.

Additionally, the Court should grant summary judgment as to PMC's  inducement claims. For induced infringement, PMC must prove that (1) Google's end users directly infringe, (2) Google "actively induces" the infringement by encouraging the infringement or instructing users how specifically to infringe, and (3) that Google's active inducement was done with knowledge of the alleged infringement of the Asserted Patents.  *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1332 (Fed. Cir. 2016).  PMC has failed to come forward with sufficient evidence as to all three of these elements.  PMC's allegations of direct infringement by end users suffer from similar flaws as allegations against Google.  For many claims under PMC's own infringement allegations, the end users perform only *some* steps of the method, while Google allegedly performs the other steps.  But, as a matter of law, a divided performance of method steps cannot be an act of direct infringement underlying an inducement claim, any more

1

than it can for direct infringement.  *Limelight Networks, Inc. v. Akamai Technologies, Inc.*, 572 U.S. 915, 924 (2014).  PMC has also failed to adduce any legally sufficient evidence that would support an argument that Google "actively induces" any of the alleged infringement.  Instead, PMC vaguely points to the fact that Google "distributes" web browsers and "YouTube players" generally (despite the fact that neither, by themselves, are alleged to infringe).  Finally, for at least two of the four Asserted Patents, PMC admits that Google did not have pre-suit knowledge of the alleged infringement such that it cannot maintain a claim for pre-suit inducement as to those patents.  Thus, summary judgment (either in whole or in part) is warranted here as well.

## STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1.  Whether summary judgment of no direct infringement is appropriate where Google does not perform each step of the method of the Asserted Claims?

2.  Whether summary judgment of no induced infringement is appropriate where Google's end users do not perform each step of the method of the Asserted Claims?

3.  Whether summary judgment of no induced infringement is appropriate where Google does not "actively induce" its end users to perform each step of the method of the Asserted Claims?

4.  Whether summary judgment of no induced infringement is appropriate where PMC has not shown that Google "knew of" the Asserted Patents and "knew as well that the induced acts constitute patent infringement?"

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.  On July 30, 2019, Google served Individual Interrogatory No. 3, which asked PMC, among other things, to "describe the complete factual and legal bases for your contentions of infringement."  Ex. 1 (PMC's Response to First Set of Individual Interrogatories) at 7-8.  On August 30, 2019, PMC responded to Google's Individual Interrogatory No. 3 by incorporating by reference its Infringement Contentions.  *Id.* at 8-9.  PMC supplemented its response to Individual

██████████████████████████

Interrogatory No. 3 on May 3, 2020.  Ex. 2 (PMC's Second Supplemental Responses to First Set of Individual Interrogatories) at 7.  Neither PMC's original response or its supplemental response contain any disclosures regarding induced infringement, how Google allegedly "actively induces" the alleged direct infringement, or how Google had knowledge of the Asserted Patents and the alleged direct infringement.

2.   On May 18, 2020, PMC served the Expert Report of Zixiang Xiong Regarding Infringement of U.S. Patent Nos. 7,747,217, 7,769,344, 8,601,528, and 8,739,241 by Google.  Dr. Xiong's  report asserts that the Asserted Patents are infringed by functionality associated with YouTube and YouTube TV websites and applications.[1]  Ex. 3 (Xiong Report) at ¶¶ 53-56.  Dr. Xiong alleges that the '217 patent is infringed by "storyboard" preview images that are displayed as part of the playback of a YouTube video.  *Id.* at ¶ 53.  He asserts the '344 patent is infringed by the use of certain digital rights management (DRM) technologies when a user purchases paid, premium YouTube content.  *Id.* at ¶ 54.  And he contends the '528 patent is infringed by the use of certain video decoding timestamps and related techniques, and that the '241 patent is infringed by a user requesting content from a content delivery network.  *Id.* at ¶¶ 55-56.

3.   Dr. Xiong's opinions regarding direct infringement is essentially the same for each asserted patent.  ███████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████  *Id.* at ¶¶ 129, 144; *see also id.* at ¶¶ 149, 163 (similar).

---

[1] Solely for the purposes of this motion, references to "YouTube" include both YouTube and YouTube TV, whether in website or application form.

████████████████████████████████████████

4.  Dr. Xiong alleges that Google induces infringement of the Asserted Claims by YouTube users  because ████████████████████████████████████████████ ████████████████████  *Id.* at ¶¶ 130, 145, 150, 164.

5.  Dr. Xiong does not offer an opinion regarding how Google "actively induces" YouTube users to engage in direct infringement of the Asserted Claims.  Dr. Xiong does not offer an opinion regarding whether or how Google knew of the Asserted Patents.  Dr. Xiong also does not offer an opinion regarding whether or how Google knew that the induced acts constituted infringement of the Asserted Patents.

6.  Google did not have knowledge of at least the '528 patent or the '241 patent or their alleged infringement prior to the filing of the complaint in this action.  Ex. 4 (PMC's Response to First Set of Individual Requests for Admission) at 6.

## LEGAL STANDARD

"To infringe a method claim, all steps of the claimed method must be performed."  *Mirror Worlds,* 692 F.3d at 1358.  Selling or distributing a device that is merely capable of practicing a patented method is not an act of direct infringement.  *Koninklijke Philips N.V. v. Zoll Medical Corp.*, 656 Fed. Appx. 504, 521 (Fed. Cir. 2016) ("[A] party that sells an apparatus capable of performing a patented method is generally not liable for direct infringement if that infringing act comes to pass. Instead, the direct infringer would be the party who put that apparatus to use to perform the patented method.") (internal citations omitted).  Instead, in order to show direct infringement of a method claim, a plaintiff must show that the defendant has "performed all of the steps in the claimed methods."  *Mirror Worlds,* 692 F.3d at 1359.  The burden of proving infringement of a method claim rests with the plaintiff.  *Amgen Inc. v. Apotex Inc.,* 712 Fed. Appx. 985, 993 (Fed. Cir. 2017).  If even one step of the claimed method is performed by someone other than the defendant, summary judgment of no direct infringement is warranted.  *Int'l Bus. Machines*

4

██████████████████████████████████

*Corp. v. Booking Holdings Inc.*, 775 Fed. Appx. 674, 678 (Fed. Cir. 2019) (affirming summary judgment of non-infringement where end user devices performed step of method).

In addition to direct infringement, 35 U.S.C. § 271(b) also provides patentees with a cause of action against anyone who "actively induces infringement of a patent."  In order to make out a claim of induced infringement, a plaintiff must show: "(1) a third party directly infringed the asserted claims of the [patents-in-suit]; (2) [the defendant] induced those infringing acts; and (3) [the defendant] knew the acts it induced constituted infringement." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.,* 843 F.3d 1315, 1332 (Fed. Cir. 2016).  "The plaintiff has the burden of showing that the alleged infringer's actions induced infringing acts *and* that he knew or should have known his actions would induce actual infringements."  *Manville Sales Corp. v. Paramount Systems, Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990) (emphasis in original) (internal citations omitted).  A failure to show any of these three elements requires judgment in favor of the defendant. *Dynacore Holdings Corp. v. U.S. Phillips Corp.*, 363 F.3d 1263, 1278 (Fed. Cir. 2004).

## ARGUMENT

## I.   PMC'S INFRINGEMENT ALLEGATIONS DEMONSTRATE THAT GOOGLE DOES NOT DIRECTLY INFRINGE

### A.   PMC's Infringement Theories, Even If True, Only Demonstrate Infringement By End Users Or Divided Infringement

In order to make out a claim for direct infringement against Google, PMC must show that Google "perform[s] all of the steps in the claimed methods."  *Mirror Worlds,* 692 F.3d at 1359. But under PMC's own infringement analysis, at least some steps of each of the claimed methods are performed, if at all, by end users of the YouTube website or a YouTube application and the devices upon which those websites and applications run.

For example, all asserted claims of the '528 patent claim "a method for controlling the display of television programming at a receiver station." ████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████.  Those users determine whether to use the specific functionalities accused of infringement and, to the extent the claimed methods are used at all, the user's device would be the one that performs the method steps, as PMC itself acknowledges.

This issue is true across all of the other Asserted Claims.  The asserted '344 patent claims relate to a "method for reprogramming a receiver station," which PMC similarly alleges is any

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████ Here too, even if the Court accepts PMC's infringement allegations as true for the purposes of this motion, PMC has pointed to functionality that resides on and is performed by an end user's device, not Google.

██████████████████████████████████████████████

The asserted '217 patent claims relate to a "method of outputting a multimedia presentation

at a receiver station," ██████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████  Thus, here too, PMC's own infringement

allegations indicate that Google is not the alleged direct infringer.

The asserted claims of the '241 patent relate to a "method of controlling an intermediate

transmitter station to communicate television programming to a receiver station."  ████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████   Here again, PMC's own infringement claims show that it is accusing YouTube users and

their devices of infringement, not Google itself.

Finally, to the extent that PMC argues that Google performs certain steps of the claims

such  as "transmitting" a signal to the receiver station or operating an intermediate transmitter

station, that claim (even if true) is irrelevant.  "A finding of direct infringement requires that all steps of the claim are performed by or attributable to a single entity." *Medgraph, Inc. v. Medtronic, Inc.,* 843 F.3d 942, 948 (Fed. Cir. 2016) (internal citations omitted).  The fact that Google may perform a single step (or even multiple steps) in a particular claim has no bearing on the question of direct infringement where others (the end users) perform the remaining steps in the method. Instead, summary judgment of no direct infringement is warranted in such circumstances.  *Id.* at 949 (affirming summary judgment of no direct infringement where end users of defendant's software, such as doctors or patients, performed certain steps of claimed method).  If anything, that PMC alleged Google performed some, but not all, steps of a particular claim only further shows no direct infringement.  *PA Advisors, LLC v. Google Inc.*, 706 F. Supp.2d 739, 748 (E.D. Tex. 2010) (granting summary judgment of non-infringement because, among other things, performance of the method steps was divided between Google and its end users).

B.    Federal Circuit Law Precludes PMC's Argument That Distributing Software Is An Act Of Direct Infringement Of A Method Claim

Perhaps recognizing the infirmities of his direct infringement opinions detailed above, Dr. Xiong contends that Google directly infringes "by downloading and preloading the YouTube player onto user devices, such as smartphones, tablets, and computers." Ex. 3 (Xiong Report) at ¶¶ 129, 144; *see also id.* at ¶¶ 149, 163 (similar). But that argument is directly contrary to Federal Circuit law.  It is well established that "a party that sells an apparatus capable of performing a patented method is generally not liable for direct infringement if that infringing act comes to pass. Instead, the direct infringer would be the party who put that apparatus to use to perform the patented method." *Koninklijke Philips N.V. v. Zoll Medical Corp.*, 656 Fed. Appx. 504, 521 (Fed. Cir. 2016) (internal citations omitted).  This is true in the context of software in particular.  *i4i Ltd. Partnership v. Microsoft Corp.,* 598 F.3d 831, 850 (Fed. Cir. 2010) ("Because the claims asserted

8

by i4i are method claims, Microsoft's sale of Word, without more, did not infringe the '449 patent."). Saying the provision of software could result in direct infringement of a method claim as Dr. Xiong does is completely inconsistent with this settled law. Thus, any argument that there is direct infringement because Google "distributes" YouTube player applications or Chrome browsers is foreclosed by Federal Circuit law such that summary judgment is warranted.

## II.   PMC CANNOT MEET ITS BURDEN TO SHOW THAT GOOGLE INDUCES OTHERS TO INFRINGE

### A.   PMC Cannot Show "Active Inducement" Of The Alleged Direct Infringement

PMC has also not shown (and cannot show) that Google "actively induces" others to engage in the alleged direct infringement as required under 35 U.S.C. § 271(b). The Supreme Court has explained that Section 271(b)'s use of "induce" means "to lead on; to influence; to prevail on; to move by persuasion or influence" while "[t]he addition of the adverb 'actively' suggests that the inducement must involve the taking of affirmative steps to bring about the desired result." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 760 (2011). "To prove inducement, a plaintiff must present evidence of active steps taken to encourage direct infringement; mere knowledge about a product's characteristics or that it may be put to infringing uses is not enough." *HZNP Medicines LLC v. Actavis Laboratories UT, Inc.*, 940 F.3d 680, 701 (Fed. Cir. 2019) (citing *Takeda Pharmaceuticals U.S.A., Inc. v. West-Ward Pharmaceutical Corp.*, 785 F.3d 625, 630-31 (Fed. Cir. 2015)).

PMC has not adduced any evidence or come forward with any testimony that would allow the jury to conclude that Google "actively induces" YouTube users to infringe the Asserted Claims. During fact discovery, Google asked PMC, through an interrogatory, how Google induced others to infringe. Ex. 1 (PMC's Response to First Set of Individual Interrogatories) at 7. PMC did not provide any information in response to that interrogatory. *Id.* Instead, it simply incorporated by

██████████████████████████████████████

reference its Infringement Contentions. *Id.*  But those contentions do not contain any discussion of Google's alleged inducement.  Ex. 9 (Infringement Contentions Cover Pleading).

Dr. Xiong opines that Google induces its end users to infringe because Google allegedly ████████████████████████████████████████████████████████  Ex. 3 (Xiong Report) at ¶¶ 130, 145, 150, 164.  But this too fails as a matter of law.  Creating and distributing software, without more, does not constitute "active inducement."  That standard requires PMC to show that Google "actively induced" others to ***actually practice*** the claimed methods, not merely that devices or software *capable of practicing* the claimed methods were distributed by Google.  *epicRealm, Licensing, LLC v. Autoflex Leasing, Inc.*, 492 F.Supp.2d 608, 616 (E.D. Tex. 2007) (granting summary judgment of no inducement where defendant "only provides web pages which web users may visit").

The Federal Circuit has also held that "where a product has substantial noninfringing uses, intent to induce infringement cannot be inferred even when the defendant has actual knowledge that some users of its product may be infringing the patent."  *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1365 (Fed. Cir. 2003).  While Dr. Xiong asserts that Google "distributes" YouTube players and Chrome browsers, PMC's infringement allegations are far narrower than either piece of software.  For example, with respect to the asserted '344 patent, PMC only accuses premium, paid YouTube videos that utilize certain Digital Rights Management (DRM) technologies.  Ex. 3 (Xiong Report) at ¶ 143.  A user who simply downloads Google's Chrome browser or a "YouTube player" may never view such videos ███████████████████████████████ or may never even visit YouTube at all.  Ex. 10 ████████████████████████████████

████████████████████  Likewise, with respect to the '217 patent, a user who "downloads" a YouTube player may never even utilize the accused storyboard preview images at all.  Ex. 3 (Xiong

Report) at ¶ 128.  As to the '528 and '241 patents, a user who downloads the Chrome browser may never visit YouTube at all and thus would never use the accused coded frame processing algorithm or receive transmissions from an intermediate transmitter station.  *Id.* at ¶¶ 148, 163.  In short, across all of the Asserted Patents, PMC's infringement allegations (even if true) do no reach all (or even most) functionality that can be performed by a Chrome browser or a YouTube player. Thus, as a matter of law, these allegations cannot show that Google "actively induces" users to infringe.  *HZNP Medicines,* 940 F.3d at 701 (granting summary judgment and rejecting argument that simply selling product was sufficient to show inducement); *Takeda Pharmaceuticals*, 785 F.3d at 630 ("The sale of a lawful product by lawful means, with the knowledge that an unaffiliated, third party may infringe, cannot, in and of itself, constitute inducement of infringement.") (internal citations and quotations omitted).

B.      For All Asserted '241 Patent Claims And Certain Claims Of The '528 Patent, PMC Cannot Show Any Underlying Act Of Direct Infringement As A Matter Of Law

As to at least the asserted claims of the '241 patent and claims 32 and 37-39 of the '528 patent, PMC's infringement allegations indicate that any alleged acts of direct infringement are divided between YouTube users and Google.  As the Supreme Court has explained, "where there has been no direct infringement, there can be no inducement of infringement under § 271(b)." *Limelight Networks, Inc. v. Akamai Technologies, Inc.*, 572 U.S. 915, 922 (2014).  And where "performance of all the claimed steps cannot be attributed to a single person, [] direct infringement never occur[s]." *Id.* at 923.  But as discussed above in connection with direct infringement, PMC's own infringement allegations indicate that, for many of the Asserted Claims, some steps are allegedly performed by Google, while others are alleged performed by end users.

With respect to the '241 patent, all asserted claims relate to a "method of controlling an intermediate transmitter station to communicate television programming to a receiver station,"

███████████████████████████████████████

which PMC again contends is ██████████████████████████████████

███████████████ Ex. 8 (Xiong Report, Appx. D) at 2.  The claims first require "transmitting []

television programming, a first signal, and a second signal from said origination station to said

intermediate transmitter station."  *Id.* at 15.  ████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████    ███████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███ Thus, while PMC alleges that the "transmitting" step of the method is performed by Google,

it also alleges that the "receiving" and "outputting" steps are performed by YouTube users and

their devices.  This is divided infringement and precludes inducement.  *Limelight*, 572 U.S. at 923.

With respect to independent claim 32 and dependent claims 37-39 of the '528 patent, the

claims require "transmitting from a transmitter station an information transmission including a

television signal."  Ex. 5 (Xiong Report, Appx. C) at 65.  ███████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████    ███████████

██████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████     Thus, under PMC's infringement theories, Google allegedly performs the "transmitting" step while the receiver station performs the remaining steps.  Here again, this is an act of divided infringement as no single entity performs all the steps of the method, and this precludes a finding of inducement.  *Limelight*, 572 U.S. at 923.

Additionally, in his report, Dr. Xiong does not identify any specific instances of direct infringement where he attributes all steps of the method to the end users that Google allegedly induces to infringe.  Indeed, at deposition, when asked what the underlying acts of direct infringement were that Google induced, ████████████████████████████████

██████████████████     Ex. 11 (Xiong Depo. Tr.) at 88:3-19.  And when asked whether he understood that a claim of inducement required an underlying act of direct infringement, ████████████

████████████████████████████████     *Id.* at 87:3-20.  This only further demonstrates that  Dr. Xiong's *ipse dixit* conclusions without further evidence cannot raise a genuine issue of material fact.  *Intellectual Sci. & Tech., Inc. v. Sony Electronics, Inc.*, 589 F.3d 1179, 1183 (Fed. Cir. 2009) ("An expert's unsupported conclusion on the ultimate issue of infringement will not alone create a genuine issue of material fact.") (internal citation omitted).

C.     <u>For At Least The '528 And '241 Patents, PMC Cannot Show Knowledge Of The Alleged Infringement Prior To The Filing Of The Complaint</u>

Finally, even to the extent that PMC could overcome all of the above, at a minimum summary judgment of no pre-suit inducement is warranted for at least the '528 and '241 patents. In its Complaint, PMC alleged that Google had notice of the '528 and '241 patents only "at least as of the time of the filing of this Complaint."  Dkt. 1 at ¶ 58.  PMC took extensive fact discovery as to Google's pre-suit knowledge of PMC and its patents, including deposing three different

Google employees and serving numerous written discovery requests.  *See generally* Dkt. 209 at 1-6 (detailing PMC's discovery into Google's alleged prior knowledge of PMC and its patents).  Yet PMC adduced no evidence that Google had knowledge of the '528 or '241 patents prior to the filing of the complaint.  PMC has certainly never presented any evidence in its interrogatory responses or otherwise.  Rather, PMC admitted, in response to Google's requests for admissions, that it never informed Google of either patent prior to filing suit. Ex. 4 (PMC's Responses to First Set of Individual Requests for Admission) at 6.

It is black letter law that a claim for inducement fails where the defendant had no knowledge of the alleged direct infringement.  *Commil USA, LLC v. Cisco Systems, Inc.*, 135 S.Ct. 1920, 1926 (2015) ("[L]iability for induced infringement can only attach if the defendant knew of the patent and knew as well that the induced acts constitute patent infringement.") (internal citations omitted).  This knowledge must include both knowledge of the patent and knowledge of the alleged infringement.  *DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006).  But here, it is undisputed that Google had no pre-suit knowledge of the '528 and '241 patents and thus, could not have known of the alleged infringement prior to the filing of suit.  Under such circumstances, courts in this District have found that pre-suit inducement claims fail as a matter of law.  *Bush Seismic Technologies LLC v. Am. Gem Soc.,* No. 2:14-cv-1809-JRG, 2016 WL 9115381, at *3 (E.D. Tex. Apr. 13, 2016) (dismissing pre-suit inducement claims where no evidence of pre-suit knowledge of patents or alleged infringement); *Cywee Grp. Ltd. v. Huawei Device Co. Ltd.,* No. 2:17-cv-495-WCB, 2018 WL 3819392, at *5 (E.D. Tex. Aug. 10, 2018) (same).  Thus, partial summary judgment of no pre-suit induced infringement for the '528 and '241 patents is warranted.

## CONCLUSION

For at least the foregoing reasons, Google respectfully requests that the Court enter

14

summary judgment that Google does directly infringe the Asserted Claims and does not induce others to infringe them.

Dated: July 8, 2020                                       Respectfully submitted,

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
David A. Perlson
davidperlson@quinnemanuel.com
Carl G. Anderson
carlanderson@quinnemanuel.com
Felipe Corredor
felipecorredor@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700

Mark Yeh-Kai Tung
marktung@quinnemanuel.com
Andrew Bramhall (*pro hac vice*)
andrewbramhall@quinnemanuel.com
Olga Slobodyanyuk (*pro hac vice*)
olgaslobodyanyuk@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel : 650-801-5000
Fax: 650-801-5100

Nima Hefazi (*pro hac vice*)
nimahefazi@quinnemanuel.com
Miles D. Freeman
milesfreeman@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100

James Mark Mann
mark@themannfirm.com

Gregory Blake Thompson
blake@themannfirm.com
MANN TINDEL & THOMPSON
300 W. Main
Henderson, TX 75652
Tel: 903-657-8540
Fax: 903-657-6003

*Attorneys for Google LLC*

16



### CERTIFICATE OF SERVICE

Pursuant to Local Rule CV-5(c), the undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via email on July 8, 2020.

*/s/ Miles D. Freeman*
Miles D. Freeman

17