**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC<br><br>Plaintiff,<br><br>v. | |
| GOOGLE LLC<br><br>Defendant. | Case No.: 2:19-cv-90-JRG<br><br>JURY TRIAL DEMANDED |

## JOINT PROPOSED PRETRIAL ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and this Court's Second Amended Docket Control Order (Dkt. 188), Plaintiff Personalized Media Communications, LLC ("PMC") and Defendant Google LLC ("Google") (together, the "parties") submit this Joint Proposed Pretrial Order.

## I.    COUNSEL FOR THE PARTIES

Plaintiff:

Joseph S. Grinstein (lead attorney) (Texas State Bar No. 24002188)

Arun Subramanian (New York State Bar No. 4611869)

Tamar Lusztig (New York State Bar No. 5125174)

Geng Chen (New York State Bar No. 5377262)

Meng Xi (California State Bar No. 280099)

Rachel S. Black (Washington State Bar No. 32204)

Floyd Short (Washington State Bar No. 21632)

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

SUSMAN GODFREY L.L.P.


S. Calvin Capshaw (Texas Bar No. 03783900)

Elizabeth L. DeRieux (Texas Bar No. 05770585)

CAPSHAW DERIEUX LLP


Dmitry Kheyfits (New York State Bar No. 4743795)

KHEYFITS BELENKY LLP


Timothy R. DeWitt (Pro Hac Vice) (Virginia Bar No. 40522)

24IP LAW GROUP USA, PLLC


Defendant:

Charles Kramer Verhoeven (lead attorney) (California State Bar No. 170151)

David A. Perlson (California State Bar No. 209502)

Carl G. Anderson (California State Bar No. 239927)

Valerie Anne Lozano (California State Bar No. 260020) (*pro hac vice*)

Andrew J. Bramhall (California State Bar No. 253115) (*pro hac vice*)

Mark Yeh-Kai Tung (California State Bar No. 245782)

Dawn David (Utah State Bar No. 15808) (*pro hac vice*)

Nima Hefazi (California State Bar No. 272816) (*pro hac vice*)

Felipe Corredor (California State Bar No. 295692)

Olga Slobodyanyuk (California State Bar No. 311194) (*pro hac vice*)

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Michael Trombetta (California State Bar No. 320149) (*pro hac vice)*

QUINN EMANUEL URQUHART & SULLIVAN, LLP


James Mark Mann (Texas State Bar No. 1296150)

Gregory Blake Thompson (Texas State Bar No. 24042033)

MANN TINDEL & THOMPSON

## II.    STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 1 *et seq*. The parties do not contest personal jurisdiction in this case.

Google has filed a petition for writ of mandamus with the Federal Circuit seeking to vacate this Court's Order denying Google's motion to dismiss or transfer this case for improper venue (Dkt. 257), and staying all non-venue-related aspects of the case until resolution of the venue issues raised in Google's petition.

## III.    NATURE OF ACTION

This is an action for infringement of PMC's patents wherein PMC will seek to prove that Google has infringed and continues to infringe the asserted claims of U.S. Patent No. 7,747,217 (the "'217 Patent"), U.S. Patent No. 7,769,344 (the "'344 Patent"), U.S. Patent No. 8,601,528 (the "'528 Patent"), and U.S. Patent No. 8,739,241 (the "'241 Patent") (collectively, the "patents-in-suit"). PMC alleges that Google directly infringes pursuant to 35 U.S.C. § 271(a), and induces infringement by others pursuant to 35 U.S.C. § 271(b). PMC also will seek to demonstrate that this is an exceptional case. PMC seeks damages to compensate for Google's infringement in an amount no less than a reasonable royalty, as well as attorneys' fees and costs.

Google denies that it has infringed any of the asserted claims of the patents-in-suit.  Google

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

also contends that each of the asserted claims is invalid under at least 35 U.S.C. §§ 101, 102, 103, and/or 112.   Google also assert various affirmative defenses, including prosecution history estoppel; estoppel, disclaimer & waiver; limitations on patent damages; no irreparable harm; inequitable conduct and patent unenforceability (unclean hands); prosecution laches; express & implied license; lack of standing; collateral estoppel; res judicata; and improper venue.  Google also denies that PMC is entitled to damages and disputes the amount of damages to which PMC is entitled if it should establish infringement and the patents are held not invalid.

## IV.    CONTENTIONS OF THE PARTIES

The parties set forth below a summary of their contentions for trial. The parties do not necessarily agree with each other's summaries and contentions for trial and reserve all rights and objections.

<u>Plaintiff's Contentions:</u>

1.    PMC contends that Google directly infringes and induces infringement of the following claims (the "asserted claims"):

      a.    Claims 1, 2, 3, 9, 11, 12, 16, 17, 18, 20, 21, 22 of the '217 Patent

      b.    Claims 1 and 2 of the '344 Patent

      c.    Claims 21, 22, 23, 24, 25, 26, 27, 32, 37, 38, 39 of the '528 Patent

      d.    Claims 22, 23, 30, 31, 33, 34, 36, 37, 39 of the '241 Patent.[1]

2.    PMC contends that it owns all right, title, and interest in and to the patents-in-suit and possesses all rights of recovery.

3.    PMC contends that Google had notice of infringement of the patents-in-suit.

---

[1] PMC expects that the asserted claims will be narrowed prior to trial and has proposed a schedule for the parties to narrow claims and prior art contentions after the Court rules on Google's pending *Daubert* and summary judgment motions pertaining to infringement, ineligibility, and invalidity.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

4.      PMC contends that each of the patents-in-suit has been issued by the United States Patent and Trademark Office ("USPTO") and therefore is entitled to a presumption of validity, and that Google cannot prove that any of the asserted claims is invalid by clear and convincing evidence.

5.      PMC contends that the asserted claims of the '217 Patent are entitled to a priority date of no later than June 23, 1981. PMC contends that the asserted claims of the '344 Patent and '241 Patent are entitled to a priority date of no later than November 3, 1981. PMC contends that the asserted claims of the '528 Patent are entitled to a priority date of no later than September 11, 1987.

6.      PMC contends that it is entitled to damages, together with interest (both pre-judgment and post-judgment), adequate to compensate it for Google's infringement, in an amount no less than a reasonable royalty for the use made of the invention by Google.

7.      PMC contends that Google cannot prove that it has a license to the patents-in-suit.

8.      PMC contends that Google cannot prove that PMC lacks standing to bring this suit.

9.      PMC contends that Google cannot prove that PMC's damages should be limited by 35 U.S.C. § 287 or that its recovery of costs should be limited by 35 U.S.C. § 288. PMC contends that it was not required to mark any products with respect to the patents-in-suit.

10.      PMC contends that the Eastern District of Texas is a proper venue for this suit.PMC contends that Google cannot prove that the asserted claims and/or patents-in-suit are unenforceable under the doctrines of inequitable conduct, unclean hands, or prosecution laches.

11.      PMC contends that this is an exceptional case and that PMC therefore is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

Defendant's Contentions:

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

By providing these contentions, Google does not concede that all of these issues are appropriate for trial.  In particular, Google does not waive any of its motions *in limine,* motions for summary judgment, motions to strike, or *Daubert* motions, which, if granted, would render some or all of these issues moot.  Google's contentions in this case are detailed in part in Google's answers and affirmative defenses, Google's pending motions (*see* Part X below), including its motions for summary judgment, motions to strike, *Daubert* motions, motions *in limine*, Google's invalidity contentions, and Google's expert reports, which are all incorporated by reference herein. In sum, Google contends the following:

1.      Google does not infringe and has not infringed, either directly or indirectly, any asserted claim of the '217 patent.

2.      Google does not infringe and has not infringed, either directly or indirectly, any asserted claim of the '344 patent.

3.      Google does not infringe and has not infringed, either directly or indirectly, any asserted claim of the '528 patent.

4.      Google does not infringe and has not infringed, either directly or indirectly, any asserted claim of the '241 patent.

5.      The asserted claims of the '217 patent are invalid under 35 U.S.C. § 101, 35 U.S.C. § 103, the doctrine of obviousness-type double patenting, and/or 35 U.S.C. § 112 (lack of adequate written description and/or lack of enablement).

6.      The asserted claims of the '344 patent are invalid under 35 U.S.C. § 101, 35 U.S.C. § 102, 35 U.S.C. § 103, the doctrine of obviousness-type double patenting, and/or 35 U.S.C. § 112 (lack of adequate written description and/or lack of enablement).

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

7.     The asserted claims of the '528 patent are invalid under 35 U.S.C. § 101, 35 U.S.C. § 102, 35 U.S.C. § 103, the doctrine of obviousness-type double patenting, and/or 35 U.S.C. § 112 (lack of adequate written description and/or lack of enablement).

8.     The asserted claims of the '241 patent are invalid under 35 U.S.C. § 101, 35 U.S.C. § 103, the doctrine of obviousness-type double patenting, and/or 35 U.S.C. § 112 (lack of adequate written description and/or lack of enablement).

9.     PMC has failed and will fail at trial to meet its burden to show that any of the asserted claims of the patents-in-suit are entitled to priority dates earlier than September 11, 1987, the date on which the earliest continuation in the chain, U.S. Application No. 07/096,096, was filed.  PMC has failed and will fail at trial to meet its burden to show that the '217 patent is entitled to the alleged priority date of June 23, 1981, that the '344 patent is entitled to the alleged priority date of August 11, 1981, and that there was diligence between the alleged conception dates and subsequent constructive reduction to practice.

10.     PMC is not entitled to damages on its claims of infringement. To the extent damages are to be awarded, PMC's calculation of a reasonable royalty relies on an improper methodology and improper evidence, and PMC has failed to provide a suitable basis on which damages may be properly calculated.

11.     PMC's claims for relief are barred by doctrines of license.  On December 11, 2000, PMC entered into a license, the TVG-PMC Exclusive IPG License Agreement, that "grants to [Rovi] a perpetual, irrevocable, fully paid-up, worldwide, exclusive license, including the right to sublicense, to make, have made, use, sell, offer to sell, import or lease the inventions disclosed and claimed in the Patent Rights within the Interactive Program Guide field." ███████████

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

█████████████████████████████████████████████████████████████████

███████.

12.    PMC does not have statutory, as well as jurisdictional, standing to bring this suit based on the December 11, 2000 TVG-PMC Exclusive IPG License Agreement. The license gives Rovi "the exclusive right, but not the obligation, to enforce the Patent Rights in its own name against any Person operating in the Interactive Program Guide field."  And it gives Rovi near-total control over such enforcement actions: "Any enforcement action brought under this provision shall be controlled exclusively by [Rovi] provided, however, that such enforcement action shall be conducted in consultation with PMC."  PMC thus lacks all substantial rights to the asserted patents and is accusing Interactive Program Guide licenses that Rovi has the "exclusive right, but not the obligation, to enforce."  PMC lacks standing.

13.    PMC's claim for damages, if any, against Google for alleged infringement is limited by 35 U.S.C. §§ 286 and 287 and its recovery of costs is limited under 35 U.S.C. § 288. For instance, PMC is precluded from recovering pre-suit damages for at least the '217 patent under 35 U.S.C. § 287 because it failed to provide Google with actual notice of its alleged infringement prior to the filing of this lawsuit and failed to require marking of licensed products.  Indeed, in the following litigations PMC asserted one or more apparatus claims of the '217 patent were infringed by defendants digital televisions and smartphones:  *PMC v. Funai Electric Co., et al.*, Case No. 16-cv-00105-JRG-RSP, Dkt. 1 (E.D. Tex., Feb. 1, 2016); *PMC v. Samsung Electronics America, Inc., et al.*, Case No. 15-cv-1754-JRG-RSP, Dkt. 1 (E.D. Tex., Nov. 10, 2015); *PMC v. TCL Corp., et al.*, Case No. 17-cv-433-JRG, Dkt. 1 (E.D. Tex., May 17, 2017).  PMC resolved each litigation by providing a license to the '217 patent for the accused digital televisions and smartphones, but did not include an obligation for the defendants to mark these licensed products.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

14.     PMC is not entitled to an ongoing royalty.

15.     PMC is not entitled to pre-judgment or post-judgment interest or costs.

16.     PMC is not entitled to an award of its attorneys' fees.

17.     Google has engaged in all relevant activities in good faith, thereby precluding PMC, even if it prevails, from recovering its reasonable attorneys' fees or costs under 35 U.S.C. § 285.

18.     This is an exceptional case entitling Google to attorneys' fees, costs, and interest.

19.     The Eastern District of Texas is not a proper venue for suit against Google under 28 U.S.C. § 1400(b).

20.     PMC's claims for relief are barred in whole or in part by the doctrine of unclean hands.

21.     PMC's claims for relief are barred under the doctrine of inequitable conduct.

22.     PMC's claims for relief are barred under the doctrine of prosecution laches.

23.     Google cannot be liable for induced infringement prior to the filing of the complaint because PMC failed to provide pre-suit notice of alleged infringement of any patent-in-suit.

24.     The asserted claims are claims 1, 2, 3, 9, 11, 12, 16, 17, 18, 20, 21, 22 of the '217 Patent; claims 1 and 2 of the '344 Patent; claims 21, 22, 23, 24, 25, 26, 27, 32, 37, 38, 39 of the '528 Patent; and claims 22, 23, 30, 31, 33, 34, 36, 37, 39 of the '241 Patent.

25.     Google did not have knowledge of at least the '528 patent or the '241 patent or their alleged infringement prior to the filing of the complaint in this action.

26.     ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████  As a result of the December 11, 2000 TVG-PMC Exclusive IPG License Agreement between Rovi and PMC, discussed above, the asserted patents are "Company Patents."

27.  TVG-PMC is a direct subsidiary of Rovi.

28.  On December 11, 2000, PMC gave a license to TVG-PMC that included "a perpetual irrevocable, fully paid-up, worldwide, exclusive license, including the right to sublicense, to make, have made, use, sell, offer to sell, import or lease the inventions disclosed and claimed in the Patent Rights within the Interactive Program Guide field." PMC also gave TVG-PMC "the exclusive right, but not the obligation, to enforce the Patent Rights in its own name against any Person operating the Interactive Program Guide field." The agreement further defines "Patent Rights" as any and all patents . . . now or in the future owned by PMC."

29.  PMC has asserted apparatus claims (in addition to method claims) of the '217 patent in multiple prior litigations before this Court, including one or more of apparatus claims 30-56. *See, e.g., PMC v. Funai Electric Co., et al.,* Case No. 16-cv-00105-JRG-RSP; *PMC v. Samsung Electronics America, Inc., et al.*, Case No. 15-cv-1754-JRG-RSP; *PMC v. TCL Corp., et al.*, Case No. 17-cv-433-JRG. *, LLC v. Samsung Electronics America, Inc.,* No. 2:15-cv-1754-JRG-RSP (E.D. Tex.).

## V.  STIPULATIONS AND UNCONTESTED FACTS

### A.  **Uncontested Facts**

30.  PMC is a limited liability company organized and existing under the laws of the State of Texas, with an office at 14090 Southwest Freeway, Suite 380, Sugar Land, Texas 77478.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

31.      Google is limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043. YouTube, LLC is a wholly owned subsidiary of Google.

32.      The '217 Patent, entitled "Signal Processing Apparatus and Methods," was issued by the USPTO on June 29, 2010.

33.      The '344 Patent, entitled "Signal Processing Apparatus and Methods," was issued by the USPTO on August 3, 2010.

34.      The '528 Patent, entitled "Signal Processing Apparatus and Methods," was issued by the USPTO on December 3, 2013.

35.      The '241 Patent, entitled "Signal Processing Apparatus and Methods," was issued by the USPTO on May 27, 2014.

36.      The patents-in-suit are assigned to PMC.

**B.      Stipulations on Trial Management Procedures[2]**

1.      Underline Remote Witnesses.

Google: As allowed by the Federal Rules of Civil Procedure and consistent with this Court's prior rulings, and due to the health and safety concerns presented by COVID-19 and corresponding various state and municipal measures intended to limit the movement of citizens and close all non-essential businesses, witnesses should be able to appear live through videoconference, rather than in person. Fed. R. Civ. P. 16(b). ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████. PMC stated that it

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

would not stipulate to a provision in the Pre-trial Order regarding witnesses testifying remotely due to COVD-19 issues, but in response to Google's inquiry did not say why.

At 11:38 CT PMC added the statement below.  PMC did not inform Google it opposed remote testimony and disagrees with PMC's hyperbolic statements.   Nevertheless, Google looks forward with working with PMC in good faith on these issues.

PMC: PMC has the right to confront Google's witnesses in person, and it previously informed Google of this position, including when the parties met and conferred regarding motions in *limine*. It is highly misleading for Google to claim that it does not know why PMC will not agree to Google's stipulation. Google has never previously mentioned any health issues relating to Dr. Ramchandran, and it appears to be using those health issues to leverage a larger result – to permit all of Google's corporate witnesses to testify remotely.  This is confirmed by Google's witness list, which indicates none of its fact witnesses will attend trial live.  If Google wishes to leave its witnesses at home and not have them testify at trial, that is its prerogative. But it has no right to deny PMC confrontation of those witnesses at trial by what amounts to corporate fiat.

2.    Demonstratives for Opening and Direct Examination. The parties will exchange copies of all forms of demonstratives that they plan to use during direct examination—but not for cross-examination, a party's examination of its own witness that the opposing party has called adversely, or closing statements—by 7:00 PM Central Time on the night before their intended use. The parties shall exchange objections to these demonstratives by 9:00 PM Central Time on the day the demonstratives are received. Non-substantive corrections of typographical type errors to demonstratives may be made prior to use, as long as these edits or corrections are reasonably disclosed in advance of their use.

12

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

a.  Demonstratives that the parties plan to use during opening statements will be exchanged at 5:00 PM Central Time on the night before their intend use. The parties shall exchange objections to these demonstratives by 8:00 PM Central Time on the day the demonstratives are received.

b.  This stipulation applies to demonstratives specifically created for the purpose of the trial and for illustrative purposes only, and do not include (1) demonstratives created in the courtroom during testimony or opening at trial; or (2) the enlargement, highlighting, ballooning, underlining, or the like, of trial exhibits or transcripts of trial testimony, or transcripts of deposition testimony for which objections have been cleared.

c.  Demonstratives need not be included in the parties' respective exhibit lists.

d.  Neither party will use the other party's own demonstratives before they are used by the disclosing party.

3.  <u>Non-Documentary and/or Live Demonstratives.</u> The parties will make available for inspection all non-documentary demonstratives or live demonstratives, such as physical exhibits, physical prior art or physical products, that they plan to use during direct examination or during opening or closing statements—but not for cross-examination or a party's examination of its own witness that the opposing party has called adversely—by 7:00 PM Central Time two nights before their intended use. The parties shall exchange objections to these non-documentary demonstratives or live demonstratives by 9:00 PM Central Time on the night before their intended use. Demonstratives previously displayed in the course of the trial need not be disclosed again.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

4.      <u>Witnesses.</u> The parties will identify witnesses to be called live and by deposition (in the reasonably anticipated order of call) at 7:00 PM Central Time two nights before the day of trial during which the witnesses are expected to testify.

5.      <u>Deposition Designations.</u>   For each witness that a party intends to call by deposition, the party shall, by 7:00 PM Central Time two calendar days prior to the date the party intends to call such witness, provide the other side with a list of final designations that will be played.  The receiving party shall provide a final list of objections and counter-designations by 9:00 PM Central Time the same day.

- Witnesses presented by video will be divided by the actual time for designations and counter-designations by each party.

- The party who seeks to introduce the deposition testimony will be responsible for preparing the video clips to be played, including the counter-designations made by the other side.

- Any deposition testimony [PMC: taken in this case] may be used at trial for the purpose of impeachment, regardless of whether a party specifically identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

6.      <u>Disclosing Exhibits for Use with Witnesses.</u>  At 7:00 PM Central Time on the day prior to each trial day, each party will disclose to the other party, for each expected witness, any exhibits that it intends to use with that witness during direct examination. This stipulation does not apply to witnesses called adverse. The parties' disclosures will reflect a good faith estimate of the exhibits that will be used with a particular witness and reasonable efforts will be made to streamline disclosures such that they do not include excessive numbers of exhibits that do not ultimately get

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

used. At 9:00 PM Central Time on the day prior to each trial day, the non-offering party shall notify the offering party of any objections to the proposed exhibits.

7. <u>Resolution of Objections.</u> The parties will meet and confer regarding any objections at 9:30 PM Central on the night the objections are exchanged. Any unresolved objections will be raised with the Court by email directed to the Court's law clerk(s) no later than 10:30 PM Central Time for resolution the next morning outside the presence of the jury.

8. <u>Use of Pre-Admitted Exhibits During Opening.</u> The parties agree that any exhibit pre-admitted at the time of opening statements may be shown to the jury during opening statements if the exhibit will be the subject of testimony and explained to the jury by a witness at trial.

9. <u>Materials Designated Confidential.</u> The parties agree that the notice required by paragraph 18 of the Protective Order (Dkt. 86) of a party's intent to use the other party's Protected Material during trial shall be modified as follows: A party shall provide notice of intent to use the other party's Protected Material by 7:00 PM Central Time (if used for a demonstrative or examination of the other party's witness called adversely) or 9:00 PM Central Time (if used for cross-examination) on the night before their intended use, so that the Producing Party may request that the courtroom be sealed. Parties need only provide notice of intent to use Protected Material but need not specifically identify such Protected Material. The Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material, nor will they oppose a reasonable motion to seal or redact transcripts containing Protected Material.

10. <u>Witness Binders.</u> The parties agree that there is no requirement to prepare a binder of evidence or demonstratives for a witness; however, if a party provides a binder to a witness, the

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

party will provide at least one copy to the opposing side at the same time the binder is presented to the witness.

11.     <u>Notice of Intent to Rest.</u> A party will provide to the Court and the other party a good-faith notice that it expects to rest by 5:00 PM Central Time or prior to leaving court, whichever is later, the day before that party expects to rest and provide a good-faith estimate of how much additional trial time the party expects to use before resting.

12.     Each party reserves the right to use exhibits and deposition designations from the other party's trial exhibit list and designations, even if not separately listed on its own list. Each party also reserves the right to use deposition counter designations as part of its affirmative designations, and any initial or counter-counter designations as counter designations. The parties agree to edit out attorney objections and colloquy from the deposition clips. The parties also agree that each deposition will be played in order of the witness's testimony at the deposition, rather than, *e.g.*, playing all initial designations followed by all counter-designations.

13.     The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document.

C.     <u>**Stipulations on Evidentiary Issues**</u>

1.     The parties filed a Joint Stipulation and [Proposed] Order on Motions in Limine (Dkt. 339).

2.     The parties will endeavor to enter into a stipulation on the authenticity of exhibits.

## VI.     CONTESTED ISSUES OF FACT AND LAW

The parties set forth below their contested issues of fact and law for trial.  The parties do not agree that each contested issue listed is properly raised in the jury trial or that each contested issue may be properly raised in the jury trial.  The parties reserve all rights and objections.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Plaintiff's Contested Issues:

1.      Whether Google infringes or induces infringement of one or more of the asserted claims of the patents-in-suit.

2.      Whether Google had notice of infringement of the patents-in-suit.

3.      Whether Google spoliated evidence related to licensing discussions between PMC and Google.

4.      Whether the asserted claims of the patents-in-suit are valid.

5.      Whether the asserted claims of the '217 Patent are entitled to a priority date of June 23, 1981, and whether the asserted claims of the '344 Patent and '241 Patent are entitled to a priority date of November 3, 1981.

6.      Whether PMC is entitled to damages to compensate for Google's infringement and, if so, the amount of such damages and whether PMC is entitled to an ongoing royalty, and whether PMC's damages are limited by 35 U.S.C. § 287.

7.      Whether Google has a license to the patents-in-suit.

8.      Whether PMC has standing to enforce the patents-in-suit.

9.      Whether the asserted claims and/or patents-in-suit are unenforceable due to the doctrines of inequitable conduct, unclean hands, or prosecution laches.

10.      Whether this case is an exceptional case entitling PMC to attorneys' fees and costs and, if so, in what amount, and whether PMC's recovery of costs is limited by 35 U.S.C. § 288.

11.      Whether PMC is entitled to pre- and post-judgment interest and, if so, in what amount.

Defendant's Contested Issues:

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1.      Whether Google infringes or induces infringement of one or more of the asserted claims of the patents-in-suit.

2.      Whether acceptable non-infringing alternatives existed during the period of the alleged infringing activity.

3.      Whether the asserted claims of the '217 patent are invalid under 35 U.S.C. § 101, 35 U.S.C. § 103, the doctrine of obviousness-type double patenting, and/or under 35 U.S.C. § 112 (for lack of adequate written description and/or enablement).

4.      Whether the asserted claims of the '344 patent are invalid under 35 U.S.C. § 101, 35 U.S.C. § 102, 35 U.S.C. § 103, the doctrine of obviousness-type double patenting, and/or under 35 U.S.C. § 112 (for lack of adequate written description and/or enablement).

5.      Whether the asserted claims of the '528 patent are invalid under 35 U.S.C. § 101, 35 U.S.C. § 102, 35 U.S.C. § 103, the doctrine of obviousness-type double patenting, and/or under 35 U.S.C. § 112 (for lack of adequate written description and/or enablement).

6.      Whether the asserted claims of the '241 patent are under 35 U.S.C. § 101, 35 U.S.C. § 103, the doctrine of obviousness-type double patenting, and/or under 35 U.S.C. § 112 (for lack of adequate written description and/or enablement).

7.      Whether the asserted claims of the '217, '344, and '241 patents are entitled to a priority date any earlier than September 11, 1987.

8.      Whether PMC's claims for relief are barred by doctrine of license.

9.      Whether PMC has jurisdictional or statutory standing to bring this suit based on the December 11, 2000 TVG-PMC Exclusive IPG License Agreement.

10.     Whether PMC's damages claim is limited by 35 U.S.C. §§ 286 and 287 and its recovery of costs is limited under 35 U.S.C. § 288.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

11.     Whether PMC is entitled to an ongoing royalty.

12.     Whether this is an exceptional case entitling Google to attorneys' fees, costs, and interest.

13.     Whether PMC's claims for relief are barred in whole or in part by the doctrine of unclean hands.

14.     Whether PMC's claims for relief are barred under the doctrine of inequitable conduct.

15.     Whether PMC's claims for relief are barred under the doctrine of prosecution laches.

16.     Whether Google can be liable for induced infringement prior to the filing of the complaint in view of PMC's failure to provide pre-suit notice of alleged infringement of any patent-in-suit.

## VII.   LIST OF WITNESSES AND DEPOSITION DESIGNATIONS

PMC's witness list is attached as Exhibit 1. PMC's deposition designations (with Google's objections and counter-designations, and PMC's objections to counter-designations and counter-counter designations) are attached as Exhibit 2.

Google's witness list is attached as Exhibit 3.[3] Google's deposition designations (with

---

[3]   PMC: At the close of business on September 2, 2020, Google, for the first time, purported to add Joseph Guiliano to its witness list. That untimely addition does not cure Google's failure to previously list Mr. Guiliano, or any of the other issues with Google's attempt to use Mr. Guiliano's testimony at trial, already before the Court as briefed in Dkt. No. 340 at 15.

Google: As part of its pre-trial disclosures, Google's deposition designations identified Mr. Guiliano and designated testimony from him for use at trial.  Nevertheless, PMC's MIL No. 19 seeks to exclude this testimony because it contends that Google should have additionally listed Mr. Guiliano on its trial witness list.  PMC's contention is without merit for reasons already explained in Google's Opposition to PMC's MIL.  Nevertheless, to eliminate this dispute, Google updated its witness list to list Mr. Guiliano pursuant to the September 2 date in the DCO for Updated Exhibit Lists. Dkt. 188, 2.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

PMC's objections and counter-designations, and Google's objections to counter-designations and counter-counter designations) are attached as Exhibit 4.

## VIII.   EXHIBIT LISTS

PMC's exhibit list (with Google's objections) is attached as Exhibit 5. Google's exhibit list and supplemental and rebuttal exhibit list (with PMC's objections) are attached as Exhibit 6.

## IX.   PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS

The parties' proposed preliminary jury instructions are attached as Exhibit 7. PMC's proposed verdict form is attached as Exhibit 8. Google's proposed verdict form is attached as Exhibit 9.

## X.   LIST OF PENDING MOTIONS

1.      Dkt. 222: Defendant Google's Motion to Strike Untimely Infringement Contentions

2.      Dkt. 227: PMC's Motion for Summary Judgment, or, in the Alternative, to Exclude Expert Testimony, Regarding Google's License Defense

3.      Dkt. 228: Plaintiff Personalized Media Communications, LLC's Motion to Exclude Expert Testimony of Nicholas P. Godici

4.      Dkt. 229: Plaintiff Personalized Media Communications, LLC's Motion for Summary Judgment on Google's Affirmative Defense of Inequitable Conduct

5.      Dkt. 230: Plaintiff Personalized Media Communications, LLC's Motion for Summary Judgment on Affirmative Defenses of Prosecution Laches, Prosecution History Estoppel, Estoppel, Disclaimer, Waiver, Patent Misuse, and Unclean Hands

6.      Dkt. 231: Defendant Google LLC's *Daubert* Motion to Exclude Expert Opinions of Dr. Zixiang Xiong

7.      Dkt. 232: Defendant Google LLC's *Daubert* Motion to Exclude Expert Opinions of Jonathan E. Kemmerer

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

8.      Dkt. 233: Defendant Google LLC's Motion to Strike Untimely Priority & Secondary Considerations Opinions

9.      Dkt. 234: Defendant Google LLC's Motion for Summary Judgment of Invalidity of U.S. Patent Nos. 8,601,528 and 8,739,241

10.     Dkt. 235: Defendant Google LLC's Motion for Summary Judgment of No Direct Infringement and No Induced Infringement

11.     Dkt. 236: Defendant Google LLC's Motion for Summary Judgment of U.S. Patent Nos. 7,769,344, 7,747,217, and 8,739,241

12.     Dkt. 341: Defendant Google LLC's Motions *in Limine*

13.     Dkt. 343: PMC's Corrected Omnibus Motions *in Limine*

## XI.    LENGTH OF TRIAL

Jury Trial

PMC:  PMC estimates that the jury trial will last 5 days (or 13 hours per side, excluding opening, closing and *voir dire*).

Google:  Google estimates that the jury trial will last 5 days (or 14 hours per side, excluding opening, closing and *voir dire*).

The parties believe that the Court should allocate:

- 40 minutes per side for *voir dire*;

- 30 minutes per side for opening statements;

- 45 minutes per side for closing statement.

Google: PMC presently asserts 34 claims across 4 patents.  There can be no legitimate dispute that PMC cannot realistically raise this many claims and/or patents at trial.  Accordingly, after a meet and confer on case narrowing in which PMC asked that Google provide a proposal,

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

on August 25, 2020, Google proposed that PMC should reduce the number of asserted claims to no more than 2 claims per patent and 8 claims total, followed by Google narrowing its prior art references for anticipation and obviousness to 12 references total.  In response, PMC did not dispute it would not be presenting all 34 claims and 4 patents at trial, PMC argued that narrowing was "premature."  PMC's counter-proposed that within 48 hours after disposition of the final of Google's *Daubert* or summary judgment motions pertaining to infringement, ineligibility, and invalidity, PMC will reduce its asserted claims to a maximum of eight total claims.  Within 48 hours of that reduction by PMC, Google will reduce its asserted anticipation/obviousness theories to a maximum of two theories per elected claim, with a "theory" being defined as (1) an anticipatory theory, or (2) specific combination of references (such as "reference X + reference Y," or "reference X + state of the art") for obviousness purposes.  However, PMC's counter-proposal is not viable because claim narrowing will take place too close to trial, and it is not realistic for Google to only have 48 hours to narrow its anticipation/obviousness theories.  Contrary to PMC's suggestion, invalidity is a defense to infringement and necessarily depends on what claims are asserted.  PMC's refusal to narrow is prejudicial to Google because it requires Google to expend resources preparing defenses on claims on which PMC has no intention to move forward.   Google will thus request at the pre-trial conference that the Court dock from PMC's time at trial and/or opening and closing time an amount of time the Court deems appropriate for any claim(s) PMC drops after the pre-trial conference.

PMC: At the pretrial conference, PMC will oppose Google's unfair and unreasonable demand that PMC narrow its asserted claims before it knows which claims remain in this case. By filing multiple motions for summary judgment that combine to cover all asserted claims of the patents-in-suit, Google introduced the present uncertainty in the status of the asserted claims. It is

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

prejudicial to PMC to require it to bear the risk on *Google*'s motions by forcing it to narrow its claims before the Court rules on those motions. Although PMC has explained its reasoning several times, Google has never acknowledged PMC's reasonable concerns about narrowing claims that could theoretically be dismissed from the case, and unlike PMC, has never suggested any compromise proposal. Furthermore, any prejudice to Google from preparing defenses on claims that are not ultimately asserted at trial is dwarfed by the resources expended by both parties to prepare expert reports, present experts for deposition, and prepare summary judgment and *Daubert* briefing on the currently asserted claims. If Google were truly worried about these resource expenditures, it could and should have raised the issue of claim/invalidity narrowing much earlier. But the Court should not allow Google to arbitrarily decree that PMC must narrow its claims for Google's convenience at this time and at significant cost to PMC. Finally, Google is certainly aware now of numerous prior art references that it will likely not assert at trial, regardless of the specific claims that PMC elects. Google does not, however, propose to dock its own closing time for failing to reduce those references at this juncture.

<u>Bench Trial</u>

<u>PMC</u>: PMC does not believe a bench trial is necessary, Dkts. 229, 230, but if one is, PMC proposes that Google's affirmative equitable defenses will be tried to the Court without a jury. As discussed in PMC's Motion in Limine No. 9, however, PMC expects that the parties will dispute whether certain evidence—such as office actions and other notices authored by Examiner William Luther and later withdrawn by the PTO—is relevant only to equitable issues reserved for the Court. PMC also disputes Google's contention that the issue of patentable subject matter under 35 U.S.C. § 101 should be decided solely by the Court, as under Federal Circuit law, any fact issues raised by Google's arguments should be tried to the jury. *See Berkheimer v. HP Inc.*, 881 F.3d 1360,

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

1370 (Fed. Cir. 2018).

<u>Google:</u> Whether the asserted patents claim patentable subject matter under 35 U.S.C. §101 is to be decided be the Court.  Further, Google does not object that equitable defenses should be resolved by the Court, and tried by the Court to the extent facts are reasonably disputed.  But as noted in its Opposition to PMC's Motion in Limine No. 9, evidence that is relevant to non-equitable issues to be tried to the jury should not be excluded merely because it is also relevant to equitable defenses.

## XII.    CERTIFICATIONS

The undersigned counsel to the Parties hereby certify and acknowledge the following on behalf of their respective parties:

1.      Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.

2.      The parties have complied with discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.[4] The parties have stipulated and moved this Court on various issues altering discovery limitations, which have been approved by this Court.

3.      Each exhibit in the Exhibit Lists attached: (a) is in existence; (b) is numbered; and (c) has been disclosed and shown to opposing counsel.

Dated: September 2, 2020                      Respectfully submitted,

By: */s/ Joseph S. Grinstein*                      By: */s/ Charlie K. Verhoeven*

Arun Subramanian                               Charles K. Verhoeven
New York State Bar No. 4611869                 charlesverhoeven@quinnemanuel.com

---

[4] This representation is subject to any matters addressed in pending motions and/or objections.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Tamar Lusztig
New York State Bar No. 5125174
Geng Chen
New York State Bar No. 5377262
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019-6023
Telephone: (212) 336-8330
asubramanian@susmangodfrey.com
tlusztig@susmangodfrey.com
gchen@susmangodfrey.com

Joseph S. Grinstein
Texas State Bar No. 24002188
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 653-7820
Fax: (713) 654-6666
jgrinstein@susmangodfrey.com

Meng Xi
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Fax: (310) 789-3150
mxi@susmangodfrey.com

Rachel S. Black
Floyd Short
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98191
Telephone: (206) 516-3880
Fax: (206) 516-3883
rblack@susmangodfrey.com
fshort@susmangodfrey.com

S. Calvin Capshaw
Texas Bar No. 03783900
Elizabeth L. DeRieux
Texas Bar No. 05770585
CAPSHAW DERIEUX LLP
114 E. Commerce Avenue
Gladewater, TX 75647

David A. Perlson
davidperlson@quinnemanuel.com
Carl G. Anderson
carlanderson@quinnemanuel.com
Felipe Corredor
felipecorredor@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700

Mark Yeh-Kai Tung
marktung@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel : 650-801-5000
Fax: 650-801-5100

Nima Hefazi (*pro hac vice*)
nimahefazi@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100

James Mark Mann
mark@themannfirm.com
Gregory Blake Thompson
blake@themannfirm.com
MANN TINDEL & THOMPSON
300 W. Main
Henderson, TX 75652
Tel: 903-657-8540
Fax: 903-657-6003

*Attorneys for Google LLC*

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Telephone: (903) 233-4826
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Dmitry Kheyfits
New York State Bar No. 4743795
KHEYFITS BELENKY LLP
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
Telephone: (212) 203-5399
dkheyfits@kblit.com

Timothy R. DeWitt (*Pro Hac Vice*)
VA Bar No. 40522
24IP LAW GROUP USA, PLLC
424 Fourth Street, Suite C2
Annapolis, MD 21403
Tel.: (410) 212-2539
Fax: (410) 295-5096
tdewitt@24ipusa.com

*Attorneys for Personalized Media
Communications, LLC*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that this document is being filed under seal pursuant to the terms of the

protective order entered in this case because it contains highly confidential information.

*/s/ Geng Chen*
Geng Chen

## CERTIFICATE OF SERVICE

I certify that on September 3, 2020, I electronically served the foregoing on all counsel of

record through the Court's ECF system.

*/s/ Geng Chen*
Geng Chen