# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **PERSONALIZED MEDIA COMMUNICATIONS, LLC,**<br><br>  **Plaintiff,**<br><br>  v.<br><br>**GOOGLE LLC,**<br><br>  **Defendant.** | **Civil Action No. 2:19-cv-00090-JRG**<br><br>**JURY TRIAL DEMANDED**<br><br>**FILED UNDER SEAL** |

## DEFENDANT GOOGLE LLC'S MOTION TO PERMIT REMOTE TESTIMONY DUE TO COVID-19

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Defendant Google LLC ("Google") respectfully requests the Court permit two of Google's witnesses, Dr. Kannan Ramchandran and Laura Sheridan, to testify remotely.

Dr. Ramchandran is Google's invalidity expert; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ due to COVID-19.  Plaintiff Personalized Media Communications, LLC ("PMC") does not oppose his testifying remotely.

Mrs. Sheridan is a fact witness on Google's may call list.  Due to COVID-19 she is currently ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Google is prepared to make reasonable accommodations for Mrs. Sheridan to testify remotely from New York.  PMC opposes Google's request for her to appear remotely.  PMC does not refute the impracticality of Mrs. Sheridan travelling to Marshall, Texas for trial.  Instead, in the parties' meet and confer on the issue, PMC stated that it opposes her from appearing remotely since ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  While it is a truism that others attending trial will make sacrifices to do so (as is done for any trial), PMC has not provided any reason why Mrs. Sheridan's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, are insufficient to permit remote testimony.



Good cause exists for both witnesses to testify remotely, and other courts have ordered remote testimony due to the COVID-19 pandemic.  *Sunoco Partners Marketing & Terminals L.P. v. Powder Springs Logistics, LLC et al.*, No. 17-1390-LPS-CJB, Dkt. 583 at 3 (D. Del. July 02, 2020) (Stark, C.J.) (deciding that all witnesses would appear for trial remotely).

**LEGAL STANDARD**

"For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a).  The decision to allow testimony by videoconference falls within the Court's

discretion. *See Thomas v. Anderson*, 912 F.3d 971, 977 (7th Cir. 2018) ("[U]nder Rule 43(a), the judge has discretion to allow live testimony by video for 'good cause in compelling circumstances and with appropriate safeguards.'"), *cert. denied*, 140 S.Ct. 533 (2019); *Prideaux v. Tyson Foods, Inc.*, 387 F. App'x 474, 479 (5th Cir. 2010). The Court's discretion is supplemented by its "wide latitude in determining the manner in which evidence is to be presented" under the Federal Rules of Evidence. *Parkhurst v. Belt*, 567 F.3d 995, 1002 (8th Cir. 2009) (citing Fed. R. Evid. 611(a)).

## ARGUMENT

**I.   GOOD CAUSE EXISTS FOR REMOTE TESTIMONY OF GOOGLE'S INVALIDITY EXPERT AND FACT WITNESS**

In normal times, both Dr. Ramchandran and Laura Sheridan would have been available to testify in-person. But due to the COVID-19 pandemic, Google currently anticipates that neither will be able to do so. COVID-19 can be deadly or life-threatening to even healthy, young individuals with no underlying medical conditions, but it is particularly dangerous for vulnerable groups, ███████████████████████. Google's invalidity expert, Dr. Ramchandran, is a high-risk individual because ███████████████████████. This heightened risk is plainly "compelling circumstances" for remote testimony. Therefore, Google respectfully requests Dr. Ramchandran be allowed to testify remotely, and PMC does not oppose Google's request.

Google further requests that Laura Sheridan be permitted to testify remotely, if she is called to testify.[1] Mrs. Sheridan is Senior Patent Counsel at Google. ███████████████████████
███████████████████████

---

[1] Mrs. Sheridan is designated as a "may call" witness. She was deposed in this case (remotely) regarding ███████████████████████. Separately, Google has moved to exclude evidence and testimony on this issue. Dkt. 341 at 3-7 (Google Motion in Limine No. 4). Thus, the Court's resolution of Google's motion in limine is likely to impact whether Mr. Sheridan would be called to testify at all.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**



---

[4] Google previously indicated the likely need for remote testimony in its Motion to Continue Trial and also in the Joint Pre-trial Order. Dkts. 354, 356. The Court notified the parties on October 15 that they would need to file a motion for any remote testimony. Google diligently worked thereafter to file this motion within three business days of receiving notice from the Court.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

  A.  <u>Mrs. Sheridan's Situation Constitutes Good Cause Under Rule 43(a)</u>

The Federal Rules of Civil Procedure set forth the applicable standard regarding whether to permit remote testimony: "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). The Advisory Committee Notes to Rule 43 elaborate on the "good cause" requirement: "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for *unexpected* reasons, such as accident or illness, but remains able to testify from a different place." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment (emphasis added).

Here, Mrs. Sheridan's situation constitutes good cause. ▮▮▮▮▮▮▮▮▮▮▮▮ constitute an "unexpected reason[]" for which she is unable to attend trial, directly caused by the unprecedented COVID-19 pandemic. Indeed, "with respect to good cause, the occurrence of *COVID-19*—and its impact on the health and safety of the parties and witnesses—is *undoubtably* an *'unexpected'* occurrence that nevertheless still permits witnesses 'to testify from a different place.'" *In re RFC & ResCap Liquidating Tr. Action*, 444 F. Supp. 3d 967, 971 (D. Minn. 2020) (emphasis added) (quoting Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment).

Further, the COVID-19 quarantine regulations currently in place in New York constitute another hardship Mrs. Sheridan would be forced to endure if she were to attend trial. New York state currently has a COVID-19 Travel Advisory which requires that all travelers entering New York from certain identified states, including Texas, to quarantine for a period of *14 days*. *See* COVID-19 Travel Advisory, New York State, available at https://coronavirus.health.ny.gov/covid-19-travel-advisory (last accessed October 19, 2020). As a

result, upon return to New York, Mrs. Sheridan would be forced to undertake a variety of procedures to follow the quarantine laws in her home, including:

- "The individual must not be in public or otherwise leave the quarters that they have identified as suitable for their quarantine."

- "The individual must be situated in separate quarters with a separate bathroom facility for each individual or family group. Access to a sink with soap, water, and paper towels is necessary. Cleaning supplies (e.g. household cleaning wipes, bleach) must be provided in any shared bathroom."

- "The individual must have a way to self-quarantine from household members as soon as fever or other symptoms develop, in a separate room(s) with a separate door. Given that an exposed person might become ill while sleeping, the exposed person must sleep in a separate bedroom from household members."

- "Food must be delivered to the person's quarters."

"Interim Guidance for Quarantine Restrictions on Travelers Arriving in New York State Following Out of State Travel," New York Department of Health, June 24, 2020.  These restrictions would make it impossible for Mrs. Sheridan to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Accordingly, there exists good cause to allow Mrs. Sheridan to testify remotely.

### B.   PMC Would Not Be Prejudiced By Remote Testimony

Another factor courts often examine is whether either side will be *prejudiced* by the remote testimony.  Fed. R. Civ. P. 43(a) specifically requires "appropriate safeguards" before a Court may order remote testimony.  In assessing the safeguards of contemporaneous transmissions, courts

5

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

focus on whether the testimony was made in open court, under oath, and whether the opportunity for cross examination was available. *F.T.C. v. Swedish Match N. Am., Inc.*, 197 F.R.D. 1, 2 (D.D.C. 2000) (citing *Official Airline Guides, Inc. v. Churchfield Publications,* 756 F.Supp. 1393, 1399 n. 2, *aff'd Official Airline Guides, Inc. v. Goss,* 6 F.3d 1385 (9th Cir.1993)).

Here, PMC will not be prejudiced because appropriate safeguards will be in place, as it will have ample opportunity to cross-examine Mrs. Sheridan under oath in open court. *See Swedish Match*, 197 F.R.D. at 2 ("[T]he use of live video transmission will not prejudice the defendants because adequate safeguards exist to protect the procedure….In the present case, [the witness] will testify through live video in open court, under oath, and defendants will have the opportunity to cross-examine the witness. The court, therefore, will have ample opportunity to assess the credibility of [the witness]."); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480 (D. Md. 2010) ("The use of videoconferencing for the [witnesses] will not prejudice Defendants. Each of the witnesses will testify in open court, under oath, and will face cross-examination. Even if Defendants are correct that this case presents complicated issues, the protections of the oath and cross-examination will provide them with the tools necessary to resolve those issues."). Moreover, the jury will still be able to analyze Mrs. Sheridan's demeanor, a key component of the jury trial: "With videoconferencing, a jury will also be able to observe the witness' demeanor and evaluate his credibility in the same manner as traditional live testimony." *Lopez*, 748 F. Supp. at 480.

This analysis regarding "appropriate safeguards" has been adopted by courts throughout the country. *See Jennings v. Bradley*, 419 Fed. App'x. 594, 598 (6th Cir. 2011) (safeguards were that "[t]he jury could listen to the witnesses and observe their demeanor, [the parties] could question them, and the transmission was instantaneous"); *Parkhurst*, 567 F.3d at 1002 (appropriate safeguards met where jury could hear and see the witness live and cross-examination was allowed);

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

*Thornton v. Snyder*, 428 F.3d 690, 698–99 (7th Cir. 2005) (appropriate safeguards met where each witness testified under oath subject to cross-examination); *Scott Timber, Inc. v. U.S.*, 93 Fed. Cl. 498, 501 (2010) (emphasizing ability of fact finder to see and hear the witness and also ordering that no other person be present with the witness during her testimony to avoid outside influence that could alter her answers); *Humbert v. O'Malley*, 303 F.R.D. 461, 466 (D. Md. 2014) (finding no prejudice due to appropriate safeguards); *Lopez v. Miller*, 915 F. Supp. 2d 373, 396 n.9 (E.D. N.Y. 2013) (discussing safeguards taken); *Virtual Architecture, Ltd. v. Rick*, 2012 WL 388507, *2 (S.D. N.Y. 2012) (discussing procedures taken to ensure that the jury could see and hear the witness and that the "ceremony of trial" was impressed upon the witness).

PMC may argue that it will be prejudiced because Mrs. Sheridan would have some sort of advantage by not being physically present in the courtroom. But "there is no practical difference between live testimony and contemporaneous video transmission….The delay experienced in video transmission occurs between the question and its transmittal to the witness. The witness, however, answers as soon as he hears the question. The delay observed is not therefore a delay which permits the witness an advantage he would not have if he were in the courtroom." *Swedish Match*, 197 F.R.D. at 2. Indeed, PMC agreed to remote depositions for every witness in this case, in part because of the same type of "compelling circumstances" that PMC now denies.

As another potential "safeguard," Google is prepared to ensure no other attorneys are in the room with Mrs. Sheridan during her testimony. One court found this constituted an appropriate safeguard for permitting remote testimony: "[a]s a safeguard, no one other than [the witness] shall be present in the room during her testimony, to avoid any possible prejudice arising from the presence of a representative of one party and not the other during the transmission." *Scott Timber*,

93 Fed. Cl. at 501.[5]

### C. Remote Trial Testimony Has Been Growing In Acceptance

In recent years, courts have increasingly approved of remote testimony as technology has evolved. *See, e.g.*, *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480 (D. Md. 2010) (noting increased approval as technology has evolved); *In re Vioxx Products Liability Litigation*, 439 F. Supp. 2d 640, 642 (E.D. La. 2006) (stating that "there has been an increased trend by federal courts allowing and by legal commentators advocating for the use of contemporaneous transmission of trial testimony"); *Edwards v. Logan*, 38 F. Supp. 2d 463, 466–67 (W.D. Va. 1999) (pointing to video transmission provisions of the Prisoner Litigation Reform Act of 1995 as illustrating "the growing acceptance of video conferencing as an alternative in judicial proceedings"). Google understands that this Court recently allowed remote testimony as well. *See Optis Wireless Technology, LLC et al v. Apple Inc.*, Case No. 2:19-cv-00066 (E.D. Tex.).

Accordingly, since good cause exists as described above, the Court should adopt remote testimony in this matter for both Mrs. Sheridan and Dr. Ramchandran.

### II. ALTERNATIVELY, GOOGLE RESPECTFULLY REQUESTS A TRIAL DEPOSITION

If the Court decides to deny remote live testimony from Mrs. Sheridan, then Google alternatively respectfully requests the parties be permitted to conduct a trial deposition in this matter. For the same reasons indicated above, good cause exists for a trial deposition due to the impact of COVID-19 on Mrs. Sheridan's parental responsibilities. The Court maintains "wide latitude in determining the manner in which evidence is to be presented" under the Federal Rules of Evidence. *Parkhurst*, 567 F.3d at 1002 (citing Fed. R. Evid. 611(a)). Accordingly, if the Court

---

[5] Google submits it would be appropriate for a single videographer to be in the room with each witness to ensure no technological difficulties arise during testimony.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

denies remote testimony, the Court should still grant a trial deposition.

But Google still maintains that *live* remote testimony would be better than a trial deposition as live testimony is preferable for the jurors to adequately assess the witness's credibility. "The court had a greater opportunity to evaluate the credibility of the witnesses through telephone testimony than through deposition testimony offered by both parties." *Official Airline,* 756 F.Supp. at 1399 n. 2. "Indeed, as in *Official Airline,* the court will have a greater opportunity through the use of live video transmission to assess the credibility of the witness than through the use of deposition testimony." *Swedish Match*, 197 F.R.D. at 2. Accordingly, in order to allow the jury the best possible standpoint from which to evaluate Mrs. Sheridan's credibility, Mrs. Sheridan should be permitted to testify *live* remotely.

Further, Mrs. Sheridan's anticipated testimony generally relates to the topic of . Her anticipated testimony is purely a *rebuttal* to potential testimony by PMC witnesses .

Even assuming PMC is permitted to provide evidence or testimony on this issue at all, which is subject to Google's motion in limine (Dkt. 341 at 3-7 (Google Motion in Limine No. 4), it is unclear what communications PMC will elicit testimony about, or what characterization its witnesses may provide. Furthermore, it is unclear what range of communications PMC's witnesses will be allowed to testify about, for example given the lack of personal knowledge of its identified witnesses and its 30(b)(6) testimony on the topic of communications between PMC and Google. Thus, a video deposition focused on the testimony PMC actually elicits would not be able to occur until *after* PMC's witnesses testify during trial. Having such a deposition during the trial, to then

be prepared and introduced later, itself would be time consuming and disruptive to both sides. Allowing Mrs. Sheridan to appear remotely at trial would not raise those issues.[6]

In sum, Google requests that Mrs. Sheridan be permitted to testify live remotely. In the alternative, Google requests that the parties be permitted to conduct a remote trial deposition of Mrs. Sheridan.

### III. CONCLUSION

For the reasons stated herein, Google respectfully requests the Court allow Dr. Ramchandran and Laura Sheridan to testify live remotely, or alternatively, via a trial deposition.

Dated: October 20, 2020

Respectfully submitted,

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
David A. Perlson
davidperlson@quinnemanuel.com
Carl G. Anderson
carlanderson@quinnemanuel.com
Felipe Corredor
felipecorredor@quinnemanuel.com
Mike Trombetta (*pro hac vice*)
miketrombetta@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700

Mark Yeh-Kai Tung
marktung@quinnemanuel.com
Andrew Bramhall (*pro hac vice*)
andrewbramhall@quinnemanuel.com
Olga Slobodyanyuk (*pro hac vice*)
olgaslobodyanyuk@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor

---

[6] PMC also opposes a trial deposition for Mrs. Sheridan.

10

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Redwood Shores, CA 94065
Tel : 650-801-5000
Fax: 650-801-5100

Nima Hefazi (*pro hac vice*)
nimahefazi@quinnemanuel.com
Valerie Lozano (*pro hac vice*)
valerielozano@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100

James Mark Mann
mark@themannfirm.com
Gregory Blake Thompson
blake@themannfirm.com
MANN TINDEL & THOMPSON
300 W. Main
Henderson, TX 75652
Tel: 903-657-8540
Fax: 903-657-6003

*Attorneys for Google LLC*

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), the undersigned hereby certifies that counsel for the parties conducted a meet-and-confer regarding this Motion prior to filing.  Specifically, on October 19, 2020 counsel for Google, David Perlson, participated in a telephonic conference with counsel for PMC, Arun Subramanian, regarding the issues raised herein but the parties were unable to resolve their dispute.  Thus, this Motion is opposed.

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

Pursuant to Local Rule CV-5(a)(7), the undersigned hereby certifies that this document is being filed under seal pursuant to Paragraph 17 of the Protective Order (Dkt. 86).

*/s/ Olga Slobodyanyuk*
Olga Slobodyanyuk

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule CV-5(c), the undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via ECF on October 20, 2020.

*/s/ Olga Slobodyanyuk*
Olga Slobodyanyuk