# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC, | § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. 2:19-CV-00090-JRG |
| v. | § § | |
| GOOGLE LLC, | § § | **[FILED UNDER SEAL]** |
| *Defendant*. | § § | |

## ORDER MEMORIALIZING

The Court held a Pretrial Conference in the above-captioned case on October 26–27, 2020, regarding pretrial motions ("Motions") and motions *in limine* ("MILs") filed by Plaintiff Personalized Media Communications, LLC ("Plaintiff" or "PMC") and Defendant Google LLC ("Google") (collectively, the "Parties"). This Order summarizes and memorializes the Court's rulings and reasons therefor on the aforementioned Motions and MILs as announced into the record, including additional instructions that were given to the Parties. This Order in no way limits or constrains the Court's rulings as announced into the record from the bench. Accordingly, it is hereby **ORDERED** as follows:

## PRETRIAL MOTIONS

**I.   Google's Motion to Permit Remote Testimony Due to COVID-19 (Dkt. No. 398)**

This Motion is **DENIED**. (Dkt. No. 410 at 26:5–9). Google may take a separate trial deposition for each of these two witnesses or it may produce them for trial.

**II.   PMC's Motion for Summary Judgment or, in the alternative, to Exclude Expert Testimony Regarding Google's License Defense (Dkt. No. 227)**

This Motion is **DENIED** as to PMC's Motion for Summary Judgment and **GRANTED** as to PMC's Motion to Exclude Testimony Regarding Google's License Defense. (Dkt. No. 410 at 69:8–70:23). Specifically, the following paragraphs of Dr. Schonfeld's expert report are **STRICKEN**: paragraphs 410–15, the first two sentences of paragraph 416 through the words "For instance" that begin the third sentence, and the last sentence of footnote 20. Additionally, the terms "YouTube TV IPG Application," "IPG webpage," and "YouTube IPG Application" as used in paragraphs 419, 422, and 427 should instead recite simply the term "YouTube" or "webpage."

**III.    PMC's Motion for Summary Judgment on Google's Affirmative Defense of Inequitable Conduct (Dkt. No. 229)**

This Motion is **GRANTED**. (Dkt. No. 410 at 99:19–100:3).

**IV.    PMC's Motion to Exclude Expert Testimony of Mr. Godici (Dkt. No. 228)**

This Motion is **CARRIED** until a post-verdict bench trial, if any, is conducted in this case. (Dkt. No. 410 at 120:16–21).

**V.    PMC's Motion for Summary Judgment on Affirmative Defenses of Prosecution Laches, Prosecution History Estoppel, Estoppel, Disclaimer, Waiver, Patent Misuse, and Unclean Hands (Dkt. No. 230)**

This Motion is **DENIED**. (Dkt. No. 410 at 119:6–15).

**VI.    Google's Motion for Summary Judgment of No Direct Infringement and No Induced Infringement (Dkt. No. 235)**

This Motion is **DENIED**. (Dkt. No. 410 at 151:20–23).

**VII.    Google's Motion to Strike Untimely Infringement Theories (Dkt. No. 222)**

This Motion is **DENIED**. (Dkt. No. 410 at 164:24).

**VIII.    Google's Motion to Exclude Expert Opinions of Dr. Zixiang Xiong (Dkt. No. 231)**

This Motion is **DENIED**. (Dkt. No. 410 at 171:15–173:6).

IX. **Google's Motion for Summary Judgment of Invalidity of U.S. Patent Nos. 8,601,528 and 8,739,241 (Dkt. No. 234)**

This Motion is **DENIED**. (Dkt. No. 410 at 196:22–197:5). The Court finds that U.S. Patent Nos. 8,601,528 and 8,739,241 are directed to an abstract idea but that fact issues exist as to whether "the claim element or claimed combination is well-understood, routine, conventional to a skilled artisan in the relevant field." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018), *cert. denied*, 140 S. Ct. 911, 205 L. Ed. 2d 454 (2020).

X. **Google's Motion for Summary Judgment of Non-Infringement as to U.S. Patent No's 7,769,344, 7,747,217, and 8,739,241 (Dkt. No. 236)**

This Motion is **DENIED**. (Dkt. No. 410 at 228:4–7).

XI. **Google's Motion to Strike Untimely Priority & Secondary Consideration Opinions (Dkt. No. 233)**

This Motion is **DENIED**. (Dkt. No. 410 at 240:13–15).

XII. **Google's Motion to Exclude Expert Opinions of Jonathan E. Kemmerer (Dkt. No. 232)**

This Motion is **DENIED**. (Dkt. No. 410 at 243:2–9).

## MOTIONS *IN LIMINE*

I. **Agreed MILs (Dkt. No. 339)–GRANTED-BY-AGREEMENT (Dkt. No. 416 at 14:20–21)**

Agreed MIL No. 1: Neither party will reference a person's race, religion, sexual orientation, or sexual activities.

Agreed MIL No. 2: Neither party will reference sexual harassment and discrimination cases or investigations involving Google.

Agreed MIL No. 3: Neither party will reference an expert's other affiliations with a party or its counsel on matters not related to the instant action.

Agreed MIL No. 4: Neither party will reference the role or presence in the courtroom of jury consultants or shadow jurors.

Agreed MIL No. 5: Neither party will present arguments, evidence, or testimony that a judgment or award of damages against Google would cause an increase in the price of Google's products to end-users, loss of jobs, or other similar economic consequences.

Agreed MIL No. 6: Neither party will suggest that ownership of a patent precludes infringement of a different patent with the understanding that the parties are not precluded from providing general background information on their business, including a brief summary of their patents.

Agreed MIL No. 7: Neither party will ask questions during voir dire seeking to commit prospective jurors to a particular range or amount of damages. This agreement does not prevent the parties from asking prospective jurors if they can award an amount of damages that is "fair" or whether there are circumstances in which no damages are fair.

Agreed MIL No. 8: PMC will not present evidence, arguments, or testimony concerning Google or Alphabet Inc.'s size or overall revenues, profits, or similar financial metrics. PMC reserves its rights to present evidence, arguments, or testimony concerning YouTube's size or overall revenues, profits, or similar financial metrics. Furthermore, this agreement alone does not exclude any disclosed opinions of PMC's expert Jon Kemmerer.

Agreed MIL No. 9: PMC will not present arguments or testimony that Google copied the asserted patents or that the alleged infringement was willful for purposes of 35 U.S.C. § 284. PMC reserves its rights to present arguments or testimony concerning notice.

## II.     Plaintiffs' Motions *in Limine* (Dkt. No. 343)

Plaintiffs' MIL No. 1: PMC's business model

>  This motion *in limine* is **GRANTED-BY-AGREEMENT**. (Dkt. No. 416 at 16:2–7).

4

Plaintiffs' MIL No. 2: Prior cases, claims, causes of action, or forms of relief

This motion *in limine* is **GRANTED-BY-AGREEMENT** and as set forth and clarified in the record. (Dkt. No. 416 at 19:18–20).

Plaintiffs' MIL No. 3: *Inter Partes* review petitions or proceedings

This motion *in limine* is **GRANTED-BY-AGREEMENT**. (Dkt. No. 416 at 29:13–19).

Plaintiffs' MIL No. 4: Content of pleadings, communications between counsel, and court orders

This motion *in limine* is **DENIED**. (Dkt. No. 416 at 31:23–32:1).

Plaintiffs' MIL No. 5: Evidence conflicting with the Court's claim construction order

This motion *in limine* is **GRANTED**. (Dkt. No. 416 at 37:1–7).

Plaintiffs' MIL No. 6: Non-infringement, written description, and enablement arguments based on preferred embodiments

This motion *in limine* is **GRANTED**. (Dkt. No. 416 at 40:17–41:2).

Plaintiffs' MIL No. 7: Non-infringement arguments based on prosecution history or re-exam history

This motion *in limine* is **GRANTED-BY-AGREEMENT**. (Dkt. No. 416 at 29:24–30:1).

Plaintiffs' MIL No. 8: Alleged impropriety of writing claims to cover products

This motion *in limine* is **DENIED AS MOOT**. (Dkt. No. 416 at 42:3–6).

Plaintiffs' MIL No. 9: Equitable defenses, including issues relating to inequitable conduct and the prosecution history

This motion *in limine* is **GRANTED**. (Dkt. No. 416 at 29:1–6).

Plaintiffs' MIL No. 10: Relative importance of claim elements

This motion *in limine* is **GRANTED**. (Dkt. No. 416 at 44:3–10).

Plaintiffs' MIL No. 11: Products and third parties not accused of infringement in this case

This motion *in limine* is **GRANTED**. (Dkt. No. 416 at 45:21–22, 46:5–6).

<u>Plaintiffs' MIL No. 12:</u> Criticisms of the PTO or U.S. patent system

This motion *in limine* is **DENIED AS MOOT**. (Dkt. No. 416 at 46:20–23).

<u>Plaintiffs' MIL No. 13:</u> References to privileged material

This motion *in limine* is **GRANTED-BY-AGREEMENT**. (Dkt. No. 416 at 47:11).

<u>Plaintiffs' MIL No. 14:</u> Certain references to law firms, lawyers, legal fee agreements, and litigation funding

This motion *in limine* is **GRANTED**. (Dkt. No. 416 at 50:25–51:1).

<u>Plaintiffs' MIL No. 15:</u> Connections to the Eastern District of Texas

This motion *in limine* is **GRANTED-BY-AGREEMENT**. (Dkt. No. 416 at 52:8–9).

<u>Plaintiffs' MIL No. 16:</u> Compensation to PMC's owners, officers, employees, and investors from interest in PMC

This motion *in limine* is **GRANTED-BY-AGREEMENT**. (Dkt. No. 416 at 52:20–23).

<u>Plaintiffs' MIL No. 17:</u> Alma mater of Dr. Xiong

This motion *in limine* is **GRANTED**. (Dkt. No. 416 at 56:19–57:17).

<u>Plaintiffs' MIL No. 18:</u> Documents produced after discovery cut-off

This motion *in limine* is **CARRIED** and was taken up during exhibit disputes. (Dkt. No. 416 at 58:8–16). It will rise and fall with the Court's rulings on admissibility of specific exhibits.

<u>Plaintiffs' MIL No. 19:</u> Corporate representative testimony is binding

This motion *in limine* is **DENIED**. (Dkt. No. 416 at 64:20–66:3).

<u>Plaintiffs' MIL No. 20:</u> Undesignated deposition, trial, and hearing transcripts submitted as "exhibits"

This motion *in limine* is **WITHDRAWN**. (Dkt. No. 416 at 66:6–7).

<u>Plaintiffs' MIL No. 21:</u> Any evidence about the PMC-Rovi IPG license

    This motion *in limine* is **WITHDRAWN**. (Dkt. No. 416 at 66:6–7).

<u>Plaintiffs' MIL No. 22:</u> PMC's settlement negotiations with Rovi

    This motion *in limine* is **WITHDRAWN**. (Dkt. No. 416 at 66:6–7).

<u>Plaintiffs' MIL No. 23:</u> Rovi arbitration testimony from Joseph Guiliano

    This motion *in limine* is **WITHDRAWN**. (Dkt. No. 416 at 66:6–7).

    **III.    Defendant's Motions *in Limine* (Dkt. No. 341)**

<u>Defendant's MIL No. 1:</u> No disparagement of witnesses not attending due to COVID

    This motion *in limine* is **GRANTED**. (Dkt. No. 416 at 71:9–72:11).

<u>Defendant's MIL No. 2:</u> Exclude the Ocean Tomo Study and any references to it

    This motion *in limine* is **GRANTED** as stated on the record. (Dkt. No. 416 at 74:17–18, 76:23–77:7).

<u>Defendant's MIL No. 3:</u> Exclude PMC from arguing that it practiced its own patents or that its prototype practiced the patents

    This motion *in limine* is **WITHDRAWN**. (Dkt. No. 416 at 77:9–10).

<u>Defendant's MIL No. 4:</u> Exclude evidence or argument concerning pre-suit licensing discussions and testimony about pre-suit notice of infringement

    This motion *in limine* is **DENIED**. (Dkt. No. 416 at 95:4–9).

<u>Defendant's MIL No. 5:</u> Exclude PMC's legal argument that it had no duty to mark for the '217 Patent

    This motion *in limine* is **WITHDRAWN**. (Dkt. No. 416 at 95:10–11).

<u>Defendant's MIL No. 6:</u> Exclude evidence of YouTube's overall revenue

    This motion *in limine* is **GRANTED**. (Dkt. No. 417 at 101:18–102:11).

<u>Defendant's MIL No. 7:</u> Exclude Dr. Xiong from testifying regarding documents cited, but not analyzed in his report

This motion *in limine* is **CARRIED** and was taken up during exhibit disputes. (Dkt. No. 416 at 104:2–3). It will rise and fall with the Court's rulings on admissibility of specific exhibits.

<u>Defendant's MIL No. 8:</u> Exclude doctrine of equivalence evidence

This motion *in limine* is **DENIED AS MOOT**. (Dkt. No. 416 at 104:9–10).

<u>Defendant's MIL No. 9:</u> Exclude arguments inconsistent with the Court's claim construction order

This motion *in limine* is **WITHDRAWN**. (Dkt. No. 416 at 105:12–17).

<u>Defendant's MIL No. 10:</u> Exclude discussion of post-grant proceedings

This motion *in limine* is **GRANTED-BY-AGREEMENT**. (Dkt. No. 416 at 30:18–24, 105:24).

<u>Defendant's MIL No. 11:</u> Exclude pejorative argument or testimony regarding corporate residency

This motion *in limine* is **GRANTED-BY-AGREEMENT**. (Dkt. No. 416 at 105:25–106:2).

<u>Defendant's MIL No. 12:</u> Neither party will reference in front of the jury at trial any arguments that any expert's opinion were excluded as the result of a motion to strike or daubert

This motion *in limine* is **GRANTED-BY-AGREEMENT**. (Dkt. No. 416 at 106:4–9).

<u>Defendant's MIL No. 13:</u> No evidence or argument relating to defendant's conduct during discovery

This motion *in limine* is **GRANTED** as specified in the record. (Dkt. No. 416 at 120:5–121:9).

<u>Defendant's MIL No. 14:</u> No evidence on challenges to venue in the Eastern District of Texas before this Court or the Federal Circuit

This motion *in limine* is **GRANTED-BY-ARGEEMENT**. (Dkt. No. 416 at 106:11–12).

<u>Defendant's MIL No. 15:</u> No evidence about Defendant's patent lobbying efforts or corporate views and policies on patents

This motion *in limine* is **GRANTED-BY-AGREEMENT**. (Dkt. No. 416 at 106:13–16).

<u>Defendant's MIL No. 16:</u> No evidence about Defendant's privacy cases

This motion *in limine* is **GRANTED**. (Dkt. No. 416 at 111:10–112:9). This does not preclude evidence of data gathering and monetization as clarified in the record.

**So ORDERED and SIGNED this 1st day of November, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE