## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC<br><br>       Plaintiff,<br><br>v. | |
| GOOGLE LLC. | Case No.: 2:19-cv-90-JRG |

## PMC'S OPPOSITION TO GOOGLE'S MOTION TO CORRECT FINAL JUDGMENT

## Table of Contents

I.      The '560 and '920 Patents are No Longer in the Case ............................................................ 2

II.     Google's Motion to "Correct" the Judgment is Meritless ..................................................... 6

III.    Google's Request to Dismiss with Prejudice Claims PMC "Could Have Raised" Should be Denied ...................................................................................................................... 11

IV.     Conclusion ..................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*800 Adept, Inc. v. Murex Sec., Ltd.*,
    539 F.3d 1354 (Fed. Cir. 2008)................................................................1, 2, 7, 8

*Alcon Research Ltd. v. Barr Labs., Inc.*,
    745 F.3d 1180 (Fed. Cir. 2014)................................................................ *passim*

*Alcon Research Ltd. v. Barr Labs. Inc.*,
    No. 09-CV-0318-LDD, 2012 WL 928189 (D. Del. Mar. 16, 2012)...............6, 7, 12

*Apple, Inc. v. Samsung Elecs. Co.*,
    67 F. Supp. 3d 1100 (N.D. Cal. 2014), *aff'd*, 816 F.3d 788 (Fed. Cir. 2016),
    *vacated in part on other grounds on reh'g en banc*, 839 F.3d 1034 (Fed. Cir.
    2016), and *aff'd*, 839 F.3d 1034 (Fed. Cir. 2016)................................................8, 9

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
    No. 2:14-CV-0911-JRG-RSP, 2016 WL 1105364 (E.D. Tex. Feb. 4, 2016),
    *report and recommendation adopted*, No. 214CV911JRGRSPLEAD, 2016
    WL 1106442 (E.D. Tex. Mar. 20, 2016) ................................................................3

*DeMelo v. Woolsey Marine Indus., Inc.*,
    677 F.2d 1030 (5th Cir. 1982) ................................................................4

*U.S. ex rel. Doe v. Dow Chem. Co.*,
    343 F.3d 325 (5th Cir. 2003) ................................................................5

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*,
    No. 215CV00037RWSRSP, 2017 WL 2651618 (E.D. Tex. June 20, 2017),
    *report and recommendation adopted*, No. 2:15-CV-00037-RWS, 2017 WL
    4693971 (E.D. Tex. July 31, 2017)................................................................3, 6

*Ethridge v. Harbor House Rest.*,
    861 F.2d 1389 (9th Cir. 1988) ................................................................4

*Exxon Corp. v. Maryland Cas. Co.*,
    599 F.2d 659 (5th Cir. 1979) ................................................................5

*In re FEMA Trailer Formaldahyde Prod. Liab. Litig.*,
    628 F.3d 157 (5th Cir. 2010) ................................................................5

*Freeny v. Apple Inc.*,
    No. 2:13-CV-00361-WCB, 2014 WL 4954541 (E.D. Tex. Oct. 1, 2014)...............5

*Metaswitch Networks Ltd. v. Genband US LLC*,
No. 2:14-CV-00744-JRG, 2017 WL 3704760 (E.D. Tex. Aug. 28, 2017)...................8, 11, 12

*PACT XPP Techs. v. Xilinx, Inc.*,
No. 2:07-CV-563-RSP, 2013 U.S. Dist. LEXIS 205933 (E.D. Tex. Aug. 28,
2013) ......................................................................................................................................8

*Realtime Data LLC v. Echostar Corp.*,
No. 6:17-CV-00084-JDL, 2018 WL 6267332 (E.D. Tex. Nov. 29, 2018)...........................3, 9

*Rivera v. PNS Stores, Inc.*,
647 F.3d 188 (5th Cir. 2011) ........................................................................................10, 12

*SanDisk Corp. v. Kingston Tech. Co.*,
695 F.3d 1348 (Fed. Cir. 2012)................................................................................. *passim*

*Streck, Inc. v. Research & Diagnostic Sys., Inc.*,
665 F.3d 1269 (Fed. Cir. 2012)......................................................................................9

*Tol–O–Matic, Inc. v. Proma Produkt–Und Marketing Gesellschaft m.b.H.*,
945 F.2d 1546 (Fed. Cir. 1991).............................................................................7, 8, 11

*United States v. Ramirez-Gonzalez*,
840 F.3d 240 (5th Cir. 2016) ...........................................................................................10

*Vaporstream, Inc. v. Snap Inc.*,
No. 217CV00220MLHKSX, 2020 WL 136591 (C.D. Cal. Jan. 13, 2020)...........................8

*VirnetX Inc. v. Apple Inc.*,
925 F. Supp. 2d 816 (E.D. Tex. 2013) ..............................................................................12

*VirnetX Inc. v. Cisco Sys., Inc.*,
No. 6:10-CV-417, 2014 WL 12605380 (E.D. Tex. Mar. 28, 2014) ..........................................3

*Warner v. City of Bay St. Louis*,
526 F.2d 1211 (5th Cir. 1976) ....................................................................................10, 11

*Wisconsin Alumni Research Found. v. Apple, Inc.*,
No. 14-CV-062-WMC, 2015 WL 6453842 (W.D. Wis. Oct. 26, 2015) .................................8

**Other Authorities**

Fed. R. Civ. P. 15(a) ...........................................................................................................5

Fed. R. Civ. P. 41(a) ...........................................................................................................5

Fed. R. Civ. P. 59(e) ...................................................................................................7, 9, 10

Fed. R. Civ. P. 60(a) ...........................................................................................6, 9, 10, 11

Google's motion to "correct" the Court's judgment to enter judgment of non-infringement of the '560 and '920 patents—which were not actually litigated at trial—is unsupported by any authority awarding the inappropriate and unnecessary relief Google seeks. In fact, controlling law (omitted by Google in its motion) directly contradicts Google's argument.

It is undisputed that "[s]hortly" after the Court entered its claim construction order on April 3, 2020, "PMC notified Google it intended to drop and not pursue its claims related to the '560 and '920 patents," and following that notification, neither party addressed those patents in expert reports, on summary judgment, in the joint pretrial order, or at trial. Mot. at 7. Where a "patentee's announcement that it [i]s no longer pursuing particular claims, coupled with its ceasing to litigate them, [i]s sufficient to remove those claims from the case," there is no case or controversy with respect to the '920 and '560 patents, and no jurisdiction or even need to include them in a final judgment. *Alcon Research Ltd. v. Barr Labs., Inc.*, 745 F.3d 1180, 1193 (Fed. Cir. 2014) (*citing SanDisk Corp. v. Kingston Tech. Co.*, 695 F.3d 1348, 1353 (Fed. Cir. 2012) (notification that plaintiff was no longer pursuing certain claims was "akin to either a Federal Rule of Civil Procedure 15 amendment to the complaint . . . or a Rule 41(a) voluntary dismissal of claims without prejudice")). Google protests that PMC's complaint alleged infringement of the '560 and '920 patents, and they should therefore be included in the Court's judgment. On the contrary, "[a] court should not render judgment with respect to claims 'reference[d] in the complaint' but not raised in the pretrial statement or litigated at trial; a 'reference in the complaint is not sufficient to support a judgment.'" *Alcon Research*, 745 F.3d at 1193 (quoting *800 Adept, Inc. v. Murex Sec., Ltd.*, 539 F.3d 1354, 1367-68 (Fed. Cir. 2008)).

Google's motion should be denied.

1

## I.   The '560 and '920 Patents are No Longer in the Case

Google's motion is premised on the notion that PMC's claims of infringement of the '560 and '920 patents were live issues at the time of trial. As such, Google hand-wrings that the Court's judgment must address these patents, or it is not "final." The premise of Google's motion is directly contradicted by the undisputed facts and by controlling authority that Google does not even address in its motion.

The Federal Circuit has "decided that a patentee's announcement that it [i]s no longer pursuing particular claims, coupled with its ceasing to litigate them, [i]s sufficient to remove those claims from the case[.]" *Alcon Research*, 745 F.3d at 1193. Even without "a formal motion or stipulation," such claims are "no longer in the case as of the time of the trial." *Id.*; *see also SanDisk*, 695 F. 3d at 1353 (finding that plaintiff "inform[ing]" defendant "it was no longer pursuing" claims "[a]fter the district court entered its claim construction order" should be "treat[ed]" as a Rule 15 amendment or Rule 41(a) voluntary dismissal even without "a separate order dismissing these claims"). Google acknowledges that PMC informed Google that it was no longer pursuing claims from the '560 and '920 patents, and that neither party has litigated those claims since the Court's claim construction order was entered more than eight months ago. *See* Mot. at 7. Neither PMC nor Google addressed the '560 and '920 patents in expert reports or on summary judgment; the '560 and '920 patents are absent from the joint pretrial order; and neither party presented argument or evidence about the '560 and '920 patents at trial. *See id*; *see also* Dkt. No. 354 (Joint Proposed Pretrial Order). Indeed, the parties ***stipulated*** that the "asserted claims" in the case include only claims from the '217, '344, '528, and '241 patents. *See id.*at 3-6; *see also 800 Adept*, 539 F.3d at 1367-68 (finding claims were "neither litigated nor placed in issue during the trial" where "the parties stipulated" in the "Joint Final Pretrial Statement" that the "asserted claims" did not include

2

the claims at issue and "at trial, neither party presented evidence with respect to the unasserted

claims").

Google's motion pretends this unambiguous authority does not exist, arguing—without

citing a single on-point case—that PMC's claims regarding the '560 and '920 patents were live

through trial, and there is therefore no "final" judgment. But those claims were not live, because

PMC withdrew them from the case, as did Google. *See supra*; *see also Realtime Data LLC v.

Echostar Corp.*, No. 6:17-CV-00084-JDL, 2018 WL 6267332, at *3 (E.D. Tex. Nov. 29, 2018)

("A patentee's voluntary withdraw [sic] of previously asserted patent claims is, 'akin to either a

Federal Rule of Civil Procedure 15 amendment to the complaint, . . . or a Rule 41(a) voluntary

dismissal of claims without prejudice.'" (quoting *SanDisk*, 695 F. 3d at 1353)); *Elbit Sys. Land &

C4I Ltd. v. Hughes Network Sys., LLC*, No. 215CV00037RWSRSP, 2017 WL 2651618, at *4 (E.D.

Tex. June 20, 2017) ("Elbit voluntarily dropped the GMR-1 products before expert discovery—an

action that is similar to amending a complaint or voluntarily dismissing claims without prejudice."

(citing *SanDisk*, 695 F. 3d at 1353)), *report and recommendation adopted*, No. 2:15-CV-00037-

RWS, 2017 WL 4693971 (E.D. Tex. July 31, 2017); *Core Wireless Licensing S.A.R.L. v. LG

Elecs., Inc.*, No. 2:14-CV-0911-JRG-RSP, 2016 WL 1105364, at *2 (E.D. Tex. Feb. 4, 2016) ("[A]

notice of withdrawal operates as a dismissal without prejudice[.]"), *report and recommendation

adopted*, No. 214CV911JRGRSPLEAD, 2016 WL 1106442 (E.D. Tex. Mar. 20, 2016) ("The

Magistrate Judge's Report and Recommendation correctly analyzed and applied the law articulated

by the Federal Circuit and by courts in this district." (citing *SanDisk*, 695 F. 3d at 1353)); *VirnetX

Inc. v. Cisco Sys., Inc.*, No. 6:10-CV-417, 2014 WL 12605380, at *5 n.2 (E.D. Tex. Mar. 28, 2014)

("The Federal Circuit has made it clear that a party's withdrawal of its patent infringement claims

is 'akin to either a Federal Rule of Civil Procedure 15 amendment to the complaint, or a Rule 41(a)

3

voluntary dismissal of claims without prejudice.'" (quoting *SanDisk*, 695 F. 3d at 1353; citing *Alcon Research*, 745 F.3d at 1193)).

Google's case, *DeMelo v. Woolsey Marine Indus., Inc.*, 677 F.2d 1030 (5th Cir. 1982), concerned jurisdiction to hear an appeal over one claim, where plaintiffs' previously co-pending claims against other tortfeasors remained with the district court. It did not address whether a judgment should or even may include claims that appeared in the complaint but were not actually litigated by the parties. Here, there is no issue with respect to whether the Court's judgment is final because "these claims are no longer at issue." *SanDisk*, 695 F.3d at 1353 (holding that withdrawn claims "do not affect the final judgment entered by the court").

Google's argument regarding PMC's purportedly "unilateral[]" withdrawal, Mot. at 9, is not well taken. PMC informed Google months ago that it would not pursue claims from the '560 and '920 patents, and **both parties** stopped litigating those issues. No "formal motion or stipulation was required to remove [those] claims." *Alcon Research*, 745 F.3d at 1193. Indeed, Google was **well aware** of PMC's election to withdraw the '560 and '920 patents from this case by the time it served its July 30, 2020, Answer, but opted not to include counterclaims of non-infringement of the '560 or '920 patent to preserve whatever rights it now claims to have. *See Alcon Research*, 745 F.3d at 1193 ("[I]f the accused infringer does not file a counterclaim, then it is up to the patentee to decide what claims are to be litigated and decided at trial."). Google's cases are inapposite. In *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1391 (9th Cir. 1988), an out-of-circuit case, defendant "refused to stipulate" to a proposed complaint amendment. In contrast, Google agreed to withdraw the '560 and '920 patents from the case, both tacitly and explicitly. *See, e.g.*, Dkt. No. 354 at 3 (stipulating that the only "patents-in-suit" were the '217, '344, '528, and '241 patents), 6 (listing Google's operative contentions as non-infringement of only the '217, '344, '528, and '241

patents); Dkt. No. 396 (Google's "Notice of Narrowed Claims") (stating that the claims that will "proceed" "at trial" are claims 30 and 36 of the '241 patent, claim 16 of the '217 patent, claims 21 and 26 of the '528 patent, and claims 1 and 2 of the '344 patent). *Exxon Corp. v. Maryland Cas. Co*., 599 F.2d 659, 662 & n.10 (5th Cir. 1979), concerned whether Rule 41(a) may be used to dismiss one claim (versus all claims), or whether Rule 15(a) is "the proper vehicle" to "withdraw a single claim." But "[r]egardless of how [the Court] characterize[s]" PMC's withdrawal—which Google went along with until doing an about-face after trial—"these claims are no longer at issue[.]" *SanDisk*, 695 F.3d at 1353.

Nor has Google articulated any prejudice occurring due to the purportedly "late stage" dismissal of these claims. Mot. at 9. It is undisputed that these patents were removed from the case approximately eight months ago, "shortly" after the Court's *Markman* order, and that neither party has litigated, or attempted to litigate, any issue with respect to the '560 or '920 patents since that time. It is hard to see what prejudice Google could possibly suffer as a result, particularly given its pretrial stipulation and lack of counterclaims, nor does Google identify any. The cases Google cites to support its prejudice are easily distinguishable. *U.S. ex rel. Doe v. Dow Chem. Co*., 343 F.3d 325, 330 (5th Cir. 2003), concerned plaintiffs' request to dismiss **the entire case** without prejudice, not whether an individual claim that neither party had continued to litigate was still at issue in the case. *In re FEMA Trailer Formaldahyde Prod. Liab. Litig*., 628 F.3d 157, 162 (5th Cir. 2010), likewise addressed the prospect of dismissing the entire case without prejudice, rather than a single claim, and noted that dismissing "at a late stage of pretrial proceedings" may be "following the defendant's answer or summary judgment." The '560 and '920 claims were withdrawn from this case (without objection from Google) long before Google's answer or summary judgment. *See also Freeny v. Apple Inc.*, No. 2:13-CV-00361-WCB, 2014 WL 4954541,

at *1 (E.D. Tex. Oct. 1, 2014) (cited by Google) (addressing "dismiss[ing] an action" "after the defendant has filed an answer or a summary judgment motion").[1]

## II.   Google's Motion to "Correct" the Judgment is Meritless

Google moves under Rule 60(a), which permits "corrections" to a judgment based on "a clerical mistake or a mistake arising from oversight or omission." That the Court's judgment included only patent claims that were actually litigated at trial, and not claims that were withdrawn long before trial, is neither a "clerical mistake" nor an "oversight or omission," and Google cites no authority whatsoever to support its motion in this respect. On the contrary, binding authority provides that it is reversible error for a court to render judgment on claims that were alleged in the pleadings, but not adjudicated.

In *Alcon Research*, Alcon initially asserted Barr's infringement of numerous patents, including the '383 and '052 patents. 745 F.3d at 1184. Barr denied its infringement, but "[i]mportantly," brought no counterclaims. *Alcon Research Ltd. v. Barr Labs. Inc.*, No. 09-CV-0318-LDD, 2012 WL 928189, at *8 (D. Del. Mar. 16, 2012) ("*Alcon Research II*"). Alcon subsequently notified Barr that it would not pursue its claims based on the '383 and '052 patents, but the parties could not agree on stipulated language of dismissal, and the claims were never formally dismissed. *Id.* Nonetheless, both parties ceased litigating the '383 and '052 patents. *Id.*

---

[1] Google suggests there is something improper about PMC having withdrawn its '560 and '920 claims with prejudice against Netflix as part of negotiated stipulation with Netflix, without having done the same with Google. Mot. at 3 & n.1. PMC attempted to negotiate a stipulation with respect to its alleged '560 and '920 claims against Google, in exchange for Google's withdrawal of its IPR petitions related to the '560 and '920 patents. But Google insisted on PMC waiving its right to pursue *any* claims from the '560 or '920 patent against Google, even those that have *never* been at issue in this case. Accordingly, the parties were unable to agree to dismissal language and simply stopped litigating the '560 and '920 patents—operating to withdraw those claims from the case without prejudice. Google maintained (and continues to maintain) its '560 and '920 IPR petitions. *See Elbit*, 2017 WL 2651618, at *4 ("Defendants highlight that Elbit refuses to enter into a stipulation dismissing the GMR-1 products from the case, but Defendants do not cite authority suggesting Elbit has an obligation to do.").

After the close of Alcon's case in chief, Barr moved for JMOL of non-infringement of the '383 and '052 patents, and later (under Rule 59(e)) to amend the judgment to include its non-infringement of the '383 and '052 patents. *Id.* at 7-8. The district court found Barr's request "would run counter to Federal Circuit precedent and would effectively sanction litigation by ambush." *Id.* at 9 (citing *Tol–O–Matic, Inc. v. Proma Produkt–Und Marketing Gesellschaft m.b.H.*, 945 F.2d 1546, 1554 (Fed. Cir. 1991) ("Pleadings do not suffice to support a judgment when the subject matter was not litigated, or fairly placed in issue, during the trial.") and *800 Adept*, 539 F.3d at 1367 ("[A] reference in the complaint is not sufficient to support a judgment that particular claims are invalid; the specific validity of those claims must have been at issue during the trial and actually litigated by the parties.")). Accordingly, the district court denied Barr's motions, concluding that where the "pleadings are not in complete harmony with the issues that were litigated and adjudicated, it is the pleadings that may be conformed to the judgment, not *vice versa.*" *Alcon Research II*, 2012 WL 928189, at *9 (quoting *Tol–O–Matic*, 945 F.2d at 1554-55).

Barr appealed, and the Federal Circuit affirmed:

> The court [below] assessed both what the parties expected to try given their statements and what they actually litigated at trial. Alcon informed Barr of its decision to drop its claims based on those patents and Barr subsequently omitted them from the pretrial order. The patents were not litigated, or fairly placed in issue, during the trial. The record on appeal shows that neither party ever put forward any arguments or evidence on the merits of infringement or validity. A court should not render judgment with respect to claims referenced in the complaint but not raised in the pretrial statement or litigated at trial; a reference in the complaint is not sufficient to support a judgment. The scope of any judgment should conform to the issues that were actually litigated, as the district court did here.

*Alcon Research*, 745 F. 3d at 1193 (citations and quotations omitted). Although Barr protested—like Google does now—that Alcon had never filed a stipulated dismissal or formally moved to remove the '383 and '052 patents, the Federal Circuit rejected that argument because no "formal

motion or stipulation [i]s required to remove claims from a case" and Barr could have, but did not file a counterclaim for declaratory judgment of non-infringement. *Id.*

Following *Tol-O-Matic*, *800 Adept*, and *Alcon Research*, numerous courts have confirmed that a judgment may not include claims that were dropped from the case—even informally— before the trial. *See, e.g.*, *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-CV-00744-JRG, 2017 WL 3704760, at *17 (E.D. Tex. Aug. 28, 2017) (denying post-trial motion as to issues that the previously-asserting party announced it would "no longer [be] pursuing," and which were not presented in the pre-trial order or at trial, because those issues "were not 'litigated, or fairly placed in issue, during the trial'" (quoting and citing cases including *Alcon Research*, 745 F. 3d at 1192-93 and *SanDisk*, 695 F. 3d at 1353)); *PACT XPP Techs. v. Xilinx, Inc.*, No. 2:07-CV-563-RSP, 2013 U.S. Dist. LEXIS 205933, at *38-41 (E.D. Tex. Aug. 28, 2013) (denying defendants' motion "for judgment as a matter of law that they do not infringe the patents listed in the complaint for which no evidence of infringement was offered at trial" because infringement of those patents "was not an issue actually litigated at trial" (citing *Tol-O-Matic*, 945 F.2d at 1554-55; *800 Adept*, 539 F. 3d at 1368; *Alcon Research II*, 837 F. Supp. 2d at 392)); *see also Vaporstream, Inc. v. Snap Inc.*, No. 217CV00220MLHKSX, 2020 WL 136591, at *19 (C.D. Cal. Jan. 13, 2020) (denying motion for summary judgment where "the parties agree that Vaporstream . . . has dropped the '157 patent from this case" and "[b]ecause Snap never filed a declaratory judgment counterclaim in this case, it is up to Vaporstream to 'decide what claims are to be litigated and decided at trial.'" (quoting *Alcon Research*, 745 F. 3d at 1193)); *Wisconsin Alumni Research Found. v. Apple, Inc.*, No. 14-CV-062-WMC, 2015 WL 6453842, at *2 (W.D. Wis. Oct. 26, 2015) (denying Apple's request for "judgment in its favor on claims that WARF opted not to pursue at trial" (citing *Alcon Research*, 745 F. 3d at 1193)); *Apple, Inc. v. Samsung Elecs. Co.*, 67 F. Supp. 3d 1100, 1116 (N.D.

8

Cal. 2014) (rejecting the proposition that "when a party abandons an issue pretrial, the opposing party is entitled to judgment" because "'a reference in the complaint is not sufficient to support judgment'" (quoting *Alcon Research*, 745 F. 3d at 1193)), *aff'd*, 816 F.3d 788 (Fed. Cir. 2016), *vacated in part on other grounds on reh'g en banc*, 839 F.3d 1034 (Fed. Cir. 2016), and *aff'd*, 839 F.3d 1034 (Fed. Cir. 2016).

Google does not even acknowledge this authority in its motion, instead musing that it was a "clerical" error for the Court to omit the '560 and '920 patents from its judgment, when both parties had ceased litigating those claims and did not include them in expert reports, summary judgment motions, the pretrial order, or arguments and evidence at trial. Google does not cite a single case awarding the relief it seeks to any party. Indeed, the Court lacks jurisdiction to grant Google's motion. *See Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1281-84 (Fed. Cir. 2012) ("It is well-established that, in patent cases, the existence of a case or controversy must be evaluated on a claim-by-claim basis." (quotations omitted)) (holding that withdrawn claims did not present a case or controversy and the court therefore lacked jurisdiction); *Realtime Data*, 2018 WL 6267332, at *3 ("Defendants['] generalized forecasts of future litigation based solely upon Plaintiff's right to threaten or maintain litigation in the future for infringement of the withdrawn claims, does not establish the existence of a continuing case or controversy." (quotations omitted)).

Nor could Google reasonably argue that this clear-cut line of cases going against Google is somehow not applicable to Rule 60(a) motions like Google's. Google states—still without any on point authority—that Rule 59(e) motions (like in *Alcon Research*) are "stricter" than motions brought under Rule 60(a). Mot. at 4 n.2. But Rule 59(e) is only "stricter" with respect to the time to file, which is within "28 days after the entry of the judgment." *See* Fed. R. Civ. Pro. 59(e). This

Court "ENTER[ED] JUDGMENT" on "this 12th day of November, 2020," 47 days before Google's December 29, 2020 motion. The only "strictness" Google appears to avoid with its Rule 60(a) motion is the untimeliness of an alternative Rule 59(e) motion—which would also be meritless. *See supra.*

With respect to **substance**, Rule "60(a) [is] a limited tool meant only to correct mindless and mechanistic mistakes." *United States v. Ramirez-Gonzalez*, 840 F.3d 240, 247 (5th Cir. 2016) (quotations omitted). Issues addressable by Rule 60(a) include, for example, "errors made in transcribing or recording the judgment," but "errors that affect substantial rights of the parties are outside the scope of Rule 60(a)." *Warner v. City of Bay St. Louis*, 526 F.2d 1211, 1212 (5th Cir. 1976). The question under Rule 60(a) is "whether granting the motion would require the district court either to adjudicate an issue it has not previously reached or to make a substantive modification to a prior adjudication." *Rivera v. PNS Stores, Inc*., 647 F.3d 188, 199 (5th Cir. 2011). Only where "the record makes it clear that an issue was actually litigated and decided but was incorrectly recorded in or inadvertently omitted from the judgment" can a court "correct the judgment under Rule 60(a)." *Ramirez-Gonzalez*, 840 F.3d at 247 (quotations omitted).

Google inexplicably faults PMC for not agreeing to its motion on the grounds that the '560 and '920 infringement claims were not actually adjudicated, but must then admit that relief under Rule 60(a) is only appropriate where the relevant issues "have in fact been adjudicated." *See* Mot. at 4 (quoting *Rivera*, 647 F. 3d at 193). Google cites no case supporting that claims that both parties ceased to litigate before expert discovery even commences "have in fact been adjudicated" such that including them in a post-trial judgment merely "corrects" a "mindless and mechanistic mistake," such as a transcription error this Court did not intend. On the contrary, the Court accurately recorded the jury's verdict on the issues that were presented at trial. *See, e.g.*, *Rivera*,

647 F.3d at 198 ("Whether a mistake is correctable under Rule 60(a) turns on whether the judgment reflects the actual intention of the court[.]"); *Warner*, 526 F.2d at 1212 (rejecting Rule 60(a) motion where "the judgment did state what was intended," even if it "made an error of law"). This Court apparently intended to enter a verdict reflecting that issues that are not "fairly placed in issue, ***during the trial***" are not "litigated and adjudicated" and cannot support a judgment. *Tol-O-Matic*, 945 F. 2d at 1554 (emphasis added); *see Metaswitch*, 2017 WL 3704760, at *17 (Gilstrap, J.) (opining that, under *Alcon Research*, a court should not render judgment on issues that are dropped "before the pre-trial conference" and not presented at trial).

## III.   Google's Request to Dismiss with Prejudice Claims PMC "Could Have Raised" Should be Denied

As set forth in detail above, under bedrock law, only claims ***actually tried to the jury*** may be disposed of in a post-trial judgment. But in addition to its meritless request for a judgment of non-infringement of the '560 and '920 patents, Google also requests judgment with respect to "[a]ll patent claims that PMC raised or could have raised in this action" for the '217, '344, '528, and '241 patents. Mot. at 2. The Court's judgment already reflects the only claims that were litigated and adjudicated in this case; the case was narrowed to those claims "before the pre-trial conference." *Metaswitch*, 2017 WL 3704760, at *17; *compare* Dkt. No. 396 (Google's "Notice of Narrowed Claims"), *with* Dkt. No. 456 (the Court's Final Judgment) (listing the same patent claims). Google provides no authority to support this additional request, which it buries, without argument or support, in its proposed amended judgment. Google's request for judgment regarding all claims PMC "could have" tried should be denied for the same reasons as Google's motion with respect to the '560 and '920 patents.

11

* * * * *

This case is on all fours with the *Alcon Research* line of cases, and the same result is warranted here. The parties have both been well aware for the better part of a year that PMC's former claims with respect to the '560 and '920 patents are no longer part of the case, and litigated the case through trial on that understanding. Likewise, claims PMC "could have" tried (but did not) were not "in fact . . . adjudicated." *Rivera*, 647 F. 3d at 193. There is no evidence this Court's omission of those patents and claims from the judgment was a clerical mistake the Court did not intend. On the contrary, this Court, "consistent with the holdings of other courts, does not penalize such attempts to narrow issues by entering judgment on issues not presented at trial." *Metaswitch*, 2017 WL 3704760, at *17 (citing *VirnetX Inc. v. Apple Inc.*, 925 F. Supp. 2d 816, 849 (E.D. Tex. 2013)). The Court should not "sanction [Google's] litigation by ambush." *Alcon Research II*, 2012 WL 928189, at *9.

## IV.    **Conclusion**

For the reasons set forth above, the Court should deny Google's motion.


Dated:  January 7, 2021                              Respectfully submitted,

                                                                By: *Tamar Lusztig_____*

                                                                Arun Subramanian
                                                                New York State Bar No. 4611869
                                                                Tamar Lusztig
                                                                New York State Bar No. 5125174
                                                                Geng Chen
                                                                New York State Bar No. 5377262
                                                                SUSMAN GODFREY L.L.P.
                                                                1301 Avenue of the Americas, 32nd Fl.
                                                                New York, NY 10019-6023
                                                                Telephone: (212) 336-8330
                                                                asubramanian@susmangodfrey.com
                                                                tlusztig@susmangodfrey.com
                                                                gchen@susmangodfrey.com

Joseph S. Grinstein
Texas State Bar No. 24002188
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 653-7820
Fax: (713) 654-6666
jgrinstein@susmangodfrey.com


Meng Xi
California State Bar No. 280099
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Fax: (310) 789-3150
mxi@susmangodfrey.com

Floyd G. Short
W.A. Bar No. 21632
Rachel S. Black
W.A. Bar No. 32204
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98191
Telephone: (206) 516-3880
Fax: (206) 516-3883
fshort@susmangodfrey.com
rblack@susmangodfrey.com

S. Calvin Capshaw
Texas Bar No. 03783900
Elizabeth L. DeRieux
Texas Bar No. 05770585
CAPSHAW DERIEUX LLP
114 E. Commerce Avenue
Gladewater, TX 75647
Telephone: (903) 845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Dmitry Kheyfits
New York State Bar No. 4743795
KHEYFITS BELENKY LLP
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
Telephone: (212) 203-5399
dkheyfits@kblit.com

Timothy R. DeWitt (*Pro Hac Vice*)
VA Bar No. 40522
24IP LAW GROUP USA, PLLC
424 Fourth Street, Suite C2
Annapolis, MD 21403
Tel.: (410) 212-2539
Fax: (410) 295-5096
tdewitt@24ipusa.com

*Attorneys for Personalized Media
Communications, LLC*

14

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 7, 2021, a copy of the foregoing was served on the parties to this action by electronically filing true and correct copies with the Clerk of the Court using the CM/ECF system which automatically sent notification by e-mail of such filing to counsel of record.

<u><em>s/ Tamar Lusztig</em></u><br>Tamar Lusztig